UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-CIV-61753-BLOOM/Valle

KRISTIAN E. MIERZWICKI,

    Plaintiff,

vs.

CITIGROUP, INC.,

    Defendant.

_____/

**AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, KRISTIAN E. MIERZWICKI, sues Defendant, CITIGROUP, INC. ("CITI") and alleges:

**I. PRELIMINARY STATEMENT**

1. This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief and Damages against Defendant, CITIGROUP, INC. ("CITI"), its agents, servants and employees and those who may have acted in concern with CITI, for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et. seq.* ("FCCPA").

2. Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention with the aforesaid statutes. Furthermore, Plaintiff seeks injunctive relief as well as damages, fees and costs in accordance with the FDCPA, FCCPA, and the TCPA.

3. In 1991, Congress enacted the TCPA "to protect the privacy interest of residential

telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile....machines and automatic dialers." S. Rep. No. 102-178, at 1 *reprinted in* 1991 U.S.C.C.A.N. 1968, 1968, *see* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (current version at 47 U.S.C. §227).

4. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 U.S.C. §227(b)(1)(A).

5. Additionally, 47 U.S.C. §227(c)(5)(A) creates a private right of action in favor of any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection...." Under 47 C.F.R.§64.1200(a):

> No person or entity may:
>
> (1) ... initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice; ...
> (iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

6. The FDCPA and the FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive and unfair collection practices. Unlike the FDCPA, the FCCPA is

-3-

not restricted solely to third party debt collectors.  While the Act does not define the term "person," it mandates that "no person" shall engage in certain practices in collecting consumer claims whether licensed by the division or not.  This court has held that this language includes all allegedly unlawful attempts at collecting consumer claims.  Williams v. Streeps Music Co., 333 So.2d 65, 67 (Fla. 4th DCA 1976).

      7.      The characterization of the FDCPA as a strict liability statute is generally accepted. See, e.g., LeBlanc v. Unifund CCR Partners, 601 F3d 1185, 1190 (11th Cir. 2010).  Pursuant to Florida Statute 559.55(2),(FCCPA), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act.  In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

## II.  JURISDICTION AND VENUE

      8.      Jurisdiction of this Court arises under 28 U.S.C. §1331 and 1337 and 47 U.S.C. §227. Federal courts have jurisdiction over private suits arising under the TCPA.  Mims v. Arrow Financial Services, LLC., 132 S. Ct. 740 (2012).

      9.      Additionally, this court has supplemental jurisdiction over the state claims under 28 U.S.C. 1367.

      10.      Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here and Plaintiff resides here.

-4-

### III.  PARTIES

11.     Plaintiff, KRISTIAN E. MIERZWICKI, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3), Florida Statutes §559.55(2) and a natural "person" as defined by 47 U.S.C. §152(32).

12.     At all times material hereto, Defendant, CITI, was and is a foreign corporation, formed under the laws of the State of Delaware has its principal place of business in New York.

13.     At all time material hereto, CITI has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed or/or terminated telecommunications.  47 U.S.C. §153(16).

14.     At all times material hereto, CITI engaged in "interstate communications" as defined by the TCPA. 47 U.S.C. §153(28).

15.     At all times material hereto, CITI has used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce.  47 U.S.C. §153(59).

16.     At all times material hereto, CITI has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA.  47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

17.     At all times material hereto, Defendant is a "person" as that term is defined under Florida Statute §559.72 and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

-5-

## IV.  FACTUAL ALLEGATIONS AND BACKGROUND

18.     Upon information and belief, Defendant, CITI, by and through its undersigned agents, representatives, and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system placing numerous telephone calls to Plaintiff's cellular telephone.

19.     Upon answering any of these calls, Plaintiff was greeted by either (a) an automated machine-operated voice that immediately began reading a scrimp before automatically disconnecting; (b) an automated, machine-operated voice; or (c) a period of "dead air," hold music, or an automated, machine-operated voice that asked him to "please hold for the next available operator" before a live agent came on the line.

20.     It is apparent that Defendant was using an automatic telephone dialing systems due to the long delay that occurred before Defendant's representative would begin speaking once Plaintiff answered the call from Defendant.

21.     Most, if not all, of these calls originated from 800-388-2200.

22.     CITI's methods of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system.  See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

23.     Defendant made telephone calls to Plaintiff's cellular telephone, each of which was

-6-

made using an automatic telephone dialing system or an artificial or prerecorded voice.

24. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

25. Plaintiff's cellular telephone number is (305) 924-8488.

26. At all times material hereto, Plaintiff's telephone number was registered on the National Do-Not-Call Registered List.

27. Upon information and belief, on February 21, 2014, at approximately 9:09 a.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 1").

28. Upon information and belief, on February 21, 2014 at approximately 8:41 p.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 2").

29. Upon information and belief, on February 22, 2014, at approximately 4:50 p.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 3").

30. Upon information and belief, on February 23, 2014, at approximately 2:41 p.m.

-7-

without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 4").

31. Upon information and belief, on February 24, 2014, at approximately 9:34 a.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 5").

32. Upon information and belief, on February 24, 2014, at approximately 9:47 p.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 6").

33. Upon information and belief, on February 25, 2014, at approximately 8:58 a.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 7").

34. Upon information and belief, on February 26, 2014, at approximately 9:56 a.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 8").

35. Upon information and belief, on February 26, 2014, at approximately 8:35 p.m. without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more

-8-

authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 9").

36. Upon information and belief, on February 26, 2014, at approximately 3:18 p.m. without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 10").

37. Upon information and belief, on February 26, 2014, at approximately 11:40 a.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 11").

38. Upon information and belief, on February 26, 2014, at approximately 11:42 a.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 12").

39. Upon information and belief, on February 27, 2014, at approximately 7:54 p.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 13").

40. Upon information and belief, on February 27, 2014, at approximately 2:06 p.m. without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an

-9-

automatic telephone dialing system ("Call No. 14").

41.    Upon information and belief, on February 27, 2014, at approximately 9:06 a.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 15").

42.    Upon information and belief, on February 27, 2014, at approximately 3:59 p.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 16").

43.    Upon information and belief, on February 28, 2014, at approximately 4:18 p.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 17").

44.    Upon information and belief, on February 28, 2014, at approximately 5:52 p.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 18").

45.    Upon information and belief, on February 28, 2014, at approximately 8:25 p.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 19").

-10-

46.     Upon information and belief, on February 28, 2014, at approximately 9:21 a.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 20").

47.     Upon information and belief, on March 1, 2014, at approximately 5:10 p.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 21").

48.     Upon information and belief, on March 1, 2014, at approximately 7:22 p.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 22").

49.     Upon information and belief, on March 1, 2014, at approximately 7:21 p.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 23").

50.     Upon information and belief, on March 2, 2014, at approximately 5:20 p.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 24").

51.     Upon information and belief, on March 2, 2014, at approximately 5:52 p.m., without

-11-

Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 25").

52. Upon information and belief, on March 2, 2014, at approximately 2:23 p.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 26").

53. Upon information and belief, on March 3, 2014, at approximately 2:47 p.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 27").

54. Upon information and belief, on March 3, 2014, at approximately 9:19 a.m., without Plaintiff's prior express consent, permission or invitation, Defendant, through one or more authorized agent(s), knowingly and/or willfully initiated a phone call to Plaintiff by using an automatic telephone dialing system ("Call No. 28").

55. Based upon information and belief, Plaintiff alleges that there were more calls made from Defendant to Plaintiff, without his prior express consent, permission or invitation using an automatic telephone dialing system.

56. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a prerecorded or artificial voice prior to Defendant's placements of these calls.

-12-

57. Plaintiff was damaged by these illegal calls. His privacy was improperly invaded minutes were used from his cell phone plans and he was forced to spend time tending to unwanted calls.

58. None of the Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

59. Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

60. There is no exception of justification for the numerous violations of the TCPA by CITI.

61. Each call to the cellular phone of Plaintiff is a separate violation and entitles Plaintiff to statutory damages pursuant to 47 U.S.C. §227(b)(3) and 47 U.S.C. §227(c)(5)(B).

62. Defendant called Plaintiff's cellular telephone number without prior express consent. Defendant attempted to collect an alleged consumer debt from Plaintiff, who never authorized the automated placement of calls to his cellular telephone. Plaintiff did not furnish his cellular telephone number to Defendant or the putative creditor.

63. Furthermore, Defendant called Plaintiff's cellular telephone number after Plaintiff's telephone number was listed on the National Registered Do-Not-Call List.

64. CITI willfully and knowingly violated the TCPA and the regulations promulgated thereunder to the extent that the Court may, in its discretion, increase the amount of statutory damages to One Thousand Five Hundred ($1,500.00) per call pursuant to 47 U.S.C. §227(b)(3) and

-13-

47 U.S.C. §227(c)(5)(B).

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION: PLAINTIFF'S CLAIM
### (Violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii))

65. Plaintiff realleges and reaffirms the allegations contained in Paragraphs 1 through 64 above as if set forth hereat in full.

66. Defendant placed many non-emergency calls, including but not limited to the calls referenced in Paragraphs 27-55, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C. §227(b)(1)(A)(iii).

67. Each call to the cellular telephone of Plaintiff is a separate violation and entitles Plaintiff to statutory damages against Defendant pursuant to 47 U.S.C. §227(b)(3).

68. Under 47 U.S.C. §227(b)(3)(B), a person whose rights under this statutory subsection have been violated is entitled to "actual monetary loss from such a violation, or to receive $500.00 in damages for each such violated, whichever is greater," and if the violation is willful or knowing, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times" that amount. 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, KRISTIAN E. MIERZWICKI, requests that ths Court enter judgment in favor of Plaintiff and against Defendant, CITIGROUP, INC. for:

a. $500 dollars in statutory damages for each violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(3)(B) over the last four (4) years;

b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA, 47 U.S.C. §227(b)(3)(C), over the last four (4) years;

-14-

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

    d.    litigations expenses and costs of the instant suit; and

    e.    such other or further relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION: PLAINTIFF'S CLAIM**
**(Violation of the TCPA- 47 U.S.C. §227(c)(5)(A))**

69. Plaintiff realleges and reaffirms the allegations contained in Paragraphs 1 through 64 above as if set forth hereat in full.

70. Defendant placed many non-emergency calls, including but not limited to the calls referenced in Paragraphs 27-55, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation when Plaintiff's cellular telephone number was already on the National Do-Not-Call Registry.

71. In initiating these calls to Plaintiff's cellular telephone number, and failing to honor Plaintiff's Do-Not-Call request, Defendant violated 47 C.F.R. §64.1200(a) and thereby 47 U.S.C. §227(c)(5)(A).

72. 47 U.S.C. §227(c)(5)(A) creates a private right of action in favor of any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection...."

73. Each call to the cellular telephone of Plaintiff is a separate violation and entitles Plaintiff to statutory damages against Defendant pursuant to 47 U.S.C. §227(c)(5)(A).

74. 47 U.S.C. §227(c)(5)(B) permits a person whose rights have been violated to bring

-15-

"an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater."

75.     Similar to §227(b)(1)(B), "if the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. §227(c)(5).

WHEREFORE, Plaintiff, KRISTIAN E. MIERZWICKI, requests that ths Court enter judgment in favor of Plaintiff and against Defendant, CITIGROUP, INC. for:

   a.   $500 dollars in statutory damages for each violation of the TCPA, 47 U.S.C. §227(c)(5)(B);

   b.   $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA, 47 U.S.C. §227(c)(5);

   c.   a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

   d.   litigations expenses and costs of the instant suit; and

   e.   such other or further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION: PLAINTIFF'S CLAIM
### (Violation of FDCPA, 15 U.S.C. §1692 *et. seq*)

76.     Plaintiff realleges and reaffirms the allegations contained in Paragraphs 1 through 64 above as if set forth hereat in full.

77.     At all times material hereto, Plaintiff was a "consumer" as said term is defined in 15

-16-

U.S.C. §1692a(3).

78. At all times material hereto, Defendant tried to collect a "debt" from Plaintiff as said term is defined in 15 U.S.C. §1692a(5).

79. At all times material hereto, CITI was a "debt collector" as said term is defined in 15 U.S.C. §1692a(6).

80. CITI was engaged in the use of an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection or attempted collection of consumer debts owed or due or asserted to be owed.

81. CITI, though knowing full well, that they were unable to collect the alleged debt against the Plaintiff, continued its efforts of collection in clear violation of 15 U.S.C. §1692 *et. seq*.

82. Additionally, under 15 U.S.C. §1692c(a): Communication with the consumer generally –

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt— (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

83. Defendant is in violation of 15 U.S.C. §1692c(a) for calling Plaintiff's cellular telephone number after 9:00 pm.

84. Additionally, Defendant violated the TCPA by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an

artificial or prerecorded voice. These actions further violated the Plaintiff's rights under the FDCPA pursuant to 15 U.S.C. §1692d and 15 U.S.C. §1692d(5). See <u>Clark v. Weltman, Weinberg & Reis, Co., L.P.A.</u>, 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010)(holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

85. The foregoing acts and omissions by the Defendant constitute violations under the FDCPA, including but not limited to 15 U.S.C. §1692c(a)(1);  15 U.S.C. §1692d; 15 U.S.C. §1692d(5); 15 U.S.C. §1692e; 15 U.S.C. §1692e(2); 15 U.S.C. §1692e(5); and 15 U.S.C. §1692f amongst others.

86. As a result of each and every violation of Defendant violations of the FDCPA, Plaintiff is therefore entitled to actual damages and statutory damages pursuant to 15 U.S.C. §1692k.

87. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, KRISTIAN E. MIERZWICKI, requests that ths Court enter judgment in favor of Plaintiff and against Defendant, CITIGROUP, INC. for**:**

    a.    actual damages;

    b.    statutory damages of $1,000.00;

    c.    attorney's fees, litigation expenses, and costs of the instant suit; and

    d.    such other and further relief of the Court deems just and proper.

-18-

## FOURTH CAUSE OF ACTION: PLAINTIFF'S CLAIM
### (Violation of Florida Statute §§ 559.55 - 559.785, *et. seq*)

88.     Plaintiff realleges and reaffirms the allegations contained in Paragraphs 1 through 64 above as if set forth hereat in full.

89.     At all times material hereto,, Defendant tried to collect a "debt" or "consumer debt" from Plaintiff as said term is defined under Florida Statute §559.55(1).

90.     At all times material hereto, Plaintiff was an alleged "debtor" or "consumer debtor" as defined under Florida Statute §559.55(2).

91.     As more particularly described above, Defendant has violated the Florida Consumer Collection Practices Act ("FCCPA") in that it has asserted the existence of a legal right when it knew that the right did not exist in contravention of Florida Statute §559.72(9), to wit: the right to collect a debt against the wrong individual.

92.     As a direct and proximate result of the violation of the FCCPA by Defendant, the Plaintiff is entitled to recover actual damages together with statutory damages pursuant to Florida Statute §559.77(2).

93.     Pursuant to Florida Statute §559.77, the Court is empowered to enjoin Defendant from further violation of the Act and to direct such other and further equitable relief as my be necessary and proper.

94.     Plaintiff has sustained an ascertainable loss as a result of the Defendant's acts.

95.     Pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recover reasonable attorney's fees and costs for the filing of the instant action.

96.     Pursuant to Florida law, Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. §559.72(7), which states that it is a violation to "willfully communication with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

WHEREFORE, Plaintiff, KRISTIAN E. MIERZWICKI, requests that ths Court enter judgment in favor of Plaintiff and against Defendant, CITIGROUP, INC. for**:**

a.      actual damages;

b.      statutory damages of $1,000.00;

c.      a permanent injunction prohibiting Defendant calling Plaintiff regarding the alleged debt;

c.      attorney's fees, litigation expenses, and costs of the instant suit; and

d.      such other and further relief of the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, Kristian E. Mierzwicki, pursuant to Rule 28(b), Federal Rules of Civil Procedure, demands a jury trial of all issues so triable

Dated: January 29, 2015

By: */s/ Adam S. Baron*
ADAM S. BARON, ESQ.
Florida Bar Number: 048071
3696 N. Federal Highway
Suite 201
Fort Lauderdale, FL 33308
Telephone: 954-390-0876
Facsimile: 954-390-6304
Email: abaron@pblmklaw.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF on January 29, 2015. I also certify that the foregoing document is being served this day on all counsel of records identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

**Pyszka, Blackmon, Levy, Kelley, Rajo & Baron**
Attorney for Plaintiff
3696 North Federal Highway
Suite 201
Fort Lauderdale, FL 33308
Telephone: 954-390-0876
Facsimile: 954-390-6304
E-Mail: abaron@pblmklaw.com

BY: */s/ Adam S. Baron*
Adam S. Baron, Esquire
Florida Bar No.: 480071