UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-61753-BLOOM/Valle

KRISTIAN E. MIERZWICKI,

    Plaintiff,

v.

CITIGROUP, INC.,

    Defendant.

_____/

## ORDER

    This matter came before the Court upon a *sua sponte* review of the record. On December 3, 2014, the Court filed its Scheduling Order ordering the parties to select a mediator pursuant to Local Rule 16.2, schedule *a time, date and place* for mediation, and jointly file a proposed order scheduling mediation on or before January 5, 2015. ECF No. [21] (emphasis added). *See* ECF No. [12]. Despite this clear instruction, on January 5, 2015, the parties filed a Notice of Selection of Mediator, ECF No. [25], which failed to schedule mediation in accord with the Court's December 3rd Order. Recognizing this noncompliance, the Court ordered the parties to file a compliant notice on or before January 8, 2015. *See* ECF No. [26]. After waiting an additional seventeen (17) days in the hope that the parties would comply with the Court's two prior orders, the Court, yet again, directed the parties to comply with the Court's requests and schedule a time, date, and place for mediation. *See* ECF No. [28]. As it had done so before, the Court stressed—in bold and italics no less—that "[f]ailure to comply will result in immediate dismissal without prejudice without further notice." *See id.* Despite these repeated instructions,

neither party has responded to the Court's Orders, and to date, the parties have failed to satisfy the Court's repeated requests.[1]

It is therefore **ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court orders. The Clerk is directed to **CLOSE** this case and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 2nd day of February, 2015.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

---

[1] Plaintiff filed an Amended Complaint on January 29, 2015, ECF No. [30]. However, this filing does not obviate the need to comply with outstanding Court requests.