IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-CIV-61753-BLOOM/Valle

KRISTIAN E. MIERZWICKI,

     Plaintiff,

vs.

CITIGROUP, INC., UNITED COLLECTION
BUREAU, INC., an Ohio corporation, UNITED
RECOVERY SYSTEMS, LP, a Texas Limited
Partnership, MIDLAND CREDIT MANAGEMENT,
INC., a California corporation, and JOHN DOE
NUMBERS 1-10,

     Defendants.

_____/

**PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF**

     Plaintiff, KRISTIAN E. MIERZWICKI, by and through his undersigned counsel, hereby sues the above-named Defendants, and states:

**I. PRELIMINARY STATEMENT**

     This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief and Damages against CITIGROUP, INC. ("CITI"), and the additional above-named Defendants, whom Plaintiff believes to be either CITI's agents, servants, and/or contractors, and who may have acted either in concert with CITI, or with CITI's full knowledge, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). Plaintiff alleges that Defendants have unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from

Plaintiff in direct contravention with the aforesaid statutes. Furthermore, Plaintiff seeks injunctive relief as well as damages, attorney's fees and costs in accordance with the FDCPA, FCCPA, and the TCPA.

## II. JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, and 47 U.S.C. § 227.[1]

2.     Additionally, this court has supplemental jurisdiction over the Plaintiff's FCCPA state claims pursuant to 28 U.S.C. § 1367.

3.     Venue in this District is proper in that each of the Defendants, by virtue of the calls, has transacted business within this District, because the conduct complained of occurred here, and because the Plaintiff resides here.

## III. PARTIES

4.     Plaintiff, KRISTIAN E. MIERZWICKI, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), Florida Statutes § 559.55(2) and a natural "person" as defined by 47 U.S.C. § 152(32).

5.     At all times material hereto, CITI was and is a foreign corporation, formed under the laws of the State of Delaware with its principal place of business in New York.

6.     At all times material hereto, CITI has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed or/or terminated telecommunications. 47 U.S.C. § 153(16).

---

[1] Federal courts have jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740 (2012).

7.      At all times material hereto, CITI engaged in "interstate communications" as defined by the TCPA. 47 U.S.C. § 153(28).

8.      At all times material hereto, CITI has used, controlled, and/or operated "wire communications," as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce. 47 U.S.C. § 153(59).

9.      At all times material hereto, CITI has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

10.     At all times material hereto, CITI is a "person" as that term is defined under Florida Statute § 559.72 and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

11.     On information and belief and at all times material hereto, Defendant United Collection Bureau, Inc. ("UCB"), was and is a foreign corporation, formed under the laws of the State of Ohio, and on information and belief, has its principal place of business in Ohio.

12.     On information and belief and at all times material hereto, UCB was acting on behalf of CITI as its agent under the actual, apparent, or implied authority of CITI.

13.     On information and belief and at all times material hereto, UCB has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed or/or terminated telecommunications. 47 U.S.C. § 153(16).

14.     On information and belief and at all times material hereto, UCB engaged in "interstate communications" as defined by the TCPA. 47 U.S.C. § 153(28).

15.     On information and belief and at all times material hereto, UCB has used, controlled, and/or operated "wire communications," as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce. 47 U.S.C. § 153(59).

16.     On information and belief and at all times material hereto, UCB has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

17.     On information and belief and at all times material hereto, Defendant United Recovery Systems, LP ("URS"), was and is a foreign corporation, formed under the laws of the State of Texas, and on information and belief, has its principal place of business in Texas.

18.     On information and belief and at all times material hereto, URS was acting on behalf of CITI as its agent under the actual, apparent, or implied authority of CITI.

19.     On information and belief and at all times material hereto, URS has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed or/or terminated telecommunications. 47 U.S.C. § 153(16).

20.     On information and belief and at all times material hereto, URS engaged in "interstate communications" as defined by the TCPA. 47 U.S.C. § 153(28).

21.     On information and belief and at all times material hereto, URS has used, controlled, and/or operated "wire communications," as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce. 47 U.S.C. § 153(59).

22.     On information and belief and at all times material hereto, URS has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

23.     On information and belief and at all times material hereto, Defendant Midland Recovery Management, Inc. ("MIDLAND"), was and is a foreign corporation, formed under the laws of the State of California, and on information and belief, has its principal place of business in California.

24.     On information and belief and at all times material hereto, MIDLAND was acting on behalf of CITI as its agent under the actual, apparent, or implied authority of CITI.

25.     On information and belief, and at all times material hereto, MIDLAND has owned, operated, and or controlled "customer premises equipment," as defined by the TCPA, that originated, routed or/or terminated telecommunications. 47 U.S.C. § 153(16).

26.     On information and belief and at all times material hereto, MIDLAND engaged in "interstate communications" as defined by the TCPA. 47 U.S.C. § 153(28).

27.     On information and belief and at all times material hereto, MIDLAND has used, controlled, and/or operated "wire communications," as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce. 47 U.S.C. §153(59).

28.     On information and belief and at all times material hereto, MIDLAND has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

29.     On information and belief and at all times material hereto, Defendants John Does Numbers 1-10 (the "DOE DEFENDANTS"), were companies whose names and locations are unknown to Plaintiff at this time.

30.     On information and belief and at all times material hereto, the DOE DEFENDANTS were acting on behalf of CITI as its agent under the actual, apparent, or implied authority of CITI.

31.    On information and belief and at all times material hereto, the DOE DEFENDANTS have owned, operated, and or controlled "customer premises equipment," as defined by the TCPA, that originated, routed or/and terminated telecommunications. 47 U.S.C. § 153(16).

32.    On information and belief and at all times material hereto, the DOE DEFENDANTS engaged in "interstate communications" as defined by the TCPA. 47 U.S.C. § 153(28).

33.    On information and belief and at all times material hereto, the DOE DEFENDANTS have used, controlled, and/or operated "wire communications," as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce. 47 U.S.C. § 153(59).

34.    On information and belief and at all times material hereto, the DOE DEFENDANTS have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

35.    On information and belief and at all times material hereto, the DOE DEFENDANTS have shielded their identities and locations by use of caller identification blocking devices, thereby obscuring their true identities.

## V. FACTUAL ALLEGATIONS AND BACKGROUND

36.    In 1991, Congress enacted the TCPA "to protect the privacy interest of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile … machines and automatic dialers." S. Rep. No. 102-178, at 1 *reprinted in* 1991 U.S.C.C.A.N. 1968, *See*

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (current version at 47 U.S.C. § 227).

37.    The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

38.    Additionally, 47 U.S.C. § 227(c)(5)(A) creates a private right of action in favor of any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection …".

39.    Under 47 C.F.R. § 64.1200(a):

No person or entity may:

(1) … initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice;

…

(iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

40.    The FDCPA and the FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive and unfair collection practices.  Unlike the FDCPA, the FCCPA is not restricted solely to third party debt collectors.  While the Act does not define the term "person," it mandates that "no person" shall engage in certain practices in collecting consumer claims whether licensed by the division or not.  Florida courts have held that this

language includes all allegedly unlawful attempts at collecting consumer claims. *Williams v.*
*Streeps Music Co.,* 333 So. 2d 65, 67 (Fla. 4th DCA 1976).

41.     The characterization of the FDCPA as a strict liability statute is generally
accepted. *See*, *e.g.*, *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1190 (11th Cir. 2010).

42.     Pursuant to Florida Statute § 559.552 of the FCCPA:

> Nothing in this part shall be construed to limit or restrict the
> applicability of the Fair Debt Collection Practices Act to consumer
> collection practices in this state.  This part is in addition to the
> requirements and regulations of the federal act.  In the event of any
> inconsistency between any provision of this part and any provision
> of the federal act, the provision which is more protective of the
> consumer shall prevail.

43.     Upon information and belief CITI, by and through the additionally named
Defendants who were actual or apparent agents, representatives, and/or employees of CITI, and
who were acting within the scope of their authority, attempted to collect a debt from Plaintiff by
using an automatic telephone dialing system placing numerous telephone calls to Plaintiff's
cellular telephone.

44.     Upon answering any of these calls, Plaintiff was greeted by either: (a) an
automated machine-operated voice that immediately began reading a script before automatically
disconnecting; (b) an automated, machine-operated voice; or (c) a period of "dead air," hold
music, or an automated, machine-operated voice that asked him to "please hold for the next
available operator" before a live agent came on the line.

45.     It is apparent that each of the Defendants were using automatic telephone dialing
systems due to the long delays that occurred before any representative of the Defendants would
begin speaking once Plaintiff answered the call from the particular Defendant.

The calls:

46.     At no time whatsoever, was the Plaintiff a customer of CITI.

47.     CITI is, therefore, not a first party creditor to Plaintiff.

The 800-388-2200 calls.

48.     During the relevant time period, Plaintiff received repeated calls originating from telephone number 800-388-2200.

49.     For most calls, there was a delay after answering until a person came on the line.

50.     During at least one of the calls, the caller identified that it was an "attempt to collect a debt" on behalf of CITI.

51.     Each of the 800-388-2200 calls was made to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice.

52.     CITI's methods of contacting Plaintiff via the 800-388-2200 number is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system.[2]

53.     Defendant CITI made the afore-mentioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or pre-recorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA and, consequently, these violations were willful and knowing.

---

[2] *See*, *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14091-92 (2003).

54.     Plaintiff's cellular telephone number is (305) xxx-xxxx and, at all times material hereto, Plaintiff's cellular telephone number was registered on the National Do-Not-Call Registered List.

55.     Upon information and belief, the following is a partial list of the calls made by CITI from the 800-388-2200 number to Plaintiff's cellular phone in an attempt to collect a debt not owed by Plaintiff:[3]

| PHONE NUMBER | DATE OF CALL | TIME OF CALL |
|---|---|---|
| 800-388-2200 | 2/21/14 | 9:09 AM |
| 800-388-2200 | 2/21/14 | 8:41 PM |
| 800-388-2200 | 2/22/14 | 4:50 PM |
| 800-388-2200 | 2/23/14 | 2:41 PM |
| 800-388-2200 | 2/24/14 | 9:34 AM |
| 800-388-2200 | 2/24/14 | 9:47 PM |
| 800-388-2200 | 2/25/14 | 8:58 AM |
| 800-388-2200 | 2/26/14 | 9:56 AM |
| 800-388-2200 | 2/26/14 | 11:40 AM |
| 800-388-2200 | 2/26/14 | 11:42 AM |
| 800-388-2200 | 2/26/14 | 3:18 PM |
| 800-388-2200 | 2/26/14 | 8:35 PM |
| 800-388-2200 | 2/27/14 | 9:06 AM |
| 800-388-2200 | 2/27/14 | 2:06 PM |
| 800-388-2200 | 2/27/14 | 3:59 PM |
| 800-388-2200 | 2/27/14 | 7:54 PM |

56.     On information and belief, the 800-388-2200 calls were placed on behalf of CITI by a third-party at CITI's direction.

---

[3] Plaintiff has requested all phone records for his cellular account to identify all calls received, and this chart is simply a sampling of the calls received from this number.  On information and belief there are somewhere between 30 and 50 such calls from 800-388-2200.

The UCB calls.

57.     During the relevant time period, Plaintiff received repeated calls originating from telephone number 954-236-6083.[4]

58.     For most calls, there was a delay after answering until a person came on the line.

59.     During at least one of the calls, the caller identified that the caller was UCB calling on behalf of CITI in an "attempt to collect a debt" owed to CITI.

60.     Each of the 954-236-6083 calls was made to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice.

61.     UCB's methods of contacting Plaintiff via the 954-236-6083 number is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system.[5]

62.     Defendant UCB made the afore-mentioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or pre-recorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA and, consequently, these violations were willful and knowing.

63.     At all times material hereto, Plaintiff's cellular telephone number was registered on the National Do-Not-Call Registered List.

---

[4] The UCB calls originated from this number as well as 954-236-6069 and 954-236-6074.  For ease of understanding, the chart only refers to the calls initiated from the 954-236-6083 number. Again, the chart is just a sampling of the calls received from UCB.

[5] *See*, Footnote 2, *supra*.

64.     Upon information and belief, the following is a partial list of the calls made by UCB on behalf of CITI from the 954-236-6083 number to Plaintiff's cellular phone in an attempt to collect a debt not owed by Plaintiff:[6]

| PHONE NUMBER | DATE OF CALL | TIME OF CALL |
|---|---|---|
| 954-236-6083 | 4/7/14 | 2:23 PM |
| 954-236-6083 | 4/14/14 | 10:02 AM |
| 954-236-6083 | 5/20/14 | 5:04 PM |
| 954-236-6083 | 5/21/14 | 12:24 PM |
| 954-236-6083 | 5/22/14 | 4:23 PM |
| 954-236-6083 | 5/28/14 | 2:38 PM |
| 954-236-6083 | 6/6/14 | 2:34 PM |
| 954-236-6083 | 6/18/14 | 1:21 PM |
| 954-236-6083 | 6/25/14 | 6:43 PM |
| 954-236-6083 | 6/26/14 | 1:34 PM |
| 954-236-6083 | 6/27/14 | 9:04 AM |
| 954-236-6083 | 7/1/14 | 7:09 PM |
| 954-236-6083 | 7/15/14 | 8:33 PM |
| 954-236-6083 | 7/16/14 | 8:11 PM |
| 954-236-6083 | 7/21/14 | 5:49 PM |
| 954-236-6083 | 7/24/14 | 9:41 AM |

The URS calls.

65.     During the relevant time period, Plaintiff received repeated calls originating from telephone number 855-253-4242.[7]

66.     For most calls, there was a delay after answering until a person came on the line.

67.     During at least one of the calls, the caller identified that the caller was URS calling on behalf of CITI in an "attempt to collect a debt" owed to CITI.

---

[6] Plaintiff has requested all phone records for his cellular account to identify all calls received, and this chart is simply a sampling of the calls received from this number.  On information and belief there are somewhere between 30 and 50 such calls from 954-236-6083.

[7] The URS calls originated from this number as well as, on information and belief, 855-344-0244 and 855-213-3226.  For ease of understanding, the chart only refers to the calls initiated from the 855-253-4242 number.  Again, the chart is just a sampling of the calls received from URS.

68.     Each of the 855-253-4242 calls was made to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice.

69.     URS's methods of contacting Plaintiff via the 855-253-4242 number is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system.[8]

70.     Defendant URS made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or pre-recorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA and, consequently, these violations were willful and knowing.

71.     At all times material hereto, Plaintiff's cellular telephone number was registered on the National Do-Not-Call Registered List.

72.     Upon information and belief, the following is a partial list of the calls made by URS on behalf of CITI from the 855-253-4242 number to Plaintiff's cellular phone in an attempt to collect a debt not owed by Plaintiff:[9]

| PHONE NUMBER | DATE OF CALL | TIME OF CALL |
|---|---|---|
| 855-253-4242 | 6/27/14 | 9:42 AM |
| 855-253-4242 | 7/11/14 | 4:35 PM |
| 855-253-4242 | 7/17/14 | 12:15 PM |
| 855-253-4242 | 7/18/14 | 11:27 AM |
| 855-253-4242 | 7/19/14 | 10:00 AM |
| 855-253-4242 | 7/21/14 | 7:38 PM |
| 855-253-4242 | 7/24/14 | 8:16 AM |
| 855-253-4242 | 7/24/14 | 3:38 PM |

---

[8] *See,* Footnote 2, *supra*.

[9] Plaintiff has requested all phone records for his cellular account to identify all calls received, and this chart is simply a sampling of the calls received from this number.  On information and belief, there are many additional calls which trace back to URS.

The MIDLAND calls.

73.     During the relevant time period, Plaintiff received repeated calls originating from telephone number 877-237-0512.[10]

74.     On information and belief, these calls originated from MIDLAND, as Plaintiff returned one call to inquire about the repeated calls with no messages left.

75.     During at least one of the calls, the caller identified that the caller was MIDLAND trying to reach another person in an "attempt to collect a debt" owed to CITI.[11]

76.     Plaintiff informed MIDLAND that he was on the National Do-Not-Call Registered List, and instructed them to stop calling.

77.     On information and belief, each of 877-237-0512 calls was made to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice.

78.     MIDLAND's method of contacting Plaintiff via the 877-237-0512 number is indicative of its ability to dial numbers without any human intervention in the calling process.

79.     Defendant MIDLAND made the afore-mentioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or pre-recorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA and, consequently, these violations were willful and knowing.

---

[10] Plaintiff has requested all phone records for his cellular account to identify all calls received, and this chart is simply a sampling of the calls received from this number.  On information and belief there are approximately 80 calls from MIDLAND.

[11] The Plaintiff's number appears to be listed by CITI as the proper number to reach three or more of CITI's customers.  The Midland representative would not reveal if he was attempting to collect a debt on behalf of CITI, however, he stated that he was looking for one of the three or more CITI customers related to the calls from CITI, UBS and URS.

80.    At all times material hereto, Plaintiff's cellular telephone number was registered on the National Do-Not-Call Registered List.

81.    Upon information and belief, the following is a partial list of the calls made by MIDLAND on behalf of CITI from the 877-237-0512 number to Plaintiff's cellular phone in an attempt to collect a debt not owed by Plaintiff:

| PHONE NUMBER | DATE OF CALL | TIME OF CALL |
|---|---|---|
| 877-237-0512 | 1/26/14 | 2:23 PM |
| 877-237-0512 | 1/27/14 | 2:24 PM |
| 877-237-0512 | 1/27/14 | 7:14 PM |
| 877-237-0512 | 1/28/14 | 5:47 PM |
| 877-237-0512 | 1/29/14 | 4:44 PM |
| 877-237-0512 | 1/29/14 | 8:40 PM |
| 877-237-0512 | 1/30/14 | 6:01 PM |
| 877-237-0512 | 1/31/14 | 2:29 PM |

The John Doe calls.

82.    During the relevant time period, Plaintiff received repeated calls originating from the following telephone numbers: 855-883-5652;[12] 000-000-0000; 202-864-1726; and 202-602-0420.

83.    On information and belief, each of the John Doe calls was made to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice.

---

[12] Plaintiff has not yet been able to identify the callers from these numbers.  The first number, 855-883-5652, appears to be from a company entitled MCG Financial Services, which also appears to operate under numerous pseudonyms.  While this entity indicated that it was pursuing an account on behalf of CITI, Plaintiff requires discovery in order to determine the proper party to name and, accordingly, adds this entity as a John Doe Defendant.  The remaining numbers were blocked and unidentifiable.

84.     At all times material hereto, Plaintiff's cellular telephone number was registered on the National Do-Not-Call Registered List.

85.     Plaintiff did not expressly consent to Defendants' placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendants' placements of these calls.

86.     Plaintiff was damaged by these illegal calls.  His privacy was improperly invaded; minutes were used from his cell phone plans; and he was forced to spend time tending to unwanted calls.

87.     None of the Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

88.     Upon information and belief, Defendants knew their collection techniques were in violation of the TCPA, yet still continued to use them; therefore, willfully or knowingly violating the TCPA.

89.     There is no exception or justification for the numerous violations of the TCPA by CITI itself or via the additional Defendants who were CITI's agents, whether actual or implied.

90.     Each call to the cellular phone of Plaintiff is a separate violation and entitles Plaintiff to statutory damages pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5)(B).

91.     Defendants called Plaintiff's cellular telephone number without prior, express consent.  Defendants attempted to collect an alleged consumer debt from Plaintiff, who: (1) never owed the debt attempting to be collected; and (2) never authorized the automated placement of calls to his cellular telephone.  Plaintiff did not furnish his cellular telephone number to any of the Defendants.

92.     Furthermore, Defendants called Plaintiff's cellular telephone number after Plaintiff's telephone number was listed on the National Do-Not-Call Registered List.

93.     CITI and the other Defendants willfully and knowingly violated the TCPA and the regulations promulgated thereunder to the extent that the Court may, in its discretion, increase the amount of statutory damages to One Thousand Five Hundred Dollars and No Cents ($1,500.00) per call pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5)(B).

## <u>COUNT I</u>
### (Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) – as Against all Defendants)

94.     Plaintiff re-alleges and reaffirms the allegations contained in Paragraphs 1 through 93 above as if fully set forth herein.

95.     Defendants placed many non-emergency calls including, but not limited to, the calls referenced in Paragraphs 55, 64, 72 and 81, to Plaintiff's cellular telephone using automatic telephone dialing systems in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

96.     Each call to the cellular telephone of Plaintiff is a separate violation and entitles Plaintiff to statutory damages against each Defendant pursuant to 47 U.S.C. § 227(b)(3).

97.     Under 47 U.S.C. § 227(b)(3)(B), a person whose rights under this statutory subsection have been violated is entitled to "actual monetary loss from such a violation, or to receive $500.00 in damages for each such violation, whichever is greater," and if the violation is willful or knowing, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times" that amount. 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KRISTIAN E. MIERZWICKI, requests that this Court enter judgment in favor of Plaintiff and against each of the Defendants for:

a.      $500 in statutory damages for each violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(3)(B) over the last four (4) years;

b.      $1,500 in statutory damages for each knowing or willful violation of the TCPA, 47 U.S.C. § 227(b)(3)(C), over the last four (4) years;

c.      a permanent injunction prohibiting each Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or pre-recorded voice;

d.      the attorney's fees, expenses, and other costs of the instant suit; and

e.      such further relief as this Court deems just and proper.

## COUNT II
### (Violation of the TCPA, 47 U.S.C. § 227(c)(5)(A) – as Against all Defendants)

98.      Plaintiff re-alleges and reaffirms the allegations contained in Paragraphs 1 through 93 above as if fully set forth herein.

99.      Defendants placed many non-emergency calls including, but not limited to, the calls referenced in Paragraphs 55, 64, 72 and 81, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation when Plaintiff's cellular telephone number was already on the National Do-Not-Call Registry.

100.      In initiating these calls to Plaintiff's cellular telephone number and failing to honor Plaintiff's Do-Not-Call request, Defendants violated 47 C.F.R. § 64.1200(a) and, thereby, 47 U.S.C. § 227(c)(5)(A).

101.      47 U.S.C. § 227(c)(5)(A) creates a private right of action in favor of any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection …".

102.    Each call to the cellular telephone of Plaintiff is a separate violation and entitles Plaintiff to statutory damages against Defendants pursuant to 47 U.S.C. § 227(c)(5)(A).

103.    47 U.S.C. § 227(c)(5)(B) permits a person whose rights have been violated to bring "an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater."

104.    Similar to § 227(b)(3), "if the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(c)(5).

WHEREFORE, Plaintiff, KRISTIAN E. MIERZWICKI, requests that this Court enter judgment in favor of Plaintiff and against each of the Defendants for:

a.    $500 in statutory damages for each violation of the TCPA, 47 U.S.C. § 227(c)(5)(B);

b.    $1,500 in statutory damages for each knowing or willful violation of the TCPA, 47 U.S.C. § 227(c)(5);

c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or pre-recorded voice;

d.    the attorney's fees, expenses, and other costs of the instant suit; and

e.    such further relief as this Court deems just and proper.

## COUNT III
### (Violation of FDCPA, 15 U.S.C. §1692 *et seq.* – as Against all Defendants)

105.   Plaintiff re-alleges and reaffirms the allegations contained in Paragraphs 1 through 104 above as if fully set forth herein.

106.   At all times material hereto, Plaintiff was a "consumer" as said term is defined in 15 U.S.C. § 1692a(3).

107.   At all times material hereto, each Defendant tried to collect a "debt" from Plaintiff as said term is defined in 15 U.S.C. § 1692a(5).

108.   At all times material hereto, each Defendant was a "debt collector" as said term is defined in 15 U.S.C. § 1692a(6).

109.   Each Defendant was engaged in the use of an instrumentality of interstate commerce or the mails in a business, the principal purpose of which was the collection or attempted collection of consumer debts owed or due or asserted to be owed.

110.   Each Defendant, though knowing full well that they were unable to collect the alleged debt against the Plaintiff, continued its efforts of collection in clear violation of 15 U.S.C. § 1692 *et seq.*

111.   Additionally, under 15 U.S.C. § 1692c(a): Communication with the consumer generally –

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt – (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

112.     Defendants are in violation of 15 U.S.C. § 1692c(a) for calling Plaintiff's cellular telephone number after 9:00 pm.

113.     Additionally, Defendants violated the TCPA by placing telephone calls to Plaintiff's cellular telephone which were initiated by an automatic telephone dialing system or made using an artificial or pre-recorded voice.  These actions further violated the Plaintiff's rights under the FDCPA pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5).[13]

114.     The foregoing acts and omissions by the Defendants constitute violations under the FDCPA including, but not limited to, 15 U.S.C. § 1692c(a)(1); 15 U.S.C. § 1692d; 15 U.S.C. § 1692d(5);  15 U.S.C. § 1692e;  15 U.S.C. § 1692e(2);  15 U.S.C. § 1692e(5);  and 15 U.S.C. § 1692f, amongst others.

115.     As a result of each and every one of Defendants' violations of the FDCPA, Plaintiff is therefore entitled to actual damages and statutory damages pursuant to 15 U.S.C. § 1692k.

116.     Plaintiff is entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff, KRISTIAN E. MIERZWICKI, requests that this Court enter judgment in favor of Plaintiff and against each of the Defendants for**:**

a.     actual damages;

b.     statutory damages of $1,000.00;

c.     attorney's fees, litigation expenses, and costs of the instant suit; and

---

[13] *See*, *Clark v. Weltman, Weinberg & Reis, Co., L.P.A.*, 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

d.      such other and further relief of the Court deems just and proper.

## COUNT IV
### (Violation of Florida Statute §§ 559.55 - 559.785, *et seq.* – as Against all Defendants)

117.    Plaintiff re-alleges and reaffirms the allegations contained in Paragraphs 1 through 104 above as if fully set forth herein.

118.    At all times material hereto, each of the Defendants tried to collect a "debt" or "consumer debt" from Plaintiff as said term is defined under Florida Statute § 559.55(1).

119.    At all times material hereto, Plaintiff was an alleged "debtor" or "consumer debtor" as defined under Florida Statute § 559.55(2).

120.    As more particularly described above, each Defendant has violated the Florida Consumer Collection Practices Act ("FCCPA") in that it has asserted the existence of a legal right when it knew that the right did not exist in contravention of Florida Statute § 559.72(9); to wit: the right to collect a debt against the wrong individual.

121.    As a direct and proximate result of the violation of the FCCPA by the Defendants, the Plaintiff is entitled to recover actual damages together with statutory damages pursuant to Florida Statute § 559.77(2).

122.    Pursuant to Florida Statute § 559.77, the Court is empowered to enjoin Defendants from further violation of the Act and to direct such other and further equitable relief as may be necessary and proper.

123.    Plaintiff has sustained an ascertainable loss as a result of the Defendants' acts.

124.    Pursuant to Florida Statute § 559.77(2), Plaintiff is entitled to recover reasonable attorney's fees and costs for the filing of the instant action.

125.     Pursuant to Florida law, Plaintiff seeks a declaration that Defendants' practices are in violation of the FCCPA including, but not limited to Fla. Stat. § 559.72(7), which states that it is a violation to "willfully communication with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

WHEREFORE, Plaintiff, KRISTIAN E. MIERZWICKI, requests that this Court enter judgment in favor of Plaintiff and against each of the Defendants for:

a.     actual damages;

b.     statutory damages of $1,000.00;

c.     a permanent injunction prohibiting Defendants from calling Plaintiff regarding the alleged debt;

d.     attorney's fees, litigation expenses, and costs of the instant suit; and

e.     such other and further relief of the Court deems just and proper.

## COUNT V
### (Vicarious Liability of CITI)

126.     Plaintiff re-alleges and reaffirms the allegations contained in Paragraphs 1 through 125 above as if fully set forth herein.

127.     CITI is vicariously liable for the each of the other Defendants' violations as set forth in Count I through IV above.

128.     CITI knew that each and every additional Defendant was acting in furtherance of CITI's interests when making the unauthorized calls to Plaintiff's cell phone.

129.    CITI knew that each and every additional Defendant was attempting to collect a debt which did not exist.

130.    As a direct and proximate result of the negligence of CITI in verifying its authorization to communicate with Plaintiff via his cell phone to collect a non-existent debt, or in ensuring that it did not provide third party's with Plaintiff's cell phone to collect a non-existent debt, as set forth herein, Plaintiff suffered the injuries and damages set forth in Count IV above.

WHEREFORE, Plaintiff, KRISTIAN E. MIERZWICKI, requests that this Court enter judgment in favor of Plaintiff and against CITI for:

a.    actual damages;

b.    statutory damages of $1,000.00;

c.    attorney's fees, litigation expenses, and costs of the instant suit; and

d.    such other and further relief of the Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

**DEMAND FOR JURY TRIAL**

Plaintiff, Kristian E. Mierzwicki, pursuant to Rule 28(b), Federal Rules of Civil

Procedure, demands a jury trial of all issues so triable.

Dated: July 17, 2015

WEISS, HANDLER & CORNWELL, P.A.
*Attorneys for Prime Plus Acquisition Corp.*
*and John E. Dell*
One Boca Place – Suite 218-A
2255 Glades Road
Boca Raton, Florida  33431
Phone: 561-997-9995
Fax: 561-997-5280

By: __s/ Sylvia L. Wenger_____
    WILLIAM J. CORNWELL, ESQ.
    Florida Bar No.:  0782017
    wjc@weissandhandlerpa.com
    filings@weissandhandlerpa.com
    SYLVIA L. WENGER, ESQ.
    Florida Bar No.: 125148
    slw@weissandhandlerpa.com
    ma@weissandhandlerpa.com
    SETH A. KOLTON, ESQ.
    Florida Bar No.: 0021045
    sak@weissandhandlerpa.com
    cb@weissandhandlerpa.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that on the 17th day of July 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record listed in the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

WEISS, HANDLER & CORNWELL, P.A.
*Attorneys for Prime Plus Acquisition Corp.*
*and John E. Dell*
One Boca Place – Suite 218-A
2255 Glades Road
Boca Raton, Florida  33431
Phone: 561-997-9995
Fax: 561-997-5280

By:   s/ Sylvia L. Wenger                            _
    WILLIAM J. CORNWELL, ESQ.
    Florida Bar No.:  0782017
    wjc@weissandhandlerpa.com
    filings@weissandhandlerpa.com
    SYLVIA L. WENGER, ESQ.
    Florida Bar No.: 125148
    slw@weissandhandlerpa.com
    ma@weissandhandlerpa.com
    SETH A. KOLTON, ESQ.
    Florida Bar No.: 0021045
    sak@weissandhandlerpa.com
    cb@weissandhandlerpa.com

## <u>SERVICE LIST</u>

Kent B. Frazer, Esq.
Jeffrey B. Pertnoy, Esq.
*Attorneys for Defendant, Citibank, N.A.*
Akerman LLP
777 S Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401