UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 14-CIV-61753-BLOOM/VALLE

KRISTIAN E. MIERZWICKI,

    Plaintiff,

vs.

CITIBANK, N.A., UNITED COLLECTIONS
BUREAU, INC., an Ohio corporation, UNITED
RECOVERY SYSTEMS, LP, a Texas Limited
Partnership,  MIDLAND CREDIT MANAGEMENT,
INC., a California corporation, and JOHN DOES NUMBER
1-10,

    Defendants.
_____/

**RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE;
RESPONSE TO DEFENDANT'S MOTION TO DISMISS; AND
MOTION TO AMEND THE PLEADINGS,** *nunc pro tunc*

    Plaintiff via undersigned counsel hereby responds to this Court's Order to Show Cause (DE 59), and states:

**I.  Response to Show Cause**

    On July 15, 2015, undersigned was retained by Plaintiff who explained that through no fault of his own, his two previous attorneys had withdrawn from representing him.  Additionally, upon review of the Docket, undersigned noted that in Plaintiff's Notice of Intent to proceed *pro se*, he had informed the Court that he had discovered that the named Defendant had been operating through several additional entities, and so he requested an extension of time to either respond to the Motion to Dismiss, or determine whether an amendment was required, and that such requested extension had been granted in part, giving Plaintiff up to and including July 17, 2015 to either respond to the Motion to Dismiss, or file an Amended Complaint.  With only two days to respond to the Court's deadline, undersigned filed an Amended Complaint, mistakenly believing that such amendment had been authorized by the Court's June 29, 2015 Order (DE 56).

    Undersigned is cognizant of the necessity to adhere to the Court's Orders and Federal Rules of Civil Procedure, apologizes for the misunderstanding, and assures the Court that all future deadlines shall be faithfully adhered to.

    As noted by the Court, Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The

court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Believing that the Court had given such leave, and that addition of the new parties was necessary pursuant to Federal Rule of Civil Procedure 19(a), as discussed below, undersigned filed a Second Amended Complaint on July 17, 2005. *See* Fed. R. Civ. P. 19(a).

After Plaintiff's previous attorneys withdrew, he began receiving partial responses to his multiple inquiries as to the identity of the callers, whom, when grouped together, had called him over one-hundred times. Each number was in some way traceable back to Citibank's ("CITI's") collection attempts.

Additionally, believing that permission had been granted to do so, and the ordinary rule that the filing of an Amended Complaint renders a pending Motion to Dismiss moot, undersigned did not file a response to the Motion to Dismiss. Counsel's misunderstanding was inadvertent, and not intended to either disobey the Court, or further delay these already protracted proceedings. Incorporated into this Response to the Court's Order, is the requested response to the outstanding Motion to Dismiss, and a Motion to accept the untimely response, and to Amend the Complaint, *nunc pro tunc*, for good cause shown.

## II.  Response in Opposition to Defendant's Motion to Dismiss

A.    Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, this Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) [hereinafter *Twombly*]; *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) [hereinafter *Iqbal*]. That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore [only] permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)). When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to the plaintiff and take the factual allegations stated therein as true. *See  Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F. 3d 1364, 1369 (11th Cir. 1997).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56.

B.   Argument & Legal Memorandum[1]

As it pertains to the outstanding Motion to Dismiss, CITI, alleged that dismissal of Counts II, III, and IV of the First Amended Complaint was warranted because: (1) Count II only applies to telephone solicitations; (2) Count III fails to allege sufficient facts to establish: (a) that Citibank is a "debt collector," and (b) that the "alleged debt" is a "consumer debt" as contemplated by the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*; and (3) Count IV fails to allege any facts which establish that he is a debtor as contemplated by Florida's Consumer Collection Practices Act, Fla. Stat. §559.55, *et seq.*

1.   Count II States a Valid Claim Under the TCPA

In CITI's memorandum of law regarding Count II, it asserts that pursuant to the declaratory ruling in I*n the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 565 ¶ 11, (Jan. 4, 2008) (the "Declaratory Ruling"), the FCC stated that "calls regarding debt collection or to recover payments are not subject to the [Telephone Consumer Protection Act's][2] separate restrictions on 'telephone solicitations.'" (Mot. at p. 6). However, this assertion is misleading as the "calls regarding debt collection" specifically refer to those calls which occur directly between a consumer and his or her creditor.[3] In the Declaratory Ruling, the FCC specifically

> reiterate[d] that the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party [and] note[d] that this prohibition applies ***regardless of the content of the call, and is not limited only to calls that constitute "telephone solicitations***.

*Id.* (emphasis added).

CITI next relies on *Meadows v. Franklin Collection Service, Inc.*, 414 Fed. App'x. 230

---

[1]   The Court is already familiar with the background of this action. Plaintiff accordingly will address CITI's arguments one by one.

[2] 47 U.S.C. 227, *et seq.*

[3] "In this ruling, we clarify that autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the "prior express consent" of the called party." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 559 (2008).

3

(11th Cir. 2011) as a basis for dismissal because it involved a "similar TCPA claim based on § 227(c)" and dismissed the case "on the grounds that the calls at issue were debt collection calls made in order to collect the debts of others, and therefore were not "telephone solicitations." (Mot. at p. 6).

However, *Meadows*, does not apply for four reasons: (1) the case was at the summary judgment stage, and discovery had therefore been completed, and the standard applicable to the decision was not the same liberal pleading standard applied at the motion to dismiss stage; (2) the Court was discussing a different section of the TCPA relating to calls to residential numbers, which section is inapplicable in the instant case; (3) the *Meadows* opinion is a non-published opinion, and therefore, while perhaps persuasive, it is not precedential, especially when it involves a different section of the TCPA; and (4) such holding if applied to the TCPA's prohibitions against calls to cellular numbers is directly inapposite to the Declaratory Ruling language cited above, contrary to the FCC's interpretation of the TCPA, and belied by subsequent Eleventh Circuit caselaw.

After *Meadows*, the Eleventh Circuit specifically held that the case was of limited value and inapplicable to calls generated to cellular phones, and stated:

> *Meadows* . . . is of very limited value. To start with, the case concerned 47 U.S.C. § 227(b)(1)(B), which prohibits "initiat[ing] any telephone call to any *residential telephone line* using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." (emphasis added). . . . [T]he telephone number in question here, is a cell-phone number. Moreover, 47 U.S.C. § 227(b)(2)(B) permits the FCC "by rule or order, [to] exempt [certain categories of calls] from the requirements of paragraph (1)(B) of this subsection [*i.e.,* 47 U.S.C. § 227(b)(1)(B) ]." In 1992, the FCC promulgated just such a regulation, one that exempts calls "made to any person with whom the caller has an established business relationship at the time the call is made." 47 C.F.R. § 64.1200(a)(2)(iv). The *Meadows* court relied on this exemption when it determined that the debt collector "did not violate the TCPA because ... [it] had an existing business relationship with the intended recipient of its prerecorded calls." *Meadows,* 414 Fed. App'x. at 235.

*Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014). The *¶Osario* Court then proceeded to discussed the Declaratory Ruling and stated that it suggested that "debt collection calls [to cellular phones] are subject to [the] restrictions under *both* the TCPA and the FDCPA. *Id.* (emphasis in original).

CITI's reliance on *Murphy v. DCI Biologicals Orlando, LLC*[4] is similarly misplaced. In *Murphy*, the Eleventh Circuit dismissed the plaintiff's TCPA claims because he had specifically

---

[4] 2013 WL 6865772 (11th Cir., Dec 31, 2013)(slip opinion).

consented to the calls by giving the caller his cell phone number. Additionally, the *Murphy* opinion's statements relied on *Meadows* in stating that because the defendant did not try to sell the plaintiff anything, the messages were not "telephone solicitations" pursuant to the TCPA.

For the reasons discussed above, *Murphy*'s holding as to the TCPA are inapplicable pursuant to the precedential *Osario* opinion. Accordingly, CITI has failed to carry its burden of establishing that there is "a dispositive issue of law, [or that] no construction of the factual allegations will support the [Plaintiff's TCPA] cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). Accordingly, the Motion to Dismiss Count II should be denied.

    2.    <u>Count III States a Valid Claim Under the FDCPA</u>

In its Motion, CITI next asserts that the Plaintiff's FDCPA claim in Count III should be dismissed because Count III fails to allege sufficient facts to establish: (a) that Citibank is a "debt collector," and (b) that the "alleged debt" is a "consumer debt" as contemplated by the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (the "FDCPA"). In order to state a claim under the FDCPA Plaintiff must prove that: "(1) that the defendant is a "debt collector" and (2) that the challenged conduct is related to debt collection." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012).[5]

The Eleventh Circuit has held that:

> In enacting the FDCPA, Congress sought "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."

*LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (quoting 15 U.S.C. § 1692(e); *Brown v. Budget Rent–A–Car Syss., Inc.,* 119 F.3d 922, 924 (11th Cir.1997) (per curiam)).

While CITI is correct that if it directly called Plaintiff to collect a debt that Plaintiff owed to it, then Plaintiff's FDCPA claim would be barred because a direct creditor of a consumer is not within the purview of the FDCPA. Plaintiff, however, is not CITI's customer. Additionally, CITI fails to recognize that the FDCPA specifically defines a debt collector as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due

---

[5] CITI adds an additional element to an FDCPA claim in its Motion citing to *Deutch Bank Nat. Trust Co. v. Fox*, 971 F. Supp. 2d (M.D. Fla. 2013). Plaintiff posits that the Eleventh Circuit recitation of the elements of a claim under the FDCPA are applicable.

5

> or asserted to be owed or due another.... *[T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.*

*Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998). CITI relies on *Aubert* for the above-stated proposition that it is not a debt collector, and states that Count III should be dismissed because Plaintiff has failed to allege sufficient facts that it meets the above definition. However, first, the First Amended Complaint specifically states that at no point in time was Plaintiff a CITI customer, and so each of CITI's cases are distinguishable on this point alone.

Additionally, not one of the cases CITI relies upon involves a circumstance where a creditor was trying to collect a debt from a non-customer.[6] CITI fails to provide any legal authority, which holds that a bank can collect money at its whim from whomever it pleases without impunity. That is because there is none. And such a finding would be directly contrary to the policy underlying the FDCPA as set forth above. Moreover, CITI's reliance on the FCC Staff Commentary, 53 Fed. Reg. 50,087, 50,102 (1988), provides support, not to CITI, but to Plaintiff. That commentary provides that a "debt collector" does not include a "credit card issuer that <u>collects its cardholder's</u> account . . . because the issuer is collecting its own debts, not those owed or due another." As stated previously, Plaintiff is not a CITI cardholder. (emphasis added).

In the case of *Drossin v. National Action Financial Services,* 255 F.R.D.608, Case No. 07-61873 (S.D. Fla., Feb. 9, 2009) (Dimitrouleas, J.), the district judge specifically found that calls to the "wrong party" made in an attempt to collect a debt of another person were well within the purview of the FDCPA, and in fact stated that:

> the civil liability portion of the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to *any person* is liable to such person...."
> The liability section [of the FDCPA] is couched in the broadest possible language; the statute is not limited to 'consumers.' Moreover, a number of violations proscribed by the Act harm persons other than consumers. [If non-consumers lacked standing, this would lead] to the absurd conclusion that

---

[6] *Schmitt v. FMA Alliance*, 398 F.3d 995 (8th Cir. 2005) ("Schmitt incurred debt" to bank"); *Doherty v. Citibank (S. Dakota) N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005) ("Plaintiff [did] not dispute that Citibank [was his] creditor."); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (debt was owed to defendant by plaintiff); *Aubert v. Am. Gen. Fin. Corp.*, 137 F.3d 976, 978 (7th Cir. 1998) (plaintiff was credit card holder of defendant's); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103 (6th Cir. 1996) (plaintiff had purchased car from defendant's assignee); *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232 (2d Cir. 1998) (defendant bank issued retailer credit card to plaintiff); *Shamburger v. Grand Casino of Mississippi, Inc./Biloxi*, 84 F. Supp. 2d 794 (S.D. Miss., Aug. 5, 1988) (Russel, J.)(having nothing whatsoever to do with the FDCPA); *Thomasson v. Bank One, Louisiana, N.A.*, 137 F. Supp. 2d 721 (E.D. LA, April 4, 2001) (plaintiff took out consumer loan from defendant). As these cases are the "black letter law" which CITI claims establishes that it can never be a debt collector, such argument must be disregarded.

6

> Congress created a piece of consumer protection legislation with a 'private attorneys general' enforcement mechanism, and then failed to provide persons harmed by unfair debt collection practices with a cause of action.

*Id.* (quoting 15 U.S.C. § 1692k(a) (emphasis in original); *Whatley v. Universal Collection Bureau Inc.,* 525 F.Supp. 1204, 1205–1206 (N.D.Ga.1981). *See also, Isaac v. RMB, Inc.*, 2014 WL 3566069 (M.D. Ala., July 18, 2014) (Putnam, M.J.); *Winberry v. United Collection Bureau, Inc.*, 697 F. Supp. 2d 1279, 1294 (M.D. Ala. 2010) ("Even people contacted with regard to debt in error may bring a claim for a violation of the FDCPA").

Additionally, the First Amended Complaint specifically stated that CITI by and *through its . . . agents*, representatives, and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system placing numerous telephone calls to Plaintiff's cellular telephone. Plaintiff concedes that the "agents" may have been too vague to demonstrate that the in making the contested calls CITI was *"using a[] name other than [its] own which would indicate that a third person [was] collecting or attempting to collect such debts."*

Plaintiff suggests that a more appropriate option would have been for CITI to file a Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e). This point is rendered moot by the Second Amended Complaint as research has allowed for more definite allegations that CITI at all times was using either names other than its own "which would indicate that a third person was . . . attempting to collect [a] debt," or that in fact CITI was responsible for actual debt-collectors under the statute to collect such a debt.

Accordingly, CITI has failed to establish its burden of establishing that there is "a dispositive issue of law, [or that] no construction of the factual allegations will support the [Plaintiff's FDCPA] cause of action."[7]

    3.    <u>Count IV States a Valid Claim under the FCCPA</u>

CITI next claims that Count IV is due to be dismissed as a matter of law because Plaintiff fails to establish that he is a "debtor" under the FCCPA, Fla. Stat. §559.55, *et seq*.

In Count IV[8] Plaintiff alleges that CITI violated the following two sections of the FCCPA: (1) Section 559.72(7), which states that it is a FCCPA violation for any person to

---

[7] CITI'S Rule 11 threat notwithstanding, the Plaintiff has amended its FDCPA claims as there is no precedential law which would allow a finding that the Plaintiff's "claims . . . are [not] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11(b)(2).

[8] Referring to the First Amended Complaint.

7

"willfully communication with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; and (2) Section 559.72(9), which states that it is a FCCPA violation to "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(7), (9).

After first noting the distinct similarity between the FDCPA and FCCPA, CITI claims that although the FCCPA prohibits violations from being committed by "any person," a term which is much broader than "debt-collector, somehow CITI is not a person as defined by the FCCPA. Notably CITI cites no case for this proposition because it is contrary to well-established law. Specifically, in the recent case of *Williams v. Educ. Credit Mgmt. Corp.*, No. 8:14-CV-1254-T-36TBM, 2015 WL 847381, at *3 (M.D. Fla. Feb. 26, 2015), the court discussed an identical argument made by the defendant in that case and stated that:

> [The defendant] ignores the plain language of § 559.72, which states simply that "*no person shall*" engage in the enumerated debt collection practices. And, more troubling, [the defendant] also ignores the well-established body of case law which clearly indicates that § 559.72 is not restricted to debt collectors. . . . [The defendant's] contention that §559.72 contains some sort of debt collector exception is clearly without merit, and [it] has not set forth any other reason as to why it should not be considered a "person" covered under § 559.72.

*Id.*[9] *Accord Bentley v. Bank of Am., N.A.,* 773 F.Supp.2d 1367, 1372 (S.D.Fla.2011).

CITI next asserts that the Plaintiff fails to allege sufficient facts that he is a "debtor" as contemplated by the FCCPA. The FCCPA defines a "Debtor" or "consumer" as "any natural person obligated <u>or allegedly obligated to pay any debt</u>." Fla. Stat. Ann. § 559.55(8).[10] CITI cites to an unspecified docket entry in the case of *Smith v. Markone Fin., LLC,* Case No. 3:13-CV-00933 (M.D. Fla., Feb. 2, 2015) (Corrigan, J.) in support of its argument that Plaintiff is not a

---

[9] The *Williams* court cited to the following Florida case: *Gann v. BAC Home Loans Servicing LP,* 145 So.3d 906, 910 (Fla. 2d DCA 2014) ("Florida courts have recognized that the FCCPA applies not only to debt collectors but also to any 'person' "); *Morgan v. Wilkins,* 74 So.3d 179, 181 (Fla. 1st DCA 2011) ("Appellees concede that the trial court was in error when it ruled that FCCPA pertains only to debt collectors"); *Schauer v. Gen. Motors Acceptance Corp.,* 819 So.2d 809, 812 (Fla. 4th DCA 2002) ("While the Act does not define the term 'person,' it is not restricted to debt collectors."); *Kelliher v. Target Nat'l Bank,* 826 F.Supp.2d 1324, 1327 (M.D.Fla.2011) ("Although the federal FDCPA does not apply to original creditors, the FCCPA has been interpreted to apply to original creditors as well as debt collection agencies.").

[10] Plaintiff notes again the veiled threat of Defendant's Motion regarding the award of attorney's fees, and finds that such threat simply adds support to Plaintiff's claims that CITI routinely attempts to bully persons with no real bargaining power.

debtor as contemplated by the FCCPA. The district judge's order is found at docket entry number 117, and is an order on summary judgment. The facts were fully developed and in evidence, as to whether or not, and when, the plaintiff in that case, who got repeated calls from the defendant, knew that the calls were not alleging a debt owed by her. The court found that under the facts as developed, the plantiff knew the calls were never for her, and granted the defendants motion for summary judgment.

In *Desmond v. Accounts Receivable Mgmt., Inc.*, 72 So. 3d 179 (Fla. 2d DCA 2011), for example, the judge specifically stated that "Florida law holds that 'where a creditor calls a wrong number and alleges that the call recipient owes a debt, the recipient is a debtor under the FCCPA.'" *Id.* at 181. The *Desmond* court additionally held that under the FCCPA,

> unless the context otherwise indicates, a 'debtor' means not only an actual debtor, but also "any natural person ... allegedly obligated to pay any debt." *Id.* (citing to Fla. Stat. § 559.55(2)). Because the context of subsection 559.72(7) does not indicate otherwise, an alleged debtor is protected by the Act from the prohibited practices set forth in this subsection. ARM is a large corporation extensively engaged in the business of collecting debts. Any such business would reasonably understand that mistaken identities occur in the collection process. If ARM was knowingly employing methods that did not permit such an alleged debtor to return any of the eighteen telephone calls to explain that the calls were being made in error, we believe that a jury could conclude that ARM "willfully engage[d] in other conduct which can reasonably be expected to abuse or harass" such an alleged debtor. § 559.72(7).

*Id.* (reversing trial court's grant of summary judgment based upon the fact that the recipient of the calls was not a debtor.).

In matters of state law, federal courts are bound by the rulings of the state's highest court. If the state's highest court has not ruled on the issue, a federal court must look to the intermediate state appellate courts. *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) (citing to . *Huddleston v. Dwyer,* 322 U.S. 232, 236, 64 S.Ct. 1015, 1017–18, 88 L.Ed. 1246 (1944); *Fidelity Union Trust Co. v. Field,* 311 U.S. 169, 177–78, 61 S.Ct. 176, 177–79, 85 L.Ed. 109 (1940)). Defendant's reliance on the *Smith* and *McGinity* cases is misplaced because at least one intermediate state appellate court has found that the Plaintiff in this case, under the circumstances he alleges, and as facts develop, may well fall within the FCCPA's definition of an "alleged" debtor.

This case is at the motion to dismiss stage. "Where the allegations 'possess enough heft' to suggest a plausible entitlement to relief, the case may proceed." *Twombly,* 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys.,* 520 F.3d 1308, 1309 (11th Cir.2008). "[O]f course, a well-pleaded complaint may proceed even if it strikes a

9

savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' " *Twombly,* 550 U.S. at 556.

C.      Conclusion

For all of the above reasons, the Defendant has failed to sustain its burden that dismissal of Plaintiff's claims in Counts II, III, and IV is appropriate as a matter of law, and the Plaintiff respectfully requests that this Court deny the Defendant's Motion to Dismiss.

### III.  Plaintiff's Motion to Amend, *nunc pro tunc*

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff respectfully requests that the Court grant him permission to Amend the First Amended Complaint, *nunc pro tunc*. Rule 15 provides, in pertinent part, that "a party may amend its pleading . . . with . . . the court's leave . . . [and that the court should freely] give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As explained above in the section responding to this Court Show Cause Order, Plaintiff has only recently discovered the identities of some of the entities which had made the hundreds of phone calls he received.  These calls were placed from either dummy numbers or other difficult to trace numbers, and it has only been over the last couple of months that Plaintiff was able to figure out that most, if not all, of the calls in some way relate to the same alleged CITI debt(s).

As the Court is aware, during the last couple of months Plaintiff had been trying to obtain new counsel, but was unsuccessful until last week. Amendment of the Complaint is necessary as the newly added parties are necessary to fully resolve this matter. Fed. R. Civ. P. 19 provides, in pertinent part that

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Both the First Amended Complaint, and the proposed Second Amended Complaint alleged that CITI's TCPA, FDCPA, and FCCPA were committed by CITI and its agents.  If the additionally named Defendants are not joined into this suit, then the Court would not be able to "accord complete relief among the existing parties."  Aditonally, if Plaintiff were not allowed to

amend the Complaint, then CITI would be at "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" in a separate action.

The Requested Motion is not intended to delay the proceedings, and will not result in any undue prejudice to CITI.

Pursuant to S.D. Fla. L.R. 15.1, the Plaintiff's Proposed Second Amended Complaint is attached as an Exhibit to this Response/Motion.

The Plaintiff Additionally requests that the Court accept the untimely response in opposition to Defendant's Motion to Dismiss.

Respectfully submitted, this 22nd day of July, 2015.

### Rule 7.1(3) Certification

Pursuant to S.D. Fla. L.R. 7.1, I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

_____
Sylvia L. Wenger

WEISS, HANDLER & CORNWELL, P.A.
*Counsel for the Plaintiff*
One Boca Place, Suite 218-A
2255 Glades Road
Boca Raton, Florida 33431
Telephone: (561)997-9995
Facsimile:  (561)997-5280

By:_____
    Sylvia L. Wenger, Esq.
    Florida Bar No. 125148
    slw@weissandhandlerpa.com
    filings@weissandhandlerpa.com
    tc@weissandhandlerpa.com