UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-61753-CIV-BLOOM/Valle

KRISTIAN E. MIERZWICKI,

   Plaintiff,

v.

CITIGROUP INC.,

   Defendant.
_____/

**DEFENDANT, CITIBANK, N.A.'S REPLY TO PLAINTIFF'S
RESPONSE IN OPPOSITION TO MOTION TO DISMISS
& INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendant, CITIBANK, N.A. ("Citibank"), by and through the undersigned counsel, and files its Reply to Plaintiff, KRISTIAN E. MIERZWICKI's ("Plaintiff" or "Mierzwicki") Response in Opposition to Citibank's Motion to Dismiss [ECF. No. 60], and in support thereof, states as follows:

## I. INTRODUCTION

Plaintiff filed this action against Citibank on July 31, 2014. [ECF No. 1]. Plaintiff filed an Amended Complaint on January 29, 2015. [ECF No. 30]. The Amended Complaint contains four separate Counts: Count I for violation of 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act ("TCPA"); Count II for violation of 47 U.S.C. §227(c)(5)(A) of the TCPA; Count III for violation of the federal Fair Debt Collection Practices Act ("FDCPA"); and Count IV for violation of the Florida Consumer Collection Practices Act ("FCCPA").[1]

---

[1] Since the filing of this action, Plaintiff has had five (5) attorneys represent him, four (4) of which have been terminated as counsel of record. [ECF No. 8; ECF No. 10; ECF No. 46, ECF No. 49]. The constant shuffle of attorneys has created confusion for the Parties, counsel of record, and the Court. This Court dismissed Plaintiff's Complaint on February 2, 2015 [ECF No. 31] for Plaintiff's failure to comply with this Court's Scheduling Order and

Importantly, Counts I and II assert separate violations of the TCPA based on separate conduct – Count I being based on calls allegedly made by an auto-dialer to Plaintiff's cell phone, and Count II being based on calls made to Plaintiff's cell phone even though Plaintiff's numbers supposedly was on the national "do no call" list.

On April 3, 2015, Citibank filed its Motion to Dismiss Counts II, III and IV of the Amended Complaint. [ECF No. 39].[2]  Citibank did not move to dismiss Count I.  The Motion to Dismiss argues that Count II fails because of Plaintiff's failure (and inability) to allege that the telephone calls that are the subject of the Amended Complaint (the "Calls") were "telephone solicitations" as required for a violation of the section of the TCPA raised in Count II.  Count III fails because (i) Citibank is not a "debt collector" as required for a violation of the FDCPA, and (ii) the alleged debt is not covered by the FDCPA, which only applies to consumer debt.  Count IV similarly fails because Plaintiff is not a "debtor" under the Florida Consumer Collections Practices Act ("FCCPA"), as Plaintiff expressly alleges that he was not the person indebted to Citibank.  As set forth in the Motion to Dismiss and the Amended Complaint, Citibank was calling to collect a debt owed to Citibank by someone other than the Plaintiff.  For the reasons set forth herein, Plaintiff's Response lacks merit and Citibank's Motion to Dismiss Counts II, III and IV should be granted.

---

subsequent Orders requiring compliance with same. [ECF No. 21; ECF No. 26; ECF No. 28].  The case was reopened on February 4, 2015.  [ECF No. 32].

[2] After another substitution of counsel for Plaintiff and a number of extensions requested by the Plaintiff, this Court set a deadline of July 17, 2015 for Plaintiff to respond to the Motion to Dismiss. [ECF No. 56].  Thereafter, in direct contravention of the Federal Rules of Civil Procedure and the Court's Order directing Plaintiff to respond to the Motion to Dismiss, Plaintiff inexplicably filed a Second Amended Complaint on July 17th without leave of Court or the consent of Citibank. [ECF No. 58].  On July 17, 2015, this Court entered an Order to Show Cause *sua sponte*, directing Plaintiff to show cause, *inter alia*, why it failed to comply with its prior Order and why the Court should not grant Citibank's Motion to Dismiss. [ECF No. 59].  Plaintiff filed his Response to the Order to Show Cause on July 22, 2015, with an accompanying Response in Opposition to Defendant's Motion to Dismiss and a Motion for Leave to file the Second Amended Complaint. [ECF No. 60; ECF No. 61; ECF No. 62; ECF No. 63].

## II. MEMORANDUM OF LAW

### A. Plaintiff's Response to the Motion to Dismiss Count II (TCPA)

#### 1. Plaintiff's Response Confuses Count I and Count II (Both TCPA claims) of his Amended Complaint

As noted above, Count I of Plaintiff's Complaint (which is not the subject of Citibank's Motion to Dismiss) alleges a violation of 47 U.S.C § 227(b) and is predicated on calls allegedly made to Plaintiff's cell phone using an auto-dialer. Citibank will challenge that claim as appropriate in this case (either at summary judgment or at trial), but it is not at issue in this Motion. Instead, Citibank does seek to dismiss Count II, which alleges a violation of the TCPA, 47 U.S.C § 227(c).

Unlike a violation of 47 U.S.C § 227(b) (i.e. Count I), which does not require a "telephone solicitation," in order to state a cause of action under 47 U.S.C § 227(c) (i.e. Count II), Plaintiff is required to plead facts establishing that a "telephone solicitation" was made. All of the legal authority cited by Plaintiff in his Response to Citibank's Motion to Dismiss focuses on the § 227(b) standard applicable to Count I (which is not at issue in this Motion). Plaintiff repeatedly makes the argument that Citibank has focused its analysis on the wrong standard. In fact, the opposite is true. Plaintiff's arguments fail completely because he relies on the wrong standard under the wrong section of the TCPA.

#### 2. Plaintiff Does Not, And Cannot, Allege Facts Establishing That the Alleged Calls Were "Telephone Solicitations"

Plaintiff's entire argument regarding Count II hinges on the incorrect proposition that debt collection calls are included in the definition of "telephone solicitations" for purposes of the TCPA. Plaintiff's argument fails. While Plaintiff tries to distinguish Meadows v. Franklin Collection Serv., Inc., 414 Fed. App'x 230 (11th Cir. 2011), the case is directly on point and is

*binding on this Court*. In Meadows, the Court dismissed the plaintiff's TCPA claims on the grounds that the calls at issue were collection calls made in order to collect the debts of others, and therefore, were not 'telephone solicitations' within the meaning of the TCPA. That holding is binding here.

Plaintiff unsuccessfully seeks to distinguish Meadows and the FCC's 2008 declaratory ruling pertaining to the TCPA. See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559, 565 ¶ 11 (Jan. 4, 2008) ("2008 Declaratory Ruling"). Even accepting Plaintiff's arguments, the fact remains that the calls made to Plaintiff here were not "telephone solicitations" under the TCPA. Thus, even if Meadows and Murphy v. DCI Biologicals Orlando, LLC, 2013 WL 6865772 (M.D. Fla. Dec. 31, 2013), which Citibank also cites in support of its position, only apply to residential phones, the precedential value of these cases still applies here for the proposition that the calls at issue were not "telephone solicitations."

Plaintiff seeks to distinguish Murphy because the plaintiff there gave the caller his number and therefore consented. However, even taking that as true, Murphy still stands for the proposition that, because the calls were not "telephone solicitations," there could be no TCPA violation. The Court must reach the same result here.

B.   **Plaintiff's Response to the Motion to Dismiss Count III (FDCPA)**

Plaintiff's response again falls short in refuting the arguments and claims made in Citibank's Motion to Dismiss Count III of the Amended Complaint alleging violation of the FDCPA.

First, Plaintiff acknowledges that a creditor seeking to enforce its own debt against a consumer is not a "debt collector" and not within the purview of the FDCPA. [see Response,

ECF No. 60, p. 5]. Here, the allegations establish that Citibank is creditor seeking to secure payment of its *own* debts, and Plaintiff makes no allegation that Citibank was attempting to collect a debt for a third party. As this Court has noted, it is fundamental that "[t]he FDCPA applies only to debt collectors." <u>Alhassid v. Bank of America, N.A.</u>, 2014 WL 6480656, * 18 (S.D. Fla Nov. 17, 2014) (Bloom, J.); <u>See</u> <u>also</u> cases cited on pages 8-9 of Citibank's Motion to Dismiss (discussing that it is appropriate for the Court to dismiss FDCPA causes of action because the Defendant is not a debt collector).

Second, Plaintiff's argument that none of the cases cited by Citibank involved a situation where a creditor sought to collect a debt from a debtor other than its own [see Response, ECF No. 60, p. 6] is wholly irrelevant. The issue presented on the FDCPA Claim does not turn on whether the person called was a customer of Citibank's, it turns on whether Citibank was allegedly trying to collect its own debt, and not the debt of a third-party. As presented in the Motion, it is black letter law that a creditor cannot be liable for violation of the FDCPA in trying to collecting its own debts. Plaintiff has no response for this argument. Accordingly, Plaintiff's FDCPA claim (Count III) fails as a matter of law.

Third, Plaintiff cites to <u>Drossin v. Nat'l Action Fin. Servs.</u>, 255 F.R.D. 608 (S.D. Fla. 2009) for the proposition that FDCPA violations can be found where the *debt collector* calls a "wrong party" to collect the debt *of another person*. [see Response, ECF No. 60, p. 6]. However, on its face, <u>Drossin</u> does not apply because as expressed above, Citibank is not a debt collector and, at all times material hereto, sought to collect its own debt. Thus, the holding in <u>Drossin</u> that a "wrong party" can sue under the FDCPA fails because it is based on facts that are simply not present in the instant case – i.e., that Citibank is not a "debt collector."

### C. Plaintiff's Response to the Motion to Dismiss Count IV (FCCPA)

Plaintiff's response to Citibank's Motion to Dismiss Count IV, violation of the FCCPA, equally lacks merit. Plaintiff attempts to muddy the waters by focusing not on whether Plaintiff meets the definition of "debtor" as required by the statute and as raised in Citibank's Motion to Dismiss, but rather on whether Citibank is subject to an FCCPA claim at all (an argument that Citibank has not made).

Plaintiff doesn't address the fact that Citibank made "wrong number" calls to Plaintiff, which does not trigger FCCPA liability, as opposed to "collecting consumer debt" from a person who meets the definition of "debtor" under the statute, which does raise potential FCCPA liability.

Plaintiff attempts to distinguish Smith v. Markone Fin., LLC, Case No. 3:13-CV-00933 (M.D. Fla. Feb, 2, 2015) (Corrigan, J.), cited by Citibank in its Motion to Dismiss for the proposition that Plaintiff is not a "debtor" as contemplated by the FCCPA. However, as Plaintiff correctly notes, the Court in Smith found that summary judgment was warranted in favor of the Defendant because the Plaintiff knew the calls were never meant for her. [see Response, ECF No. 60, p. 9]. For the same reasons, the Motion to Dismiss must be granted here, because Plaintiff acknowledges that he does not have an account with Citibank, that the Calls were not meant for him and were "wrong number" calls, and thus, that he cannot be a "debtor."[3] Plaintiff fails to state a cause of action under the FCCPA and Count IV must be dismissed.

---

[3] Plaintiff's reliance on Desmond v. Accounts Receivable Mgmt., Inc., 72 So. 3d 179 (Fla. 2d DCA 2011) is also misplaced because the defendant there was in the business of collecting the debts of another, not its own debts.

### III.  CONCLUSION

Plaintiff's Response in Opposition to Citibank's Motion to Dismiss Counts II, III and IV lacks merit and Citibank's Motion to Dismiss should be granted in its entirety.

**WHEREFORE**, Defendant, CITIBANK, N.A., respectfully requests that this Honorable Court enter an Order dismissing Counts II, III and IV of Plaintiff's Amended Complaint with prejudice, and granting such further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s Kent B. Frazer
Kent B. Frazer, Esq. (FBN 685682)
Jeffrey B. Pertnoy, Esq. (FBN 91939)
**AKERMAN LLP**
777 South Flagler Drive, Suite 1100
West Palm Beach, FL  33401
Tel:  (561)  653-5000
Fax:  (561) 659-6313
kent.frazer@akerman.com
jeffrey.pertnoy@akerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 10, 2015, I filed the foregoing document with the Clerk of the Court.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing:

/s Kent B. Frazer
Kent B. Frazer

Sylvia L. Wenger, Esq.
Fla. Bar. No. 125148
**WEISS, HANDLER &
 CORNWELL, P.A.**
2255 Glades Road
Boca Raton, FL 33431
Tel: (561) 997-9995
Fax: (561) 997-5280
slw@weissandhandlerpa.com
filings@weissandhandlerpa.com
tc@weissandhandlerpa.com
*Counsel for Plaintiff*