UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-61753-CIV-BLOOM/Valle

KRISTIAN E. MIERZWICKI,

    Plaintiff,

v.

CITIGROUP INC.,

    Defendant.
_____/

**DEFENDANT, CITIBANK, N.A.'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT &
INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendant, CITIBANK, N.A. ("Citibank"), by and through the undersigned counsel, and files its Response to Plaintiff, KRISTIAN E. MIERZWICKI's ("Plaintiff" or "Mierzwicki") Motion for Leave to File Second Amended Complaint [ECF. No. 60], and in support thereof, states as follows:

## I. INTRODUCTION

1. Plaintiff filed this action against Citibank on July 31, 2014. [ECF No. 1].

2. Plaintiff filed an Amended Complaint on January 29, 2015. [ECF No. 30].

3. Since the filing of this action, Plaintiff has had five (5) attorneys represent him, four (4) of which have been terminated as counsel of record. [ECF No. 8; ECF No. 10; ECF No. 46, ECF No. 49].

4. The constant shuffle of attorneys has created confusion for the Parties, counsel of record, and the Court.  This Court actually dismissed Plaintiff's Complaint on February 2, 2015

[ECF No. 31] for Plaintiff's failure to comply with this Court's Scheduling Order and subsequent Orders requiring compliance with same. [ECF No. 21; ECF No. 26; ECF No. 28].

5. The case was reopened on February 4, 2015. [ECF No. 32].

6. On April 3, 2015, Citibank filed its Motion to Dismiss Counts II, III and IV of the Amended Complaint. [ECF No. 39].

7. After another substitution of counsel for Plaintiff and a number of extensions requested by the Plaintiff, this Court set a deadline of July 17, 2015 for Plaintiff to respond to the Motion to Dismiss. [ECF No. 56].

8. Thereafter, in contravention of the Federal Rules of Civil Procedure and the Court's directives, Plaintiff filed a Second Amended Complaint on July 17th, without leave of Court and without Citibank's consent. [ECF No. 58].

9. Noting Plaintiff's violation of the Federal Rules of Civil Procedure, on July 17, 2015, this Court *sua sponte* entered an Order to Show Cause, compelling Plaintiff show cause why the Second Amended Complaint should not be dismissed. [ECF No. 59].

10. Plaintiff's filed its Response to the Order to Show Cause on July 22, 2015, with an accompanying Response in Opposition to Defendant's Motion to Dismiss and a Motion for Leave to file the Second Amended Complaint *nunc pro tunc*. [ECF No. 60; ECF No. 61; ECF No. 62; ECF No. 63].

11. The Motion for Leave to File Second Amended Complaint ("Motion") should be denied.

## II. MEMORANDUM OF LAW

### A. Leave of Court Should Be Freely Given Except When It Would Be Futile.

In deciding whether to grant leave to amend, the district court must take into account several factors, one of the central factors being the "futility of the amendment." Paschal v. Florida Public Employees Relations Commission, 666 F.2d 1381, 1384 (11th Cir. 1982) (Internal citations omitted) (upholding the district court's denial of a *pro se* plaintiff's motion for leave to amend); Abramson v. Gonzalez, 949 F.2d 1567, 1581 (11th Cir. 1992). While Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires, a "motion to amend may be denied on… futility" grounds. Marco Island Cable, Inc. v. Comcast Cablevision of the South, Inc., 2006 WL 1733860, at *2 (M.D. Fla. June 21, 2006).

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (denying motion to amend as futile because defendant would have been entitled to summary judgment if the amendment were allowed).

If a proposed amendment fails to state a claim upon which relief can be granted, it is considered futile, and amendment will not be granted. See Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 777 n. 10 (11th Cir. 2000) (leave to amend may be denied where the proposed claim fails to state a claim and therefore would be futile).

### 1. The Proposed Amended Pleading Is Subject to Dismissal

In the present case, the proposed amendment would be futile because the allegations and each of the causes of action against Citibank, as proposed in the Second Amended Complaint, are exactly the same as they are in the First Amended Complaint. As set forth in Citibank's Motion to Dismiss Counts II, III and IV [ECF No. 39] and in Citibank's Reply to Plaintiff's

Response in Opposition to Defendant's Motion to Dismiss, Counts II, III and IV of Plaintiff's First Amended Complaint fail to state a cause of action as a matter of law.[1]  Because the allegations do not change, and because the Counts II, III and IV of the First Amended Complaint all fail, the proposed amended will be futile and the motion for leave should be denied.

Additionally, the proposed amendments would *all* be futile as to Citibank because Plaintiff seeks to add additional defendants to this action *who actually made the telephone calls at issue*.  Thus, Plaintiff now admits that Citibank itself did not make the telephone calls. See Sec. Am. Compl. ¶ 43 (stating that "Citi, by and through the additionally named defendants… attempted to collect a debt from plaintiff"); ¶ 56 (stating the calls were placed… by a third party").  As further evidence that Citibank is not the proper party here because it did not make the calls, Paragraphs 57 through 83 of the proposed Second Amended Complaint clearly show that proposed Defendants, United Collection Bureau, Inc., United Recovery Systems, LP, Midland Credit Management, Inc. and various John Doe defendants, made the calls at issue.

2.   Plaintiff Improperly Joins Causes Of Action Against All Defendants

Despite the addition of numerous alleged telephone calls to Plaintiff by the new proposed Defendants other than Citibank, Plaintiff improperly joins the proposed Defendants together in Counts I, II, III, and IV of the proposed Second Amended Complaint (each count is against "all Defendants").  A complaint is adequate if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  When a complaint indiscriminately joins all defendants together, without specific factual allegations as to each party's conduct, it fails to comply with Rule 8. See Lane v. Capital Acquisitions & Mgmt., Co., 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in

---

[1] Citibank incorporates herein its entire Motion to Dismiss [ECF No. 39] and its entire Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss.

each claim and providing no factual basis to distinguish their conduct, the Complaint fails to satisfy the minimum standard of Rule 8."); Joseph v. Bernstein, 2014 WL 4101392, at *3 (S.D. Fla. Aug. 19, 2014) aff'd, 2015 WL 2190849 (11th Cir. May 12, 2015); Centrifugal Air Pumps Australia v. TCS Obselete, LLC, 2010 WL 3584948, at *2 (M.D. Fla. Sept. 9, 2010) (criticizing the practice of "lumping" when it rendered "the factual underpinnings of the [c]omplaint practically incomprehensible" and created a conflicting description of events); Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd., 2011 WL 1233126, at *2 (S.D. Fla. March 30, 2011) (finding that since complaint lumped defendants together it failed to satisfy Rule 8 "due to the lack of specific, individualized allegations" regarding each entity and stating that "[t]his lumping technique creates confusion and make the analysis of the complaint unnecessarily burdensome and results in making accusations that are 'just not accurate.' "); Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd., 2015 WL 1526177, at *9 (S.D. Fla. Apr. 3, 2015) (dismissing complaint for lumping defendants together).

Since Plaintiff's proposed Second Amended Complaint would be subject to dismissal on the grounds of improperly joining causes of action against all Defendants, amendment would be futile for this reason, as well.

### 3. Plaintiff Fails to Sufficiently Allege Agency Relationships

Plaintiff alleges in the Second Amended Complaint that the new Defendants sought to be added in this action were agents of Citibank, such that the newly-alleged telephone calls purportedly from them were made at Citibank's direction, and thus, Citibank is liable for the alleged TCPA, FDCPA, and FCCPA violations of these third parties. However, agency relationships must be plead with specificity and certainty, not merely alleged generally, as in Plaintiff's proposed Second Amended Complaint. See Great Fla. Bank v. Countrywide Home

Loans, Inc., 2011 WL 382588, at *4 (S.D. Fla. Feb. 3, 2011) (holding that the proposed Third Amended Complaint did not sufficiently plead an agency relationship) (citing Ocana v. Ford Motor Co., 992 So. 2d 319, 326 (Fla. 3d DCA 2008)).[2]

Here, Plaintiff does not allege either an actual or apparent agency relationship between Citibank and any of the newly-added Defendants with any detail.  As this Court noted in Countrywide, "without establishing an agency relationship," there can be no liability for the alleged principal.  Countrywide, 2011 WL 382588 at * 4.  Plaintiff's agency argument fails.  As alleged in the Second Amended Complaint, Citibank cannot be held liable for alleged violations of the TCPA, FDCPA, and FCCPA by any third parties and Count V against Citibank for vicarious liability fails and must be rejected as futile.

### B.     Plaintiff should not be given another chance to plead

Plaintiff filed this action against Citibank on July 31, 2014. [ECF No. 1].  Plaintiff was given a *second* chance to re-plead when he filed an Amended Complaint on January 29, 2015. [ECF No. 30].  Plaintiff now seeks to have a *third* chance to plead equally deficient claims against Citibank and, now, additional Defendants.

"It is settled that as an action progresses, the privilege of amendment progressively decreases to the point that the trial judge does not abuse his discretion in dismissing with prejudice."  Kohn v. City of Miami Beach, 611 So. 2d 538 (Fla. 3d DCA 1992)  (citing Alvarez

---

[2] Ocana provides that,

> [t]o demonstrate an ***actual*** agency relationship, a plaintiff must allege (1) that the principal acknowledges the reputed agent was acting as its agent; (2) the reputed agent accepts that undertaking; and (3) control by the principal over the agent's day-to-day activities during the course of the agency relationship… to allege an ***apparent*** agency relationship, a plaintiff must demonstrate facts showing "(1) a representation by the purported principal; (2) reliance on that representation by a third party; and (3) a change in position by the third party in reliance on the representation."

Id. at 326.  Plaintiff fails to allege these requisite factors in the Second Amended Complaint.

v. DeAguirre, 395 So. 2d 213, 217 (Fla. 3d DCA 1981)). "There is simply a point in litigation when defendants are entitled to be relieved from the time, effort, energy, and expense of defending themselves against seemingly vexatious claims."  Id. (citing Feigin v. Hospital Staffing Servs., Inc., 569 So. 2d 941 (Fla. 4th DCA 1990)).  Plaintiff has had significant opportunity to properly plead viable causes of action against Citibank, and being unable to do so, it is appropriate for the Court to deny Plaintiff's Motion and grant Citibank's pending Motion to Dismiss.

**WHEREFORE**, Defendant, CITIBANK, N.A., respectfully requests that this Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint for the reasons stated herein, grant Citibank's pending Motion to Dismiss, and grant any other relief this Court deems just and proper.

Respectfully submitted,

/s Kent B. Frazer
Kent B. Frazer, Esq. (FBN 685682)
Jeffrey B. Pertnoy, Esq. (FBN 91939)
**AKERMAN LLP**
777 South Flagler Drive, Suite 1100
West Palm Beach, FL  33401
Tel:  (561)  653-5000
Fax:  (561) 659-6313
kent.frazer@akerman.com
jeffrey.pertnoy@akerman.com
*Counsel for Defendant, Citibank, N.A.*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on August 17, 2015, I filed the foregoing document with the Clerk of the Court.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                /s Kent B. Frazer
                Kent B. Frazer

**SERVICE LIST**
*Kristian E. Mierzwicki v. Citigroup Inc.*
*Case No: 14-61753-CIV-BLOOM/Valle*
*United States District Court, Southern District of Florida*


Sylvia L. Wenger, Esq.
Fla. Bar. No. 125148
**WEISS, HANDLER &**
  **CORNWELL, P.A.**
2255 Glades Road
Boca Raton, FL 33431
Tel:  (561) 997-9995
Fax:  (561) 997-5280
slw@weissandhandlerpa.com
filings@weissandhandlerpa.com
tc@weissandhandlerpa.com
*Counsel for Plaintiff, Kristian E. Mierzwicki*

*(Via Notice of Electronic Filing from CM/ECF)*