UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-61753-BLOOM/Valle

KRISTIAN E. MIERZWICKI,

    Plaintiff,

v.

CITIGROUP, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court upon Defendant Citibank, N.A.'s Motion to Dismiss Counts II, III, and IV of Plaintiff's Amended Complaint, ECF No. [39] ("Motion to Dismiss"), and Plaintiff Kristian E. Mierzwicki's Motion to Amend the Pleadings, *Nunc Pro Tunc*, ECF No. [63] ("Motion to Amend"). The Court has reviewed the Motions, all supporting and opposing filings, the record in this case, and is otherwise fully advised.

### I. INTRODUCTION

Plaintiff Kristian E. Mierzwicki ("Plaintiff") brings this action against Citigroup, Inc. ("Citi") and its agents for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). *See* Amended Complaint, ECF No. [30]. The claims arise from Citi's unlawful calling of Plaintiff's cellular telephone in order to collect an alleged debt from Plaintiff. *Id.* at ¶¶ 2, 18. From February 21, 2014 to March 3, 2014, Plaintiff purportedly received in excess of twenty-five (25) phone calls from Citi and/or its agents. *See id.* at ¶¶ 27-54. During the course of these calls,

Plaintiff was greeted by either an automated machine-operated voice or a period of "dead air," hold music, and an automated voice that requested Plaintiff "please hold for the next available operator" before a live agent picked up the line. *Id.* at ¶ 19. This process, Plaintiff contends, clearly evinces Citi's utilization of an automatic telephone dialing system. *Id.* at ¶¶ 23-24. At no point did Plaintiff consent to the placement of such calls to his cellular telephone. *See id.* at ¶¶ 56, 62. In fact, Plaintiff had previously registered his telephone number on the National Do-Not-Call List. *Id.* at ¶ 26. Citi now seeks dismissal under Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). When reviewing such a motion, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true.").

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim.  *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III. DISCUSSION

Citi seeks dismissal of Counts II, III, and IV of the Amended Complaint.  In Count II, Plaintiff seeks to recover under § 227(c)(5)(A) of the TCPA.  *See* Amend. Compl. at ¶¶ 70-75.  Under Count III, Plaintiff seeks recovery under the FDCPA.  *Id.* at ¶¶ 77-87.  Count IV seeks recovery pursuant to the FCCPA, Florida Statute § 559.55.  *Id.* at ¶¶ 89-96.  After thorough review of Plaintiff's Amended Complaint, the Court finds that dismissal is warranted.

    A.    **Count II**

Section 227(c)(5)(A) of the TCPA provides a private right of action to individuals who have "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of [related] regulations . . . ."  The TCPA was enacted "to protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile (tax) machines and automatic dialers." S. REP. 102-178, 1, 1991 U.S.C.C.A.N. 1968, 1968.  The term "telephone solicitation" is defined by the TCPA as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services."  47 U.S.C. § 227(a)(4).  Pursuant to the rulemaking authority

granted to the FCC under the TCPA, see 47 U.S.C. § 227(c)(1), the pertinent regulations prohibits a person or entity from making a call for telemarketing purposes to a residential telephone subscriber "unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). Thus, the regulations require, among other things, that telemarketers maintain a "do-not-call list" in order to honor an individual's request not to be called. *See* 47 C.F.R. § 64.1200(d)(1) and (6). Plaintiff's claim is predicated on these provisions, specifically, that Citi initiated non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system when Plaintiff's cellular telephone number was already on the National Do-Not-Call Registry, thereby violation 47 C.F.R. § 64.1200(a). Amend. Compl. at ¶ 70-71.

Citi's challenge to this claim is meritorious. While Count I of Plaintiff's Amended Complaint seeks recovery under the TCPA for the use of an auto-dial system under the TCPA, 47 U.S.C. § 227(b) ("Restrictions on use of automated telephone equipment"), Count II, brought pursuant to § 227(c) of the TCPA requires a "telephone solicitation." *See* 47 U.S.C. § 227(c) (concerning "residential telephone subscribers' privacy rights to avoid receiving *telephone solicitations* to which they object" (emphasis added)); *see also Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 235 (11th Cir. 2011) (noting that § 227(c) "prohibits an entity from making more than one 'telephone solicitation' to the same person within a twelve-month period"). Indeed, the Eleventh Circuit in *Meadows* affirmed the district court's grant of summary judgment on a 47 U.S.C. § 227(c)(5) claim where the calls at issue did not fall under the definition of "telephone solicitations" contained in the statute. Further, the Federal Communications Commission has explicitly advised that "calls solely for the purpose of debt

collection are not telephone solicitations and do not constitute telemarketing" and, therefore, "calls regarding debt collection or to recover payments are not subject to the TCPA's separate restrictions on 'telephone solicitations.'" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 565 (Jan. 4, 2008) (cited with approval in *Meadows* at 236) (hereinafter, "FCC Declaratory Ruling").

The Eleventh Circuit's decision in *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), does not negate *Meadows*' applicability here and Plaintiff's appraisal of the case is incorrect. While the Court in *Osorio* noted that *Meadows* was "of very limited value" to the issue faced therein, it did not, in any respect, vitiate the *Meadows* Court's discussion concerning telephone solicitations under § 227(c). *See id.* at 1250-51. Further, the *Osorio* Court's discussion on the FCC Declaratory Ruling did not suggest that debt collection calls are subject to restrictions under the TCPA. *See* Plaintiff's Response, ECF No. [60] at 4. The *Osorio* Court unequivocally noted that the FCC Declaratory Ruling deems debt collection calls to be exempt from the TCPA's restrictions on "telephone solicitations." *Osorio* at 1254-55.

For these reasons, Count II of Plaintiff's Amended Complaint which seeks recovery under the TCPA's telephone solicitation restrictions merits dismissal.

B.     **Count III**

To establish a claim under the FDCPA, a plaintiff must allege that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012) ("[I]n order to state a plausible FDCPA claim under § 1692e, a plaintiff must allege,

among other things, (1) that the defendant is a 'debt collector' and (2) that the challenged conduct is related to debt collection."). It is axiomatic that the FDCPA "applies only to debt collectors." *Locke v. Wells Fargo Home Mortgage*, 2010 WL 4941456, at *2 (S.D. Fla. Nov. 30, 2010). For the purpose of the FDCPA, a "debt collector" is defined to mean a person who regularly collects debts owed to another person. 15 U.S.C. § 1692a(6).

Citi contends that it cannot be subject to the FDCPA because it is not a "debt collector" as defined by the Act. *See* Motion to Dismiss at 8-10. In response, Plaintiff does not assert that Citi is a debt collector under the Act but, rather, that Citi is not excused from the Act because Plaintiff was not Citi's customer. *See* Plaintiff's Response, ECF No. [60] at 5-6. Plaintiff misses the point. As noted, a fundamental facet of a proper FDCPA claim is that the defendant be a "debt collector" as defined under the Act. *Locke*, 2010 WL 4941456, at *2; *see also Reese*, 678 F.3d at 1216. If Citi is does not meet this definition, Plaintiff's claim must fail. Plaintiff's conclusory assertion that Citi "was a 'debt collector' as said term is defined in 15 U.S.C. § 1692a(6)," Amend. Compl. at ¶ 79, is insufficient to meet its obligation under Rule 8 of the Federal Rules of Civil Procedure. This rings true regardless of whether Plaintiff is Citi's customer or not. *See generally Drossin v. Nat'l Action Fin. Servs., Inc.*, 255 F.R.D. 608, 612 (S.D. Fla. 2009) (noting that because the FDCPA is "designed to protect consumers" and is "liberally construed to effect its purpose," it extends such protection to those who owe or *allegedly* owe a debt).

Plaintiff's representation that Citi's "agents, representatives, and/or employees" were responsible for the calls in question does nothing to clarify the matter. This vague allegation that a hypothetical "agent" of Citi was the entity which attempted to collect the debt does not satisfy the requirement that Plaintiff plead facts, at a minimum, supporting an inference that Citi was a

debt collector as that term is defined by the FDCPA. Absent such facts, Citi falls outside the purview of the FDCPA. Accordingly, this claim must be dismissed. However, Plaintiff shall be permitted leave to amend if he is able to plead facts confirming that Citi is a "debt collector" under the FDCPA. *See* Fed. R. Civ. P. 15(a) (requiring that leave to amend be given "freely . . . when justice so requires").

### C. Count IV

The FCCPA, Florida's equivalent to the federal FDCPA, requires substantially the same elements in order to state a claim for relief. *Ziemniak v. Goede & Adamczyk, PLLC*, No. 11-62286-CIV, 2012 WL 5868385, at *2 (S.D. Fla. Nov. 19, 2012) ("The FCCPA has parallel requirements [to the FDCPA] to state a claim.") (citation omitted). Notwithstanding the similarity, the elements are distinguishable in certain respects. For instance, "the FCCPA is not restricted to debt collectors, as Fla. Stat. § 559.72(7) specifically provides that 'in collecting consumer debts, *no person shall* . . .' engage in the prohibited collection practices delineated in the statute." *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1372 (S.D. Fla. 2011) (citing *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809, 812 (Fla. 4th DCA 2002)) (emphasis in original). However, the claims are identical in the sense that both apply solely to consumer debt. *Deutsche Bank Nat. Trust Co. v. Foxx*, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013) (citing Fla. Stat. § 559.55(1)). The FCCPA makes certain that "in construing its provisions, 'due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act.'" *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 839 (11th Cir. 2010) (quoting Fla. Stat. § 559.77(5)).

Citi's argument for dismissal of Count IV hinges on whether Plaintiff is a "debtor" under

the FCCPA as the Act clearly provides a right of action only to "debtors." *See* Fla. Stat. § 559.77(1) ("A *debtor* may bring a civil action against a person violating the [FCCPA] . . . ." (emphasis supplied)). A "debtor" is defined under the FCCPA as "any natural person obligated *or allegedly obligated to pay* any debt." Fla. Stat. § 559.55(8) (emphasis added). Because the calls at issue were not directed to Plaintiff, Citi contends that he cannot fit the bill.[1] However, the Amended Complaint is unclear in this respect.

While the parties seem to agree that this litigation involves a case of mistaken identity as the calls at issue were not directed to Plaintiff, the content or nature of the calls is not disclosed in the Complaint. All that can be said is that the calls were placed to collect an "alleged debt." No specificity regarding the debt is included, namely, whether the debt was purportedly one of Plaintiff's. Indeed, if the content of the calls did not indicate that Plaintiff himself was obligated to pay a debt, then Plaintiff would presumably lack standing to bring such a claim. *See Smith v. Markone Fin., LLC*, No. 3:13-CV-933-J-32MCR, 2015 WL 419005, at *4-5 (M.D. Fla. Feb. 2, 2015) (determining that plaintiff lacked standing to bring FCCPA claim where the parties agreed that the plaintiff was not obligated to pay the debt). Thus, it is unclear from the face of the Amended Complaint as to whether Plaintiff's claim under the FCCPA is proper and the Court is unable to resolve the issue. Amendment is necessary.[2]

---

[1] Inexplicably, Plaintiff argues an issue concerning whether Citi can qualify as a "person" under the FCCPA. *See* Plaintiff's Response, ECF No. [60] at 8. At no point does Citi's Motion to Dismiss raise this issue and, therefore, the Court need not address it further.

[2] Any reliance on *Desmond v. Accounts Receivable Mgmt., Inc.*, 72 So. 3d 179 (Fla. 2d DCA 2011) on Plaintiff's behalf is misplaced. Not only is the case misquoted, but the discussion presented concerns claims brought under § 559.72(7), which provides that a person collecting a debt shall not "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family[.]" *Id.* at 181 (quoting Fla. Stat. § 559.72(7)). Plaintiff's

## IV. CONCLUSION

A snail would find the speed at which this action has progressed to be slow. Plaintiff commenced this action on July 31, 2014, and, more than one year later, the litigation has not proceeded past the pleading stage. Since the filing of this action, Plaintiff has had five attorney's represent him, four of which have been terminated as counsel of record for various reasons. Nevertheless, justice requires the Court to allow Plaintiff a final opportunity to amend in light of the findings contained herein.

It is, therefore, **ORDERED AND ADJUDGED** that Defendant Citibank, N.A.'s Motion to Dismiss Counts II, III, and IV of Plaintiff's Amended Complaint, **ECF No. [39]**, is **GRANTED**. As the Court grants leave to amend on the specific Counts at issue, Plaintiff Kristian E. Mierzwicki's Motion to Amend the Pleadings, *Nunc Pro Tunc*, **ECF No. [63]**, is **DENIED AS MOOT**. Any amendment, limited to the issues presented herein, shall be filed **on or before September 9, 2015**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of August, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

claim is brought under a distinct subsection, § 559.72(9), and, accordingly, *Desmond*'s discussion is inapposite.