-1-

SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-CIV-61753-BLOOM/Valle

KRISTIAN E. MIERZWICKI,

      Plaintiff,

vs.

CITIGROUP, INC.,

      Defendant.

_____/

## PLAINTIFF'S SECOND AMENDED COMPLAINT
## FOR DAMAGES AND INJUNCTIVE RELIEF

    Plaintiff, KRISTIAN E. MIERZWICKI, by and through his undersigned counsel, hereby sues the above-named Defendant, and states:

### I. PRELIMINARY STATEMENT

    This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief and Damages against CITI, for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et. seq.* ("FCCPA").  Plaintiff alleges that Defendant has either itself or through its agents, servants, and/or contractors, who may have acted with CITI's full knowledge and direction, unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in

-2-

direct contravention with the aforesaid statutes.  Furthermore, Plaintiff seeks injunctive relief as well as damages, attorney's fees and costs in accordance with the FDCPA, FCCPA, and the TCPA.

## II. PARTIES

1.     Plaintiff, KRISTIAN E. MIERZWICKI, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3), Florida Statutes §559.55(2) and a natural "person" as defined by 47 U.S.C. §152(32).

2.     At all times material hereto, Defendant, CITI, was and is a foreign corporation, formed under the laws of the State of Delaware has its principal place of business in New York.

3.     At all time material hereto, CITI has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed or/or terminated telecommunications.  47 U.S.C. §153(16).

4.     At all times material hereto, CITI engaged in "interstate communications" as defined by the TCPA. 47 U.S.C. §153(28).

5.     At all times material hereto, CITI has used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce.  47 U.S.C. §153(59).

6.     At all times material hereto, CITI has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA.  47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

-3-

7.     At all times material hereto, Defendant is a "person" as that term is defined under Florida Statute §559.72 and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## III. JURISDICTION AND VENUE

8.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1337, and 47 U.S.C. §227.[1]

9.     Additionally, this court has supplemental jurisdiction over the Plaintiff's FCCPA state claims pursuant to 28 U.S.C. §1367.

10.     Venue in this District is proper in that the Defendant, by virtue of the calls, has transacted business within this District, because the conduct complained of occurred here, and because the Plaintiff resides here.

## IV.  THE PARTIES

11.     Plaintiff, KRISTIAN E. MIERZWICKI, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3), Florida Statutes §559.55(2) and a natural "person" as defined by 47 U.S.C. §152(32).

12.     At all times material hereto, Defendant, CITI, was and is a foreign corporation, formed under the laws of the State of Delaware has its principal place of business in New York.

13.     At all time material hereto, CITI has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed or/or terminated telecommunications.  47 U.S.C. §153(16).

---

[1] Federal courts have jurisdiction over private suits arising under the TCPA.  *Mims v. Arrow Financial Services, LLC.,* 132 S. Ct. 740 (2012).

-4-

14.     At all times material hereto, CITI engaged in "interstate communications" as defined by the TCPA. 47 U.S.C. §153(28).

15.     At all times material hereto, CITI has used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce.  47 U.S.C. §153(59).

16.     At all times material hereto, CITI has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA.  47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

17.     At all times material hereto, Defendant CITI is a "person" as that term is defined under Florida Statute §559.72.

18.     At all times material hereto, CITI authorized third-party debt collection services to attempt to collect a debt on CITI's behalf.

19.     In each circumstance, the person on the phone indicated that they were CITI.

20.     In regards to calls from many of the numbers, a call back to the number was answered by an automated operator, which stated "Thank you for calling Citibank."

21.     The Plaintiff relied on the caller's representation that the caller was Citibank;

22.     After receiving numerous of these calls, Plaintiff pressed the agents who eventually came on the line, and many admitted that they were not CITI, but instead were a third party collecting a debt owed to CITI.

23.     On information and belief, each third-party caller was acting as CITI's agent pursuant to authority granted to it by CITI.

-5-

24.     On information and belief CITI granted the agent such authority to represent that the agent was CITI because each caller referenced one of the same three CITI customer accounts, none of which belonged to Plaintiff.

25.     On information and belief, CITI furnished the various callers with Plaintiff's cellular phone number with the intent that the caller call the Plaintiff's cellular number for a non-emergency purpose.

26.     The information as to the relationship between CITI and the numerous third-party callers is wholly within CITI's possession.

27.     Discovery will reveal the exact nature and/or relationship between CITI and the various callers.

28.     Each of the third-party callers represented that they were calling on behalf of CITI to collect a debt from one of at least three separate CITI customers.

29.     Each of the calls received by Plaintiff were received during the relevant time period with such temporal proximity, and related to the same CITI customers, that it is Plaintiff's belief that they were all interconnected.

The Third-Party Callers

30.     On information and belief, and at all times material hereto, United Collections Bureau, Inc. ("UCB"), was and is a foreign corporation, formed under the laws of the State of Ohio, and on information and belief, has its principal place of business in Ohio.

31.     On information and belief, and at all times material hereto, UCB, was acting on behalf of CITI as its agent under the actual, apparent, or implied authority of CITI.

-6-

32.     On information and belief, and at all times material hereto, UCB has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed or/or terminated telecommunications.  47 U.S.C. §153(16).

33.     On information and belief, and at all times material hereto, UCB engaged in "interstate communications" as defined by the TCPA. 47 U.S.C. §153(28).

34.     On information and belief, and at all times material hereto, UCB has used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce.  47 U.S.C. §153(59).

35.     On information and belief, and at all times material hereto, UCB has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA.  47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

36.     On information and belief, and at all times material hereto, United Recovery Systems, LP ("URS"), was and is a foreign corporation, formed under the laws of the State of Texas, and on information and belief, has its principal place of business in Texas.

37.     On information and belief, and at all times material hereto, URS, was acting on behalf of CITI as its agent under the actual, apparent, or implied authority of CITI.

38.     On information and belief, and at all times material hereto, URS has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed or/or terminated telecommunications.  47 U.S.C. §153(16).

39.     On information and belief, and at all times material hereto, URS engaged in "interstate communications" as defined by the TCPA. 47 U.S.C. §153(28).

-7-

40.     On information and belief, and at all times material hereto, URS has used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce.  47 U.S.C. §153(59).

41.     On information and belief, and at all times material hereto, URS has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA.  47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

42.     On information and belief, and at all times material hereto, Midland Recovery Management, Inc. ("MIDLAND"), was and is a foreign corporation, formed under the laws of the State of California, and on information and belief, has its principal place of business in California.

43.     On information and belief, and at all times material hereto, MIDLAND was acting on behalf of CITI as its agent under the actual, apparent, or implied authority of CITI.

44.     On information and belief, and at all times material hereto, MIDLAND has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed or/or terminated telecommunications.  47 U.S.C. §153(16).

45.     On information and belief, and at all times material hereto, MIDLAND engaged in "interstate communications" as defined by the TCPA. 47 U.S.C. §153(28).

46.     On information and belief, and at all times material hereto, MIDLAND has used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce.  47 U.S.C. §153(59).

47.     On information and belief, and at all times material hereto, MIDLAND has used,

-8-

controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA.  47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

48.     On information and belief, and at all times material hereto, John Does Numbers 1-10, were companies whose names and locations are unknown to Plaintiff at this time (the "Doe Callers"), who called about the same alleged debt and CITI customer accounts, but who spoofed their numbers so that their specific identity is not as yet ascertainable.

49.     On information and belief, and at all times material hereto, the Doe Callers were acting on behalf of CITI as its agent under the actual, apparent, or implied authority of CITI.

50.      On information and belief, and at all times material hereto, the Doe Callers have owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed or/or terminated telecommunications.  47 U.S.C. §153(16).

51.      On information and belief, and at all times material hereto, the Doe Callers engaged in "interstate communications" as defined by the TCPA. 47 U.S.C. §153(28).

52.     On information and belief, and at all times material hereto, the Doe Callers have used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce.  47 U.S.C. §153(59).

53.     On information and belief, and at all times material hereto, the Doe Callers have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

54.     On information and belief, and at all times material hereto, the Doe Callers have shielded their identities and locations by use of caller identification blocking devices, thereby

-9-

obscuring their true identities.

The TCPA

55. The TCPA prohibits any person from making

> (1)      ... any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice; ...
>
> (iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

56. Under the TCPA, Plaintiff is entitled to Statutory damages, for each call which violates 47 U.S.C. §227(b)(1)(iii).

57. Under the TCPA, Plaintiff is entitled to additional statutory damages for each call which violates one or more of the regulations promulgated under Section 227.

58. Stacking of violations for calls which violate more than one provision of the TCPA or the regulations promulgated thereunder is permissible.

59. Upon information and belief, Defendant, CITI, by and through the third-party callers who were actual or apparent agents, representatives, and/or employees of CITI, and who were acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system placing numerous telephone calls to Plaintiff's cellular telephone.

60. Upon answering any of these calls, Plaintiff was greeted by either (a) an

-10-

automated machine-operated voice that immediately began reading a script before automatically disconnecting; (b) an automated, machine-operated voice; or (c) a period of "dead air," hold music, or an automated, machine-operated voice that asked him to "please hold for the next available operator" before a live agent came on the line.

61.    It is apparent that CITI and each of the third-party callers were using automatic telephone dialing systems due to the long delays that occurred before any representative of the caller would begin speaking once Plaintiff answered the call from the particular caller.

62.    Additionally, Section 64.1200(b)(2), Title 47, C.F.R., prohibits delivery of an artificial or prerecorded telephone message that does not state clearly the telephone number of such business, other entity, or individual.

63.    During many of the calls, an artificial or prerecorded telephone message was left which did not state clearly the telephone number of such business, other entity, or individual.

64.    Similarly, Section 64.1200(b)(1), Title 47, C.F.R., prohibits delivery of an artificial or prerecorded telephone message that does not, at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for making the call.

65.    During many of the calls, an artificial or prerecorded telephone message was left which did not state clearly the identity of such business, individual, or other entity.

66.    At no time whatsoever, was the Plaintiff a customer of CITI.

67.    CITI is therefore not a creditor of Plaintiff.

68.    The FCCPA prevents debt collectors and "persons," respectively, from engaging

-11-

in abusive, deceptive and unfair collection practices.

69.     The FCCPA applies to creditors as well as third party debt collectors.  While the Act does not define the term "person," it mandates that "no person" shall engage in certain practices in collecting consumer claims whether licensed by the division or not.  This court has held that this language includes all allegedly unlawful attempts at collecting consumer claims. Williams v. Streeps Music Co., 333 So.2d 65, 67 (Fla. 4th DCA 1976).

The Calls

70.     During the relevant time period, Plaintiff received repeated calls originating from telephone numbers 800-388-2200.

71.     For most calls, there was a delay after answering until a person came on the line.

72.     During at least one of the calls, the caller identified that it was an "attempt to collect a debt" on behalf of CITI.

73.     Each of 800-388-2200 calls was made to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

74.     CITI's methods of contacting Plaintiff via the 800-388-2200 number is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system.[2]

75.     Defendant CITI made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular

---

[2] *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14091-92 (2003).

-12-

telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

76.     Plaintiff's cellular telephone number is (305) 924-8488.

77.     Plaintiff at no time consented to receiving the calls from 800-388-2200.

78.     Upon information and belief, the following is a partial list of the calls made by CITI from the 800-388-2200 number to Plaintiff's cellular phone in an attempt to collect a debt not owed by Plaintiff:[3]

| PHONE NUMBER | DATE OF CALL | TIME OF CALL |
|---|---|---|
| 800-388-2200 | 2/21/14 | 9:09 AM |
| 800-388-2200 | 2/21/14 | 8:41 PM |
| 800-388-2200 | 2/22/14 | 4:50 PM |
| 800-388-2200 | 2/23/14 | 2:41 PM |
| 800-388-2200 | 2/24/14 | 9:34 AM |
| 800-388-2200 | 2/24/14 | 9:47 PM* |
| 800-388-2200 | 2/25/14 | 8:58 AM |
| 800-388-2200 | 2/26/14 | 9:56 AM |
| 800-388-2200 | 2/26/14 | 11:40 AM |
| 800-388-2200 | 2/26/14 | 11:42 AM |
| 800-388-2200 | 2/26/14 | 3:18 PM |
| 800-388-2200 | 2/26/14 | 8:35 PM |
| 800-388-2200 | 2/27/14 | 9:06 AM |
| 800-388-2200 | 2/27/14 | 2:06 PM |
| 800-388-2200 | 2/27/14 | 3:59 PM |
| 800-388-2200 | 2/27/14 | 7:54 PM |

79.     A search of the internet reveals that this number is associated with either with CITI directly, or a debt collection service making calls on CITI'S behalf.

_____

[3] Plaintiff has requested all phone records for his cellular account to identify all calls received, and this chart is simply a sampling of the calls received from this number.  On information and belief there are somewhere between 30 and 50 such calls from 800-388-2200.

-13-

80.    The 800-388-2200 calls were either placed on behalf of CITI by a third-party at CITI's direction, or were placed directly by CITI, without the caller identifying his or herself as a CITI employee.

81.    The sparse discovery provided by CITI thus far indicates that it directed the calls to be made by the 800-388-2200 number.

The UCB calls

82.    During the relevant time period, Plaintiff received repeated calls originating from telephone number 954-236-6083.[4]

83.    For most calls, there was a delay after answering until a person came on the line.

84.    During at least one of the calls, the caller identified that the caller was UCB calling on behalf of Citi in an "attempt to collect a debt" owed to CITI.

85.    Each of 954-236-6083 calls was made to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

86.    UCB's methods of contacting Plaintiff via the 954-236-6083 number is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system.[5]

87.    UCB made the aforementioned telephone calls knowing that they were using an

---

[4] The UCB calls originated from this number as well as 954-236-6069 and 954-236-6074.  For ease of understanding the chart only refers to the calls initiated from the 954-236-6083 number. Again, the chart is just a sampling of the calls received from UCB.

[5] *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14091-92 (2003).

-14-

automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

88.     Plaintiff's cellular telephone number is (305) 924-8488.

89.     At all times material hereto, (305) 924-8488 was registered on the National Do-Not-Call Registered List.

90.     Upon information and belief, the following is a partial list of the calls made by UCB on behalf of CITI from the 954-236-6083 number to Plaintiff's cellular phone in an attempt to collect a debt not owed by Plaintiff:[6]

| PHONE NUMBER | DATE OF CALL | TIME OF CALL |
|---|---|---|
| 954-236-6083 | 4/7/14 | 2:23 PM |
| 954-236-6083 | 4/14/14 | 10:02 AM |
| 954-236-6083 | 5/20/14 | 5:04 PM |
| 954-236-6083 | 5/21/14 | 12:24 PM |
| 954-236-6083 | 5/22/14 | 4:23 PM |
| 954-236-6083 | 5/28/14 | 2:38 PM |
| 954-236-6083 | 6/6/14 | 2:34 PM |
| 954-236-6083 | 6/18/14 | 1:21 PM |
| 954-236-6083 | 6/25/14 | 6:43 PM |
| 954-236-6083 | 6/26/14 | 1:34 PM |
| 954-236-6083 | 6/27/14 | 9:04 AM |
| 954-236-6083 | 7/1/14 | 7:09 PM |
| 954-236-6083 | 7/15/14 | 8:33 PM |
| 954-236-6083 | 7/16/14 | 8:11 PM |
| 954-236-6083 | 7/21/14 | 5:49 PM |
| 954-236-6083 | 7/24/14 | 9:41 AM |

---

[6] Plaintiff has requested all phone records for his cellular account to identify all calls received, and this chart is simply a sampling of the calls received from this number.  On information and belief there are somewhere between 30 and 50 such calls from 954-236-6083.

-15-

The URS calls

91.     During the relevant time period, Plaintiff received repeated calls originating from telephone number 855-253-4242.[7]

92.     For most calls, there was a delay after answering until a person came on the line.

93.     During at least one of the calls, the caller identified that the caller was URS calling on behalf of Citi in an "attempt to collect a debt" owed to CITI.

94.     Each of 855-253-4242 calls was made to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

95.     URS's methods of contacting Plaintiff via the 855-253-4242 number is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system.[8]

96.     URS made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

97.     Plaintiff's cellular telephone number is (305) 924-8488.

98.     At all times material hereto, (305) 924-8488 was registered on the National Do-

---

[7] The URS calls originated from this number as well as, on information and belief, 855-344-0244 and 855-213-3226.  For ease of understanding the chart only refers to the calls initiated from the 855-253-4242 number.  Again, the chart is just a sampling of the calls received from URS.

[8] *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14091-92 (2003).

-16-

Not-Call Registered List.

99.     Upon information and belief, the following is a partial list of the calls made by URS on behalf of CITI from the 855-253-4242 number to Plaintiff's cellular phone in an attempt to collect a debt not owed by Plaintiff:[9]

| PHONE NUMBER | DATE OF CALL | TIME OF CALL |
|---|---|---|
| 855-253-4242 | 6/27/14 | 9:42 AM |
| 855-253-4242 | 7/11/14 | 4:35 PM |
| 855-253-4242 | 7/17/14 | 12:15 PM |
| 855-253-4242 | 7/18/14 | 11:27 AM |
| 855-253-4242 | 7/19/14 | 10:00 AM |
| 855-253-4242 | 7/21/14 | 7:38 PM |
| 855-253-4242 | 7/24/14 | 8:16 AM |
| 855-253-4242 | 7/24/14 | 3:38 PM |

The MIDLAND calls

100.    During the relevant time period, Plaintiff received repeated calls originating from telephone number 877-237-0512.[10]

101.    On information and belief these calls originated from MIDLAND, as Plaintiff returned one call to inquire what the repeated calls with no messages left.

102.    During at least one of the calls, the caller identified that the caller was MIDLAND trying to reach another person in an "attempt to collect a debt" owed to CITI.[11]

---

[9] Plaintiff has requested all phone records for his cellular account to identify all calls received, and this chart is simply a sampling of the calls received from this number.  On information and belief there are many additional calls which trace back to URS.

[10] Plaintiff has requested all phone records for his cellular account to identify all calls received, and this chart is simply a sampling of the calls received from this number.  On information and belief there are approximately 80 calls from MIDLAND.

[11] The Plaintiff's number appears to listed by CITI as the proper number to reach three or more

-17-

103.    Plaintiff informed MIDLAND that he was on the National "Do Not Call" Registry, and instructed them to stop calling.

104.    On information and belief, each of 877-237-0512 calls was made to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

105.    MIDLAND's method of contacting Plaintiff via the 877-237-0512 number is indicative of its ability to dial numbers without any human intervention in the calling process.

106.    Defendant MIDLAND made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

107.    Plaintiff's cellular telephone number is (305) 924-8488.

108.    At all times material hereto, (305) 924-8488 was registered on the National Do-Not-Call Registered List.

109.    Upon information and belief, the following is a partial list of the calls made by MIDLAND on behalf of CITI from the 877-237-0512 number to Plaintiff's cellular phone in an attempt to collect a debt not owed by Plaintiff:

| PHONE NUMBER | DATE OF CALL | TIME OF CALL |
| --- | --- | --- |
| 877-237-0512 | 1/26/14 | 2:23 PM |
| 877-237-0512 | 1/27/14 | 2:24 PM |

of CITI's customers.   The Midland representative would not reveal if he was attempting to collect a debt on behalf of CITI, however, he stated that he was looking for one of the three or more CITI customers related to the calls from CITI,UBS and URS.

-18-

| 877-237-0512 | 1/27/14 | 7:14 PM |
|---|---|---|
| 877-237-0512 | 1/28/14 | 5:47 PM |
| 877-237-0512 | 1/29/14 | 4:44 PM |
| 877-237-0512 | 1/29/14 | 8:40 PM |
| 877-237-0512 | 1/30/14 | 6:01 PM |
| 877-237-0512 | 1/31/14 | 2:29 PM |

The John Doe calls

110.    During the relevant time period, Plaintiff received repeated calls originating from the following telephone numbers: 855-883-5652;[12] 000-000-0000; 202-864-1726; 202-602-0420

111.    On information and belief, each of the John Doe calls was made to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

112.    Plaintiff's cellular telephone number is (305) 924-8488.

113.    At all times material hereto, (305) 924-8488 was registered on the National Do-Not-Call Registered List.

114.    Plaintiff did not expressly consent to CITI's either calling Plaintiff's cellular telephone directly, or its directing others to do so, by the use of an automatic telephone dialing system or a prerecorded or artificial voice prior to Defendant's placements of these calls.

115.    Plaintiff was damaged by these illegal calls.  His privacy was improperly invaded minutes were used from his cell phone plans and he was forced to spend time tending to

---

[12] Plaintiff has not yet been able to identify the callers from these numbers.  The first number, 855-883-5652 appears to be from a company entitled MCG Financial Services, which also appears to operate under numerous pseudonyms.  While this entity indicated that it was pursuing an account on behalf of CITI, Plaintiff requires discovery in order to determine the proper party to name, and accordingly adds this entity as a John Doe Defendant.  The remaining numbers were blocked and unidentified.

-19-

unwanted calls.

116.    None of the telephone calls placed to Plaintiff's cellular phone were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

117.    Upon information and belief, CITI knew its collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

118.    There is no exception or justification for the numerous violations of the TCPA by CITI itself or via the additional third-party callers, who were CITI's agents, whether actual or implied.

119.    Each call to the cellular phone of Plaintiff is a separate violation and entitles Plaintiff to statutory damages pursuant to 47 U.S.C. §227(b)(3) and 47 U.S.C. §227(c)(5)(B).

120.    Defendant called Plaintiff's cellular telephone number without prior express consent.  CITI attempted to collect an alleged consumer debt from Plaintiff, who (1) never owed the debt attempting to be collected; and (2) never authorized the automated placement of calls to his cellular telephone.  Plaintiff did not furnish his cellular telephone number to either CITI or any of the third party callers.

121.    Furthermore, CITI and the third party callers called Plaintiff's cellular telephone number after Plaintiff's telephone number was listed on the National Registered Do-Not-Call List.[13]

---

[13] The Court in its Order Granting Defendant's Motion to Dismiss did not provide Plaintiff with leave to amend Count II of the First Amended Complaint which set forth a claim under 47 U.S.C. (c)(5) because it found that a debt collection call did not fall within the purview of the

-20-

122.    CITI directly, and by directing its representative, agents, and/or employees willfully and knowingly violated the TCPA and the regulations promulgated thereunder to the extent that the Court may, in its discretion, increase the amount of statutory damages to One Thousand Five Hundred ($1,500.00) per call pursuant to 47 U.S.C. §227(b)(3) and 47 U.S.C. § 227(c)(5)(B).

## VI.  CLAIMS FOR RELIEF

### COUNT I
### (Violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii))

123.    Plaintiff realleges and reaffirms the allegations contained in Paragraphs 1 through 122 above as if fully set forth herein.

124.    CITI placed many non-emergency calls, including but not limited to the calls referenced in Paragraphs 70, 90, 99, and 109, to Plaintiff's cellular telephone using automatic telephone dialing systems in violation of 47 U.S.C. §227(b)(1)(A)(iii).

125.    Each call to the cellular telephone of Plaintiff is a separate violation and entitles Plaintiff to statutory damages against each Defendant pursuant to 47 U.S.C. §227(b)(3).

126.    Under 47 U.S.C. §227(b)(3)(B), a person whose rights under this statutory subsection have been violated is entitled to "actual monetary loss from such a violation, or to receive $500.00 in damages for each such violated, whichever is greater," and if the violation is willful or knowing, "the court may, in its discretion, increase the amount of the award to an

---

TCPA's prohibition against calls made to individuals on the "Do Not Call List."  However, this Court has previously held under the same facts alleged in this case that such debt collection calls did violate this section, and in fact awarded statutory damages to this Plaintiff in that case. Plaintiff intends to file a motion for reconsideration of that part of the Court's order dismissing Count II and denying permission to amend.

-21-

amount equal to not more than 3 times" that amount. 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, KRISTIAN E. MIERZWICKI, requests that this Court enter judgment in favor of Plaintiff and against CITI for:

a.      $500 dollars in statutory damages for each violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(3)(B) over the last four (4) years;

b.      $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA, 47 U.S.C. §227(b)(3)(C), over the last four (4) years;

c.      a permanent injunction prohibiting each Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

d.      the attorney's fees, expenses, and other costs of the instant suit; and

e.      such further relief as this Court deems just and proper.

**COUNT II**
**(Violation of Regulations promulgated under the TCPA, Section 64.1200(b)(2), Title 47, C.F.R.)**

127.    Plaintiff realleges and reaffirms the allegations contained in Paragraphs 1 through 122 above as if fully set forth herein.

128.    CITI placed many non-emergency calls, including but not limited to the calls referenced in Paragraphs 70, 90, 99, and 109, to Plaintiff's cellular telephone using automatic telephone dialing systems in violation of 47 U.S.C. §227(b)(1)(A)(iii).

129.    In violation of Section 64.1200(b)(2), Title 47, C.F.R., a Regulation promulgated pursuant to the TCPA, CITI caused an artificial or prerecorded telephone message to be left on

-22-

Plaintiff's cellular phone which did not state clearly the telephone number of such business, other entity, or individual.

130.    In violation of Section 64.1200(b)(1), Title 47, C.F.R., a Regulation promulgated pursuant to the TCPA, Citi caused an artificial or prerecorded telephone message to be left on Plaintiff's cellular phone, which message failed to state clearly the identity of such business, individual, or other entity making the call.

131.    At no time whatsoever, was the Plaintiff a customer of CITI.

132.    Plaintiff never consented to any of the calls being made to his cellular telephone.

133.    Each call to the cellular telephone of Plaintiff is a separate violation and entitles Plaintiff to statutory damages against each Defendant pursuant to 47 U.S.C. §227(b)(3).

134.    Under 47 U.S.C. §227(b)(3)(B), a person whose rights under this statutory subsection have been violated is entitled to "actual monetary loss from such a violation, or to receive $500.00 in damages for each such violated, whichever is greater," and if the violation is willful or knowing, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times" that amount. 47 U.S.C. §227(b)(3)(C).

135.    The statutory damages are "stackable," and to the extent one phone call violates any section of the TCPA or a rule promulgated under the TCPA, damages are awardable for each violation.

WHEREFORE, Plaintiff, KRISTIAN E. MIERZWICKI, requests that this Court enter judgment in favor of Plaintiff and against CITI for:

a.      $500 dollars in statutory damages for each violation of the TCPA, 47 U.S.C.

22

-23-

§227(b)(1)(A)(iii), 64.1200(b)(2), Title 47, C.F.R., and 64.1200(b)(1), Title 47, C.F.R., over the last four (4) years;

b.    $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA, 47 U.S.C. §227(b)(3)(C), over the last four (4) years;

c.    a permanent injunction prohibiting each Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

d.    the attorney's fees, expenses, and other costs of the instant suit; and

e.    such further relief as this Court deems just and proper.

## COUNT III
## Vicarious Liability of CITI

136.    Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 122 above as if sully set forth herein.

137.    CITI is vicariously liable for the each of the third party callers' violations as set forth above.

138.    As more fully set forth in paragraphs 20 through 29, each and every third party caller was acting at CITI's direction, and in furtherance of CITI's interests when making the unauthorized calls to Plaintiff's cell phone.

139.    As a direct and proximate result of the negligence of CITI in verifying its authorization to communicate with Plaintiff via his cell phone, or in ensuring that it did not provide third party's with Plaintiff's cell phone, as set forth herein, Plaintiff suffered the injuries and damages set forth in Counts I and II above.

-24-

WHEREFORE, Plaintiff, KRISTIAN E. MIERZWICKI, requests that this Court enter judgment in favor of Plaintiff and against CITI for:

a.      $500 dollars in statutory damages for each violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), 64.1200(b)(2), Title 47, C.F.R, and 64.1200(b)(1), Title 47, C.F.R., over the last four (4) years; whether committed by CITI or by CITI's agents, namely the third party callers;

b.      $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA, 47 U.S.C. §227(c)(5), whether committed by CITI or by CITI's agents, namely the third party callers;

c.      a permanent injunction prohibiting CITI from providing Plaintiff's cell phone number to any other party, company, individual, or organization;

d.      the attorney's fees, expenses, and other costs of the instant suit; and

e.      such further relief as this Court deems just and proper.

## COUNT IV
### (Violation of Florida Statute §§ 559.55(7), (9))

140.    Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 122 above as if fully set forth herein.

141.    At all times material hereto, each of the callers tried to collect a "debt" or

-25-

"consumer debt" from Plaintiff as said term is defined under Florida Statute §559.55(1).

142.    At all times material hereto, Plaintiff was an alleged "debtor" or "consumer debtor" as defined under Florida Statute §559.55(2).  Specifically, this Section defines a debtor as one who is  . . . "allegedly obligated" to pay a debt.

143.    Plaintiff meets the definition of a debtor under the FCCPA because CITI, and its agents, representatives, and/or employee's calls relayed the message that Plaintiff was obligated to pay the debt CITI was trying to collect, and those same agents, representatives, and/or employees refused to believe that Plaintiff did not owe the debt.

144.    Under the FCCPA, the question of whether a particular person is a debtor is whether a defendant communicates to the alleged debtor that they are obligated for a debt.  *See Fini v. Dish Network, LLC*, 955 F.Supp.2d 1288 (M.D. Fla. 2013) (citing the holding in *Desmond v. Accounts Receivable Mngm't., Inc.,* 72 So.3d 179, 181 (Fla. 2d DCA 2011) interpreting Section 559.55(7) and applying it equally to Section 559.55(9), Fla. Stat.)

145.    At all times material hereto, in violation of Fla. Stat. § 559.55(9) CITI either directly or through its agents, representatives, and/or employees "attempted, or threaten[ed] to enforce a debt when [it knew – at the very latest, after the first call] that the debt [was] not legitimate."

146.    At all times material hereto, CITI in violation of Fla. Stat. § 559.55(7) CITI either directly or through its agents, representatives, and/or employees willfully communicated with Plaintiff, the alleged debtor, with such frequency "as c[ould] reasonably be expected to harass the [alleged] debtor.

-26-

147.   As more particularly described above, CITI, itself has violated the Florida Consumer Collection Practices Act ("FCCPA") in that it has asserted the existence of a legal right when it knew that the right did not exist in contravention of Florida Statute §559.72(9), to wit: the right to collect a debt against the wrong individual.

148.   As a direct and proximate result of the violation of the FCCPA by CITI, the Plaintiff is entitled to recover actual damages together with statutory damages pursuant to Florida Statute §559.77(2).

149.   Pursuant to Florida Statute §559.77, the Court is empowered to enjoin CITI from further violation of the Act and to direct such other and further equitable relief as my be necessary and proper.

150.   Plaintiff has sustained an ascertainable loss as a result of the CITI's acts.

151.   Pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recover reasonable attorney's fees and costs for the filing of the instant action.

152.   Pursuant to Florida law, Plaintiff seeks a declaration that CITI's practices are in violation of the FCCPA, including but not limited to Fla. Stat.  §559.72(7), which states that it is a violation to "willfully communication with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

WHEREFORE, Plaintiff, KRISTIAN E. MIERZWICKI, requests that this Court enter judgment in favor of Plaintiff and against CITI for:

-27-

a.      actual damages;

b.      statutory damages of $1,000.00;

c.      a permanent injunction prohibiting CITI from calling Plaintiff regarding the
alleged debt;

c.      attorney's fees, litigation expenses, and costs of the instant suit; and

d.      such other and further relief of the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Kristian E. Mierzwicki, pursuant to Rule 28(b), Federal Rules of Civil
Procedure, demands a jury trial of all issues so triable

Dated this 9th day of September, 2015.

WEISS, HANDLER & CORNWELL, P.A.
*Attorneys for Prime Plus Acquisition Corp.*
*and John E. Dell*
One Boca Place – Suite 218-A
2255 Glades Road
Boca Raton, Florida  33431
Phone: 561-997-9995
Fax: 561-997-5280

By: _/s_____
    WILLIAM J. CORNWELL, ESQ.
    Florida Bar No.:  0782017
    wjc@weissandhandlerpa.com
    filings@weissandhandlerpa.com
    SYLVIA L. WENGER, ESQ.
    Florida Bar No.: 125148
    slw@weissandhandlerpa.com
    ma@weissandhandlerpa.com
    SETH A. KOLTON, ESQ.
    Florida Bar No.: 0021045
    sak@weissandhandlerpa.com

-28-

cb@weissandhandlerpa.com

-29-

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF on September 9, 2015.  I also certify that the foregoing document is being served this day on all counsel of records identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

**Weiss, Handler & Cornwell, P.A.**
Attorney for Plaintiff
2255 Glades Road, Suite 218-A
Boca Raton, FL  33431
Telephone: 561-997-9995
Facsimile: 561-997-8052
E-Mail: slw@weissandhandlerpa.com


BY*:   /s/ Sylvia L. Wenger, Esq.*
        Sylvia L. Wenger, Esquire
        Florida Bar No.: 125148

29