UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-61753-CIV-BLOOM/Valle

KRISTIAN E. MIERZWICKI,

       Plaintiff,

v.

CITIGROUP INC.,

       Defendant.
_____/

**DEFENDANT, CITIBANK, N.A.'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION TO STRIKE,
PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE
AND FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendant, CITIBANK, N.A. ("Citibank"), by and through the undersigned counsel, and files this Motion to Dismiss or, in the alternative, Motion to Strike Portions of Plaintiff KRISTIAN E. MIERZWICKI's ("Plaintiff" or "Mierzwicki") Second Amended Complaint [ECF. No. 77] and for Sanctions ("Motion"), and states as follows:

### I. INTRODUCTION

    1.    Plaintiff filed this action against Citibank on July 31, 2014. [ECF No. 1].

    2.    On December 4, 2014, the Court entered its Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge ("Trial Order") [ECF No. 21].

    3.    Among other deadlines, the Court set the deadline to amend pleadings and to join parties at February 2, 2015. [ECF No. 21 at 1].

    4.    Plaintiff filed an Amended Complaint on January 29, 2015. [ECF No. 30].

5. The Amended Complaint contained four separate Counts: Count I for violation of 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act ("TCPA"); Count II for violation of 47 U.S.C. §227(c)(5)(A) of the TCPA; Count III for violation of the federal Fair Debt Collection Practices Act ("FDCPA"); and Count IV for violation of the Florida Consumer Collection Practices Act ("FCCPA").

6. Citibank moved to dismiss Counts II, III and IV of the Amended Complaint. [ECF No. 39].

7. On September 1, 2015, this Court entered an Order granting Citibank's Motion to Dismiss Amended Complaint ("Order"). [ECF No. 76].

8. Notably, the Order dismissed Count II, violation of 47 U.S.C. §227(c)(5)(A) of the TCPA, <u>with prejudice</u>. [ECF No. 76 at pp. 3-5 (noting that "Count II of Plaintiff's Amended Complaint which seeks recovery under the TCPA's telephone solicitation restrictions merits dismissal."). The Court did not grant leave to amend Count II.

9. The Order likewise dismissed Counts III and IV, alleged FDCPA and FCCPA violations, respectively, but granted Plaintiff "a final opportunity to amend" those counts only. [ECF No. 76 at p. 9].

10. The Order required that Plaintiff file its amended pleading in conformity with the Order, if it chose to do so, on or before September 9, 2015. [ECF No. 76 at p. 9].

11. Plaintiff filed its Second Amended Complaint on September 9, 2015 [ECF No. 77], at which this Motion is directed.

12. The Second Amended Complaint contains four (4) purported causes of action, as follows: Count I for violation of 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA; Count II for

violation of § 64.1200(b)(2), Title 47 C.F.R. promulgated under the TCPA[1]; Count III for Vicarious Liability; and, Count IV for violation of the FCCPA.

13. Counts II and III of the Second Amended Complaint are new claims not permitted under the Order [ECF No. 76] and are time barred by the Court's Trial Order [ECF No. 21].

14. Counts I-IV of the Second Amended Complaint each refer to and rely upon the alleged acts of non-parties, additional purported telephone calls and allegations that these non-parties were performing acts as agents of Citibank, all of which are in contravention of the amendment conditions set forth in the Order [ECF No. 76] and are untimely new claims under the Court's Trial Order [ECF No. 21].

## II.  FACTUAL BACKGROUND

15. The Second Amended Complaint alleges that Citibank, either itself or by and through its alleged agents, called Plaintiff's cellular phone using an automatic telephone dialing system between February 21, 2014 and July 24, 2014.  These are new allegations untimely under the Trial Order [ECF No. 21].

16. However, the phone calls placed to Plaintiff were not made in furtherance of an attempt to collect a valid debt *Plaintiff* owed to Citibank.  Plaintiff acknowledges that he is not a valid debtor of Citibank.  Plaintiff was simply the subject several "wrong number" phone calls that Citibank placed to Plaintiff during its attempts to collect a debt owed to Citibank by a third-party.  These circumstances do not give rise to a violation of the subject regulation under TCPA (Count II) or the FCCPA (Count IV).

---

[1] As discussed in greater detail below, Count II of the Second Amended Complaint is merely a recitation of the facts stated in Count II of the Amended Complaint, which was dismissed by this Court with prejudice. [ECF No. 76]. Specifically, this Court's Order dismissing Count II of the Amended Complaint found that no cause of action was proper because no "telephone solicitations" have been alleged in this case.  Count II of the Second Amended Complaint is again based on alleged telephone solicitations as the subject regulation was promulgated under §227(c) of the TCPA.  Count II of the Second Amended Complaint is a clear attempt by Plaintiff to circumvent this Court's Order of dismissal.  Plaintiff brings the same cause of action under an equally inapplicable federal regulation.  Count II must be dismissed.

17. Importantly, Plaintiff <u>admits</u> the following:

(a) At no time was Plaintiff a customer of Citibank. [ECF No. 77 at ¶ 66];

(b) Citibank is not a creditor of the Plaintiff. [ECF No. 77 at ¶ 67];

(c) The debt allegedly being collected by Citibank was not Plaintiff's debt. [ECF No. 77 at ¶¶ 24, 28, 120].

18. Notwithstanding these fatal admissions, Plaintiff nevertheless alleges violations of the TCPA and the FCCPA.

19. In light of the alleged facts contained in the Second Amended Complaint, this Court's prior Orders, and well-settled legal authority governing the issues in this case, Plaintiff fails to state legally cognizable causes of action and dismissal of the Second Amended Complaint is warranted.

20. This case should proceed to trial solely on Count I of Plaintiff's Amended Complaint, the last pleading timely filed, and the only count that was dismissed by the Court's Order.

### III. SUMMARY OF THE ARGUMENT

Counts I-IV all rely on newly-alleged telephone calls – over and above the 28 calls alleged to have been made by Citibank as alleged in Plaintiff's Amended Complaint – made by non-parties that Plaintiff alleges were acting as Citibank's agent. These claims and allegations were not timely asserted under the Court's Trial Order [ECF No. 21] which sets the deadline to amend pleadings and add parties of February 2, 2015.

Moreover, Counts II and III are new claims that run afoul of the Court's Order [ECF No. 76], which put conditions on Plaintiff's ability to file amended claims. Indeed, Count II is essentially identical to Count II of Plaintiff's Amended Complaint, which was dismissed without

leave to amend.  Moreover, Count III of the Second Amended Complaint is a new claim and is untimely and not permitted by either the Trial Order [ECF No. 21] or the Order [ECF No. 76].

The regulation that is the subject of Count II (Title 47 C.F.R.§ 64.1200(b)(2)) relates only to advertising, telemarketing and/or telephone solicitation, none of which are alleged to be the purpose of the calls of which Plaintiff complains here.  Count II fails because this Court has already ruled on this identical claim.  In its Order [ECF No. 76], this Court ruled that "Count II of Plaintiff's Amended Complaint which seeks recovery under the TCPA's telephone solicitation restrictions merits dismissal."  <u>Id</u>. at p. 5.  The Court did not grant leave for Plaintiff to amend this claim, thus it was dismissed <u>with prejudice</u>.[2]  Plaintiff attempts to avoid the Court's ruling by disguising its "telephone solicitation" TCPA claim, citing to one of the previously-dismissed TCPA section's implementing regulations.  Plaintiff has not and cannot allege that the telephone calls that are the subject of the Second Amended Complaint were "telephone solicitations" prohibited by the regulation asserted in Count II.

Count IV fails because Plaintiff is not a "debtor" under the FCCPA, as Plaintiff expressly alleges that he was not the person indebted to Citibank.  As this Court has noted, "the Parties seem to agree that this litigation involves a case of mistaken identity as the [C]alls at issue were not directed to Plaintiff."  [ECF No. 76 at p. 8].  Count IV fails because Citibank was calling to collect a debt owed to Citibank *by someone other than the Plaintiff*.  For these reasons, Counts II and IV must be dismissed with prejudice.

---

[2] In his Second Amended Complaint, Plaintiff refers to this Court's ruling and admits to the effect of same, but states that Plaintiff intends to file a Motion for Reconsideration on this issue. [ECF No 77, ¶ 121 and fn. 13].  Motions for Reconsideration are not mentioned anywhere in the Federal Rules, and Plaintiff has to file such a motion. Nevertheless, Plaintiff's attempt to plead what is essentially the exact same cause of action that was dismissed with prejudice by this Court, is improper.

## IV.   MEMORANDUM OF LAW

### A.   Legal Standard.

#### 1.   Motion to Dismiss

Under Rule 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations cannot support the asserted cause of action. Glover v. Ligget Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). A complaint must contain "sufficient factual matter, accepted a true, to state a claim to relief that is plausible on its face." Id. at 570. Whether a claim is facially plausible is a "context-specific task" requiring the Court to "draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief,' " and dismissal is appropriate. Id. (quoting *Fed.R.Civ.P.* 8(a)(2)).

Accepting the truth of the allegations of the Second Amended Complaint, Plaintiff fails to state cognizable claims for violations of the subject regulation promulgated under TCPA and the FCCPA, and Counts II and IV should therefore be dismissed *with* prejudice.

#### 2.   Motion to Strike

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "A motion to strike is intended to clean up the pleadings, removing irrelevant or otherwise confusing materials." Williams v. Delray Auto Mall, Inc., 289 F.R.D. 697, 699-700 (S.D. Fla. 2013) (citing Liberty Media Holdings, LLC v. Wintice Group, Inc., No. 6:10–cv–44–Orl–19GJK, 2010 WL 2367227, *1 (M.D.Fla. June 14, 2010) (noting that motions to strike are used to avoid unnecessary forays into immaterial matters)).

The Court has broad discretion in considering a motion to strike under Rule 12(f). Tracfone Wireless, Inc. v. Access Telecom, Inc., 642 F. Supp. 2d 1354, 1360-61 (S.D.Fla. 2009) (citing Sakolsky v. Rubin Memorial Chapel, LLC, 2007 WL 3197530, *2 (S.D.Fla. Oct. 26, 2007); Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1318 (S.D.Fla. 2005)).

### B. Plaintiff's Second Amended Complaint Raises New Allegations and Claims that are Untimely and Not Permitted.

Plaintiff's Second Amended Complaint contains new parties, allegations, and claims which are barred by this Court's prior Scheduling Order and are not permitted by the Court's Order granting the initial prior Motion to Dismiss. Each of the four claims of the Second Amended Complaint refer to and rely upon additional purported telephone calls not placed by Citibank, the alleged acts of non-parties and allegations that these non-parties were performing acts as supposed agents of Citibank, all of which are in contravention of the amendment conditions set forth in the Order [ECF No. 76].

Count I of the Amended Complaint was not the subject of Citibank's initial Motion to Dismiss or the Order [ECF No. 76] granting same; yet, Plaintiff saw fit to amend that claim without leave of this Court to assert new allegations and acts of newly-alleged non-parties, allege that those non-parties were somehow acting on behalf of Citibank and using these new allegations to form the basis of a new Count I. Counts II-IV similarly rely on these newly-asserted allegations to support "alternative" agency theories to impart liability on Citibank. The entirety of the Second Amended Complaint should be dismissed and/or those additional allegations, claims, and parties stricken from the Second Amended Complaint.

Moreover, Counts II and III of the Second Amended Complaint are entirely new claims not permitted under the Order [ECF No. 76] and are time barred by the Court's Trial Order [ECF No. 21]. Accordingly, those claims should be stricken from the Second Amended Complaint.

**C.     Plaintiff's TCPA Regulations Claim (Count II) Fails as a Matter of Law.**

Count II is based on 47 C.F.R. § 64.1200, entitled "**Restrictions on Telemarketing, Telephone Solicitation, and Facsimile Advertising**," and specifically subsections (b)(1) and (2) which relate to artificial or prerecorded voice telephone messages.

As expressed in Citibank's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 39], and as already addressed by this Court, Plaintiff's TCPA claim under 47 U.S.C. § 277(c) fails because Plaintiff does not allege that Citibank was engaged in telephone solicitation in connection with the Calls at issue in this case, which is a required component for a violation of 47 C.F.R. § 64.1200(b)(1) and (2). See ECF No. 76, p. 5 (stating that "Count II of Plaintiff's Amended Complaint which seeks recovery under the TCPA's telephone solicitation restrictions merits dismissal."). Notably, 47 C.F.R. § 64.1200 is entitled "Restrictions on *Telemarketing, Telephone Solicitation, and Facsimile Advertising*." (emphasis added). The restrictions listed therein *only* apply to telephone solicitations.

Plaintiff attempts to avoid the Court's ruling by citing not to the actual TCPA section, but to the implementing regulation. However, this attempt fails. This Court already noted that the previously-dismissed Count II was "predicated on [47 C.F.R. § 64.1200]." ECF No. 76 at 4. Plaintiff has not and cannot allege that the telephone calls that are the subject of the Second Amended Complaint were "telephone solicitations" as required for a violation of the section of the TCPA and its implementing regulation raised in Count II. Because this Court has already ruled that the Calls at issue here were not telephone solicitations, [ECF No. 76], and because the

Court expressly did not grant Plaintiff leave to re-plead this cause of action, Count II should be dismissed with prejudice.

      **D.    Count IV Fails as a Matter of Law Because Plaintiff is not a "Debtor" as Required by the FCCPA.**

The elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA.[3]  To state a cause of action under the FDCPA, Plaintiff must prove that: (1) he has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Pescatrice v. Orovitz, 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008).

> The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt.  The second prong differs from the FDCPA in that the FCCPA prohibits acts of "persons" and, accordingly, is not limited to "debt collectors." The third prong requires an act or omission prohibited by the FCCPA.  In addition to these elements, several subsections of § 559.72 require an allegation of knowledge or intent by the defendant in order to state a cause of action.

Deutsche Bank Nat'l Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013).

The essential predicate to an FCCPA claim is that the offensive action shall be in collecting consumer debt.  If the purported wrongful action was not "in collecting consumer debt," the FCCPA does not apply.  Most importantly, the FCCPA is a remedy <u>only</u> for a "debtor," a fact that this Court expressly noted in its Order.  [ECF No. 76, p. 7-8].  The FCCPA provides that a "***debtor*** may bring a civil action against a person violating" the statute's provisions. Fla. Stat. § 559.77(1) (2014) (emphasis added).  A "debtor" is any natural person obligated or allegedly obligated to pay any debt." Fla. Stat. § 559.55(8) (2014).

---

[3] See Fla. Stat. § 559.77(5) (stating that In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act.

{36239708;1}   - 9 -

**AKERMAN LLP**, **777 S**OUTH **F**LAGLER **D**RIVE, **S**UITE **1100 W**EST **T**OWER, **W**EST **P**ALM **B**EACH, **FL  33401**

Plaintiff is not a "debtor" as defined in the aforementioned statutes. Plaintiff admits in his Second Amended Complaint that the subject phone calls sought to collect a debt against the wrong person. The purpose of the Calls was not to collect a debt owed by the Plaintiff, a fact that Plaintiff admits. Specifically, Plaintiff admits that:

(a) At no time was Plaintiff a customer of Citibank. [ECF No. 77 at ¶ 66];

(b) Citibank is not a creditor of the Plaintiff. [ECF No. 77 at ¶ 67];

(c) The debt allegedly being collected by Citibank was not Plaintiff's debt. [ECF No. 77 at ¶¶ 24, 28, 120].

Since Plaintiff admits that he was never a customer of Citibank, that Citibank is not his creditor, and that the debt that Citibank was seeking to collect was not his debt, Plaintiff cannot establish viable claims under the FCCPA. There can be no debtor without a creditor, and Plaintiff has admitted that Citibank is not Plaintiff's creditor. See Smith v. Markone Fin., LLC, Case No. 3:13-cv-933-J-32-MCR (M.D. Fla. Feb. 2, 2015) (holding that because Defendant never informed plaintiff that she was obligated to pay a debt, a*nd because she was not, in fact, obligated to pay a debt*, she is not a debtor under the FCCPA and had no standing to bring such claims); see also McGinity v. Tracfone Wireless, Inc., 5 F. Supp. 3d 1337, 1341 (M.D. Fla. 2014) (holding that because "there was no 'debt' and Plaintiff was not a 'debtor,' " Plaintiff's FCCPA claim must be dismissed").

The Court in Smith found that dismissal of the FCCPA claim was because the plaintiff knew the calls were never meant for her. For those same reasons, Count IV must once again be dismissed, because Plaintiff acknowledges that he does not have an account with Citibank, that Citibank is not his creditor, that the Calls were not meant for him and were "wrong number" calls.

Plaintiff expressly admits that he was not the person indebted to Citibank. As this Court has noted, "the Parties seem to agree that this litigation involves a case of mistaken identity as the [C]alls at issue were not directed to Plaintiff." [ECF No. 76 at p. 8]. Count IV fails because Citibank was calling to collect a debt owed to Citibank *by someone other than the Plaintiff.* See ECF No. 77 ¶ 120 (stating that Plaintiff "never owed the debt attempting to be collected"). Also, Plaintiff admits he is not obligated to pay any debt to Citibank, as he was never a Citibank client.

Relative to the second prong of the "debtor" analysis, i.e. whether Plaintiff is "*allegedly obligated* to pay any debt," Plaintiff likewise cannot meet this standard. This Court's Order granting Plaintiff leave to amend the FCCPA count required that upon amending, Plaintiff more specifically plead information regarding the content and nature of the Calls. [ECF No. 76 at p. 8]. The only allegation that Plaintiff has added to the Second Amended Complaint pertaining to the content and nature of the Calls appears at Paragraph 143, where Plaintiff states:

> Plaintiff meets the definition of a debtor under the FCCPA because CITI, and its agents, representatives and/or employee's calls relayed the message that Plaintiff was obligated to pay the debt CITI was trying to collect, and those same agents, representatives and/or employees refused to believe that Plaintiff did not owe the debt.

[ECF No. 77 at ¶¶ 143].

Even taking the allegations as true, Plaintiff's own admissions in this case trump the self-serving and unsupported allegation that Citibank and its agents "relayed the message that Plaintiff was obligated to pay the debt CITI was trying to collect." Such an allegation serves no purpose where Plaintiff has specifically admitted in his Second Amended Complaint that he himself was not obligated to pay the debt that was being collected. See ECF No. 77 at ¶ 66 (stating that Plaintiff was never a customer of Citibank); ¶ 67 (stating that Citibank is not a

creditor of the Plaintiff); and ¶¶ 24, 28, 120 (stating that the debt being collected by Citibank was not Plaintiff's debt)).  Plaintiff is attempting to fit a square peg into a round hole.

As this Court has already noted, "the Parties agree that this litigation involves a case of mistaken identity as the calls at issue were not directed to the Plaintiff," and "if the content of the calls did not indicate that Plaintiff *himself* was obligated to pay a debt, then Plaintiff would presumably lack standing to bring such a claim."  [ECF No. 76 at p. 8].

Plaintiff is not a "debtor" as he cannot establish that he was "obligated or allegedly obligated to pay any debt" to Citibank.  See § 559.55(8) (2014).  His admissions are fatal, and therefore, the FCCPA claim fails and Count IV of Plaintiff's Second Amended Complaint must be dismissed with prejudice.

### E.     Entitlement to Sanctions Including Attorneys' Fees And Costs.

Claims under the FCCPA carry with them an entitlement to prevailing party attorneys' fees and costs.  See Fla. Stat. § 559.77(2) (stating that under the FCCPA, "if the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney's fees incurred by the defendant").  Here, upon the granting of the instant Motion and dismissal or striking of Plaintiff's FCCPA claim, Citibank, as the prevailing party, is entitled to an award of its reasonable attorneys' fees and costs in defending against the multiple FCCPA claims.

### V.     CONCLUSION

**WHEREFORE**, Defendant, CITIBANK, N.A., prays that this Honorable Court enter an Order (i) granting the instant Motion; (ii) dismissing Counts I-IV of Plaintiff, KRISTIAN E. MIERZWICKI's Second Amended Complaint with prejudice; (iii) alternatively striking those untimely and improper allegations and claims relating to other calls or acts of non-parties; (iv)

awarding Citibank its attorneys' fees and costs incurred in defending Plaintiff's FCCPA claim;

(v) directing that this matter go to trial solely on Count I of Plaintiff's Amended Complaint; and

(vi) awarding such further and additional relief as this Court deems just and proper.

    Respectfully submitted,

/s Kent B. Frazer
Kent B. Frazer, Esq. (FBN 685682)
Jeffrey B. Pertnoy, Esq. (FBN 91939)
**AKERMAN LLP**
777 South Flagler Drive, Suite 1100
West Palm Beach, FL  33401
Tel:  (561)  653-5000
Fax:  (561) 659-6313
kent.frazer@akerman.com
jeffrey.pertnoy@akerman.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 23, 2015, I filed the foregoing document with the Clerk of the Court.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing:

Sylvia L. Wenger, Esq.
Fla. Bar. No. 125148
**WEISS, HANDLER &**
  **CORNWELL, P.A.**
2255 Glades Road
Boca Raton, FL 33431
Tel: (561) 997-9995
Fax: (561) 997-5280
slw@weissandhandlerpa.com
filings@weissandhandlerpa.com
tc@weissandhandlerpa.com
*Counsel for Plaintiff*

                                          /s Kent B. Frazer
                                          Kent B. Frazer