-1-

SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-CIV-61753-BLOOM/Valle

KRISTIAN E. MIERZWICKI,

      Plaintiff,

vs.

CITIGROUP, INC.,

      Defendant.

_____/

### PLAINTIFF'S MOTION FOR CONTINUANCE OF THE TRIAL IN THIS MATTER AND AN EXTENSION OF TIME OF ALL DEADLINES SET FORTH IN THIS COURT'S DECEMBER 3, 2014 PRE-TRIAL SCHEDULING ORDER

Plaintiff, KRISTIAN E. MIERZWICKI, by and through his undersigned counsel, hereby

sues the above-named Defendant, and states:

This case was filed on July 31, 2014.

Due to circumstances beyond his control, Plaintiff had various separate attorneys enter

their appearances, and subsequently each withdrew.  Undersigned was retained on July 15, 2015.

On April 22, 2015, immediately prior to one of these attorneys-of-record's withdrawal,

the Court granted the Plaintiff 's Unopposed Motion for Extension of Time (DE 40 and 41).  In

the Motion for Extension of Time, the Parties indicated that they had stopped conducting

discovery during their continued attempts to resolve this matter.   A review of the docket entry

has revealed that although Plaintiff's former counsel "informed" the Court that the Parties had

-2-

agreed to stop discovery pending settlement negotiations, that no request to abate the Court's pre-trial deadlines was ever made.  Five days after the Court granted the Plaintiff's Motion for Extension of Time, the filing attorney moved to withdraw, and new counsel stepped in to represent Plaintiff, but said attorney withdrew less than two weeks later, leaving the Plaintiff in a precarious position, as discovery was still not occurring, and a response to the Defendant's Motion to Dismiss (DE 39) remained outstanding.  The Court graciously extended the deadline for Plaintiff to file a response in opposition to the Defendant's Motion to dismiss, up till and including June 11, 2015 to either retain new counsel or file a notice of intent to appear *pro se*.

Plaintiff diligently attempted to retain new counsel to adequately prosecute this action on his behalf, but was unable to do so, and on June 11, 2015, he requested an additional brief extension, whereon the Court gave him an additional two weeks plus one day to find replacement counsel.  On June 26, having been unable to find a new attorney, the Plaintiff informed the Court that he would proceed *pro se* but that he would continue to look for counsel.  He had received information from his cellular carrier and/or the FCC regarding the identity of some of the additional parties that had phoned him trying to collect the same debt for CITI from Plaintiff, and he requested thirty days to either determine if he needed to add additional parties, or to file an response to the outstanding Motion to Dismiss.   The Court "granted in part" the Plaintiff's Motion, allowing only 20 days to file his response, but the Order did not address the Plaintiff's request regarding any proposed amendment.

This is where the undersigned came in.  On July 15, Plaintiff retained the undersigned, and informed same that she need either:  file a response to the Defendant's outstanding Motion to

-3-

Dismiss, or file an Amended Complaint on or  July 17, 2015.  The undersigned viewed the

Court's order and the Plaintiff's Notice of Intent to Proceed *pro se*, and mistakenly believed that

both options were available.

The undersigned determined that, according to the information obtained by Plaintiff,

CITI, in addition to calling Plaintiff directly, appeared to be directing others to phone Plaintiff.

Pursuant to the extremely short deadline and Federal Rule of Civil Procedure the best course of

action was to amend the Complaint so as to ensure that Plaintiff was fully able to bring all of his

claims against CITI so as to not later be barred by *res judicata*.

This Court was apparently angered by the Plaintiff's and undersigned's misreading of the

Court's Order extending time, and *sua sponte* issued a Show Cause Order on July 20, 2015

ordering that the Plaintiff respond to the Motion to Dismiss within four days.  The undersigned

complied with the Show Cause Order and filed Plaintiff's Response to the Defendant's Motion to

Dismiss two days after the Show Cause Order's issuance.  In the Response, the undersigned

additionally pointed out the existence of new evidence which indicated that CITI was likely

responsible for additional call activity to Plaintiff's cellular phone, and requested that the Court

grant the Plaintiff's request to amend the Complaint *nunc pro tunc*.[1]

On August 31, 2015, the Court granted the Defendant's Motion to Dismiss and Denied

the Plaintiff's Motion to Amend as Moot.  The Court specifically allowed re-pleading of only

certain counts, and  gave the Plaintiff ten days to file an amended complaint.   The Order

---

[1] Plaintiff notes that when the Defendant requested additional time to reply to the Plaintiff's
Response to its Motion to Dismiss and Motion to Amend, the Court readily granted the
Defendant's requests.

-4-

reflected the Court's frustration with the Plaintiff and what it perceived to be as dilatory conduct.[2]  However, the Court did not appear to evaluate the merits of Plaintiff's proposed Amended Complaint.  Nor did the Court address the effect of this case still being in the pleading stage.

A review of the Court's Order granting Defendant's Motion to Dismiss reveals that the delay experienced in this case is not solely attributable to the Plaintiff's actions.  Namely, both Parties inadvertently sent orders for mediation to the Judge's efile account and both Parties failed to indicate that they had been sent via any filing on the Docket.  Further, Plaintiff filed his First Amended Complaint within the time period permitted under the Court's December 3, 2014 Scheduling Order.  The Defendants waited until April 3, 2015 to file their Motion to Dismiss. They did not seek leave of court to extend the time within which to answer the Amended Complaint.[3]

On January 16, 2015, Plaintiff's former attorney served Defendant with its First Set of Interrogatories, Request for Admissions, and Request for Production.  (*See* referenced discovery requests, attached hereto as Composite Exhibit "A.")  Responses to these discovery on or before February 15, 2014.  However, no responses were provided until March 11, 2015, and then, by agreement of the Parties, and through no fault of Plaintiff, the Defendant only provided a "call log" which related to the collection of only one of the consumer accounts which were the subject

---

[2] *A snail would find the speed at which this action has progressed to be slow. Plaintiff commenced this action on July 31, 2014, and, more than one year later, __the litigation has not proceeded past the pleading stage__.*"
[3] The Plaintiff was reluctant to raise untimeliness of the Motion to Dismiss given the Order to Show Cause.

-5-

of the multiple phone calls Plaintiff had received from CITI.  In its letter dated March 11, 2015,
CITI indicated that in the event that the Parties' settlement negotiations were unsuccessful, then
CITI would provide complete written responses to the Plaintiff's discovery requests.  The
settlement discussions broke down, but CITI has yet to provide the promised discovery
responses.

Pursuant to ongoing settlement attempts, the Plaintiff, with no opposition from the
Defendant filed his first request for an extension of time to respond to the Motion to Dismiss on
April 22, 2015.  The Court at first granted the request and gave Plaintiff through May 11, 2015 to
respond to the Motion to Dismiss, then granted it again in a paperless order changing the
response date to April 28, 2015, giving Plaintiff four days to respond to the Motion to Dismiss.
The Court then, the next day, *sua sponte* vacated the April 28 deadline giving Plaintiff up to and
including May 11, 2015 to respond to Defendant's Motion.

On April 27, 2015, the Court permitted Plaintiff's counsel to withdraw without requiring
him to first respond to the Motion to Dismiss, and allowed new counsel to appear on behalf of
Plaintiff.  The Defendant raised no objection.  Citing to "irreconcilable differences," the new
attorney filed a motion to withdraw less than two weeks after filing his appearance.  The
withdrawing attorney indicated that the Plaintiff's response to the Motion to Dismiss was due on
May 11 and requested a thirty day stay of the proceedings to allow Plaintiff to either retain new
counsel or proceed *pro se*.  The Court granted this motion, and did not require the withdrawing
attorney to file a response on behalf of Plaintiff.  Again, the Defendant made no objection to the
delay caused by this attorney's rapid departure.

5

-6-

Additionally, the withdrawing attorney failed to provide the Plaintiff with the Court's Order granting his withdrawal, or the Order of Instructions for a *pro se* litigant until May 29, 2015.  The Court then on June 2nd gave the Plaintiff nine days to retain new counsel.  This proved to be a herculean task as the Plaintiff's filing a motion for an extension of time on the ninth day.  Counsel notes that the Plaintiff timely filed his motion for extension of time, and the Court graciously gave him an additional fifteen days.  In the meantime, at no point did Defendant move for any sanction of dismissal, nor did they raise any objection to any of the requested extensions.  On June 26, 2015, having been unable to retain new counsel, Plaintiff was forced to file a notice of appearance *pro se*, and request yet another extension.  Again, there was no objection lodged regarding any prejudice caused by said delay.  This returns us back to the undersigned's entrance into this case.

In investigating the status of this case, the undersigned contacted opposing counsel to discuss the circumstances surrounding the failed settlement of this case, reviewed all of the filings, and contacted one of Plaintiff's former attorneys.  Apparently, the former attorney and opposing counsel had mutually agreed to a cessation of all formal discovery during the time that settlement appeared to be imminent.  However, opposing counsel informed the undersigned that all discovery in this case had been completed.  A fact which is in fact, not true.  Plaintiff has obtained from Defendant a call log which demonstrates twenty-eight calls to Plaintiff.  When the undersigned contacted Defense Counsel to obtain his agreement to the filing of the instant motion, she was informed that discovery had concluded, that all discovery had been provided,

-7-

and that all deadlines were long since passed.  This despite the fact that Plaintiff's discovery requests had been long overdue.  As the Court acknowledged in its Order allowing the Plaintiff to amend his Complaint, this case is still in the pleading stage.  Defendant is equally culpable for the protracted "pleading stage," and lack of preparation of this matter to fully proceed to trial. Defendant is a large corporation with vast resources, and Plaintiff is a disabled consumer who has been harassed with hundreds of phone calls relating to a debt he never owed.  When he informed the callers that he was not the party whom they were seeking, he was met with disbelief and derision, and his ability to seek recompense for collection actions solely due to Citi's actions, should not in all fairness be deprived because of circumstances beyond his control.  The Defendant's Motion to Dismiss was filed on April 3, 2015.  This Court had a fully briefed response on July 17.  While three months is indeed a long time, it is not the longest period of time that courts in this District have allowed to pass between the filing of a motion and a response.

If the Court does not grant the requested continuance and resetting of all pretrial deadlines, the Plaintiff will be severely prejudiced as his otherwise compensable claims will be without proper presentation or remedy.  Defendant has conducted no discovery, nor has it produced any.  The TCPA and FCCPA are laws designed to protect consumers, and allow them a means by which to prevent the exact type of bullying and intimidating behavior exhibited by CITI.  The Plaintiff respectfully requests that the Court abate all deadlines set forth in the December 3, 2014 Scheduling Order and enter a new scheduling order to permit this case to be fought on its merits, not on the actions of previous attorneys who are no longer present.

-8-

The Eleventh Circuit has adopted a four-prong test in determining whether a denial of a continuance would constitute an abuse of discretion: (1) the diligence of the party requesting the continuance to ready the case prior to the date set for trial; (2) the likelihood that the need for the continuance will be met if the continuance is granted; (3) the extent of the inconvenience to the court or opposing counsel that such continuance will cause; and (4) the extent of harm to the requesting party if the continuance is not granted. *See Fowler v. Jones,* 899 F.2d 1088, 1094 (11th Cir. 1990).

Although the Court might perceive it to be otherwise, Plaintiff has tried to diligently prosecute his case. He has repeatedly attempted to obtain counsel to advocate his meritorious case. He, other than the necessitated extensions due to actions of attorneys no longer in this case, has propounded timely discovery, propounded requests to his cellular carrier and the FCC in an attempt to get information regarding the calls which were not being provided by Defendant.

If allowed the continuance, the Plaintiff will be able to ascertain CITI's relationship with the hundreds of other calls all relating to CITI's attempts at collecting the delinquent accounts of four of its customers, all of whom apparently had Plaintiff's phone number. Accordingly, a continuance would be critical and useful to define the issues in this case.

As for the inconvenience to the Court and opposing counsel, Plaintiff makes no excuses, nor does he take lightly the inconvenience that this delay has caused the Court, and he apologizes for the same. However, as for inconvenience to the Defendant, Plaintiff asserts that many of the delays were equally due to either Defendant's actions or inactions. Defendants cannot be allowed to agree to a cessation of discovery, and then when they fail to provide the requested

-9-

discovery as promised after the settlement negotiations broke down, simply say "tough luck" to Plaintiff when he has no evidence to support his claims that CITI is responsible for more than the calls demonstrated in the single produced call-log document.

Lastly, as set forth above, a denial of a brief continuance will severely impair Plaintiff's ability to prosecute his case and result in a reward to CITI for its failure to engage in meaningful discovery. The Plaintiff respectfully requests that the Court vacate its prior scheduling order, re-open the discovery period, and allow this case to proceed as it should have from the beginning.

Further, the Court has ordered that the Parties file their joint pretrial stipulation and jury instructions by tomorrow, and the Plaintiff is attempting to meet that deadline, but the task is severly hampered by the early pleading stage, and lack of discovery. Accordingly, the Plaintiff additionally requests a brief extension of tomorrow's deadline until the Court has ruled upon the instant motion for a continuance.

Dated this 24th day of September, 2015.

WEISS, HANDLER & CORNWELL, P.A.
*Attorneys for Prime Plus Acquisition Corp.*
*and John E. Dell*
One Boca Place – Suite 218-A
2255 Glades Road
Boca Raton, Florida  33431
Phone: 561-997-9995
Fax: 561-997-5280

By: _/s_____
    SYLVIA L. WENGER, ESQ.
    Florida Bar No.: 125148
    slw@weissandhandlerpa.com
    ma@weissandhandlerpa.com
    filings@weissandhandlerpa.com

9

-10-

-11-

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF on September 24, 2015.  I also certify that the foregoing document is being served this day on all counsel of records identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

**Weiss, Handler & Cornwell, P.A.**
Attorney for Plaintiff
2255 Glades Road, Suite 218-A
Boca Raton, FL  33431
Telephone: 561-997-9995
Facsimile: 561-997-8052
E-Mail: slw@weissandhandlerpa.com


BY*:   /s/ Sylvia L. Wenger, Esq.*
          Sylvia L. Wenger, Esquire
          Florida Bar No.: 125148