UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-61753-CIV-BLOOM/Valle

KRISTIAN E. MIERZWICKI,

        Plaintiff,

v.

CITIGROUP INC.,

        Defendant.

_____/

**DEFENDANT, CITIBANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE OF THE TRIAL IN THIS MATTER AND AN EXTENSION OF TIME OF ALL DEADLINES SET FORTH IN THIS COURT'S DECEMBER 3, 2014 PRE-TRIAL SCHEDULING ORDER**

        Defendant, CITIBANK, N.A. ("Citibank"), by and through the undersigned counsel, hereby files its Response in Opposition to Plaintiff, KRISTIAN E. MIERZWICKI's ("Plaintiff" or "Mierzwicki") Motion for Continuance of the Trial in this Matter and an Extension of Time of All Deadlines Set Forth in this Court's December 3, 2014 Pre-Trial Scheduling Order [ECF No. 84] ("Motion"), and states as follows:

        1.    This case is about 21 manually-dialed "wrong number" phone calls[1] Citibank made to Plaintiff's cell phone.

        2.    Plaintiff is attempting to secure a wind-fall from these wrong number calls by asserting several, but all equally inapplicable, claims against Citibank under various consumer protection statutes.[2]

---

[1]  The number of Citibank calls at issue was previously thought to be 28, but investigation has revealed that 21 calls were completed to Plaintiff's cell phone number.

[2]  Citibank's Motion to Dismiss or to Strike Second Amended Complaint and for Sanctions [ECF No. 83] is currently pending.

3.      As this Court has noted previously, Plaintiff has had five attorneys represent him since this case was initiated.  The latest attorney for Plaintiff was retained on July 15, 2015 [ECF No. 84 at 1].

4.      Since that time, Plaintiff has not sought any discovery.  Indeed, the status of discovery was first raised by Plaintiff's counsel in Plaintiff's Motion, which provides as a purported basis for a continuance that Citibank has not served written responses to Plaintiff's discovery requests.

5.      In April 2015, Citibank produced, with the agreement of Plaintiff's prior counsel, the relevant documents evidencing the subject calls made by Citibank to Plaintiff's cell phone: dialer records and call notes.  Counsel for Plaintiff at the time accepted Citibank's document production to assist with mediation and settlement negotiations.  Plaintiff's counsel indicated that, because documents were produced and settlement was being pursued, written responses to discovery were not necessary at that time.

6.      Shortly thereafter in May 2015, the parties reached a tentative settlement but Plaintiff refused to consummate the agreement and his counsel then withdrew.

7.      Neither Plaintiff, nor his two subsequent attorneys, ever requested written discovery responses be served by Citibank.

8.      Citibank is prepared to produce written responses and objections to Plaintiff's discovery, but the fact that same remain outstanding is not grounds to continue the trial, especially in light of the fact that Citibank produced responsive, relevant documents six months ago and Plaintiff has not requested an enlargement of discovery deadlines at any time in this case until now.

9.      The fact that Plaintiff has failed to pursue discovery is consistent with Plaintiff's handling of this case since its inception.

10.     The Court's Scheduling Order [ECF No. 21] set numerous deadlines which Plaintiff altogether ignored.

11.     February 2, 2015 was the deadline to amend pleadings and join parties; Plaintiff attempted to amend his complaint and add additional defendants to this case in late *July 2015*. Plaintiff asserted more new claims in his Second Amended Complaint filed on *September 9th*.[3]

12.     June 23, 2015 was the discovery deadline.  Plaintiff took no steps to enlarge the time to conduct discovery.

13.     September 14, 2015 was the deadline to file a pretrial stipulation and accompanying filings.  Plaintiff never provided draft stipulation, proposed jury instructions or verdict form, let alone contacted Citibank's counsel to begin the process of agreeing on a joint set of materials.

14.     On September 18, 2015, this Court *sua sponte* entered its Order [ECF No. 80] directing the parties' compliance with the Court's Scheduling Order [ECF No. 21] by, inter alia, filing a joint pretrial stipulation on or before September 25, 2015.

15.     The following business day, counsel for Citibank requested Plaintiff's counsel to provide a draft pretrial stipulation for review and comment in order to comply with the Court's directives.  Counsel for Plaintiff represented that a draft pretrial stipulation would be provided on Wednesday, September 23rd.  Same was never provided.  Upon follow up, counsel for Plaintiff assured undersigned counsel in writing that a draft would be provided by the evening of September 24th.  Again, nothing was provided.

---

[3]  See Citibank's pending Motion to Dismiss or Strike Second Amended Complaint and for Sanctions [ECF No. 83].

AKERMAN LLP, 777 SOUTH FLAGLER DRIVE, SUITE 1100 WEST TOWER, WEST PALM BEACH, FL 33401

16.     Instead of preparing and providing the draft pretrial stipulation so that the parties could comply with the Court's directives, Plaintiff's counsel utilized that time to prepare Plaintiff's Motion, filing it at 9:48 p.m. on September 24th.

17.     Because of the refusal to comply with the Court's directives, Citibank is filing contemporaneously herewith its Pretrial Statement in lieu of a Joint Pretrial Stipulation.

## CONCLUSION

18.     The circumstances Plaintiff finds himself in are self-inflicted.  Having initiated litigation, he is obligated to comply with the directives of this Court.  Failure to do so does not give rise to prejudice warranting a continuance.

19.     The only party at risk of being prejudiced with respect to Plaintiff's Motion is Citibank.  Citibank has had to expend significant time and expense in defending this case for more than a year.  If this case is continued, discovery is re-opened and the trial is reset, the time, expense and prejudice to Citibank will increase exponentially.  The Motion must be denied.

**WHEREFORE**, Defendant, CITIBANK, N.A., prays that this Honorable Court enter an Order denying Plaintiff's Motion in its entirety.

Respectfully submitted,

*/s/ Kent B. Frazer*
Kent B. Frazer, Esq. (FBN 685682)
Jeffrey B. Pertnoy, Esq. (FBN 91939)
**AKERMAN LLP**
777 South Flagler Drive, Suite 1100
West Palm Beach, FL  33401
Tel:  (561)  653-5000
Fax:  (561) 659-6313
kent.frazer@akerman.com
jeffrey.pertnoy@akerman.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2015, I filed the foregoing document with the Clerk of the Court.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

/s/ Kent B. Frazer
Kent B. Frazer, Esq. (FBN 685682)

## SERVICE LIST

Sylvia L. Wenger, Esq. (FBN 125148)
**WEISS, HANDLER &**
 **CORNWELL, P.A.**
2255 Glades Road
Boca Raton, FL 33431
Telephone:  (561) 997-9995
Facsimile:  (561) 997-5280
slw@weissandhandlerpa.com
filings@weissandhandlerpa.com
tc@weissandhandlerpa.com
*Counsel for Plaintiff*
***Via Notice of Electronic Filing from CM/ECF***

Kent B. Frazer, Esq. (FBN 685682)
Jeffrey B. Pertnoy, Esq. (FBN 91939)
**AKERMAN LLP**
777 South Flagler Drive, Suite 1100
West Palm Beach, FL  33401
Telephone:  (561) 653-5000
Facsimile:   (561) 659-6313
kent.frazer@akerman.com
jeffrey.pertnoy@akerman.com
*Counsel for Defendant*
***Via Notice of Electronic Filing from CM/ECF***