UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-61753-Bloom/Valle

KRISTIAN E. MIERZWICKI,

    Plaintiff,

v.

CITIGROUP, INC.,

    Defendant.
_____/

**ORDER DENYING CONTINUANCE AND REQUIRING EXPEDITED BRIEFING**

THIS CAUSE is before the Court upon Plaintiff's Motion for Continuance of the Trial and Extension of Time of All Deadlines Set Forth in this Court's December 3, 2014 Pre-Trial Scheduling Order, ECF No. [84] ("Motion"), filed on September 24, 2015. The Court has reviewed the Motion and the record in this case, and is otherwise fully advised in the premises. The Court finds no basis for a continuance and, therefore, the Motion is denied.

At the outset, the Court notes that Plaintiff, in continued dereliction of the requirements of this Court, has failed to confer as mandated by Local Rule 7.1. The Local Rules of the Southern District of Florida provide that prior to filing "any motion" other than a select few not applicable here, "the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. L.R. 7.1(c)(3). The Rule goes on to state that "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the

1

reasonable expenses incurred because of the violation, including a reasonable attorney's fee." *Id.* No certificate of conferral appears in Plaintiff's Motion and, accordingly, the Court is left to assume that Plaintiff has not done so. This alone provides the Court with sufficient basis to deny the Motion. Yet, even when addressing the merits of Plaintiff's Motion, the Court finds that denial of the requested continuance is appropriate.

Previously, the Court described the pace of this litigation as being beyond slow. *See* Order, ECF No. [76] at 9 (stating that "[a] snail would find the speed at which this action has progressed to be slow"). Notwithstanding this fact and the fact that trial was set for one month away, the Court afforded Plaintiff Kristian E. Mierzwicki (hereinafter, "Plaintiff") a final opportunity to amend certain claims. *See id.* Plaintiff has since amended, and Defendant Citigroup, Inc. (hereinafter, "Defendant") has, once again, moved for dismissal. *See* Second Amended Complaint, ECF No. [77]; Motion to Dismiss, ECF No. [83]. Now, on the heels of trial and well over a year after filing, Plaintiff requests that this Court totally abandon its scheduling order Entered on December 3, 2014, and essentially reset this case claiming that the delay has been due to little or no fault of Plaintiff. The Court is not so inclined.

Plaintiff's Motion repeatedly references what the Court can only view as deficiencies in the prosecution and defense of this case, as well as failures to comply with Court requirements. It appears that Plaintiff seeks to point the proverbial finger at Defendant for these problems, claiming that Defendant was untimely in supplying answers to interrogatories and was otherwise deliberately laggard in engaging in discovery. While the Defendant may be culpable on some level for producing the delay now encountered, Defendant is not "equally culpable" as Plaintiff suggests. Apparently, Plaintiff has forgotten that he is the master of his claim. *See Caterpillar*

*Inc. v. Williams*, 482 U.S. 386, 392 (1987).[1]  If discovery issues indeed arose, the Federal Rules of Civil Procedure provide an avenue for resolution of such issues.  Nevertheless, Plaintiff let this case languish for well over an entire year before finally, with his feet against the fire, trying to continue in order to remedy the deficiencies in prosecution.

Plaintiff claims that the delay in this litigation has occurred "[d]ue to circumstances beyond his control."  *See* Mot. at 7.  The Court is hesitant to agree.  Plaintiff has had five (5) separate attorneys on this action, four of which save for one, have sought to withdraw based on "irreconcilable differences."  ECF Nos. [7], [9], [45], and [48].  Whatever differences may have arisen, Plaintiff is nonetheless responsible for proceeding with his claim or finding an attorney to do so for him.  Current counsel assumed this representation and must now live with the decisions of prior counsel, which include, most importantly, the decision to suspend discovery indefinitely, which was done at Plaintiff's peril.  Plaintiff's litigation tactics or lack thereof, as well as his subsequent failure to remedy any potential problems until the eleventh hour do not provide a basis to continue this action.[2]

"The decision whether to grant a continuance is within the sound discretion of the trial court."  *Gastaldi v. Sunvest Resort Communities, LC*, 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010) (citing *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991)) (further citations omitted).  The Eleventh Circuit considers four factors when reviewing whether a trial court has abused its discretion in denying a party's motion for continuance: "1) the diligence of

---

[1] While this phrase is commonly used in the context of a jurisdictional analysis, see *Caterpillar* at 392, it is nonetheless applicable here.

[2] Plaintiff's Motion insinuates, to a degree that borders on outright criticism, that the Court has mismanaged this case, at one point referring to a nine-day extension as "herculean."  This is incorrect.  This Court has acted with diligence and fairness to Plaintiff despite his inability to retain counsel and pursue his claims in a timely fashion.  Indeed, it is through the Court's generosity with deadlines that Plaintiff now finds himself in this position.

the party requesting the continuance to ready the case prior to the date set for hearing; 2) the likeliness that the need for continuance could have been met if a continuance was granted; 3) the extent to which granting the continuance would have been an inconvenience to the court and the opposing party, including its witnesses; and 4) the extent to which appellant might have suffered harm as a result of the denial." *Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990) (citing *Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987)); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir. 2008) (citing *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005)).  A district court's decision in this regard "will not be overturned unless the denial is arbitrary or unreasonable." *Fowler* at 1093-94 (citation omitted).

Plaintiff correctly anticipates the Court's reaction to the first factor, which the Court finds most crucial here.  While current counsel may have aptly represented her client, Plaintiff has not diligently prosecuted this case.  As previously noted, Plaintiff allowed this case to come to a standstill until April 2015 when the parties again engaged in settlement negotiations.  In fact, Plaintiff indicates that discovery was ceased on April 22, 2015.  This cessation occurred almost five months after the Court entered a Scheduling Order in this matter and over six months from when Defendant answered the initial pleading.  A diligent party would have been conducting discovery in the interim; however, it now appears that this was not the case.  This Court is not responsible for the failures of prior counsel, to the extent Plaintiff believes there to be any.[3]

---

[3] One day after Plaintiff filed the instant Motion and an hour and a half after Defendant had responded, Plaintiff submitted an additional exhibit in support of the Motion. *See* Composite Exhibit A, ECF No. [87-1] ("Exhibit").  The Exhibit is comprised of 550 pages of what appears to be discovery.  No citation to relevant portions is provided.  "[D]istrict court judges are not required to ferret out delectable facts buried in a massive record."  *Chavez v. Sec'y Florida Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011).  Therefore, the late-filed document shall not be considered for the purposes of this Motion.

4

As to the third factor, the Court has been inconvenienced by Plaintiff's delayed prosecution. With nineteen days until calendar call, Plaintiff has filed the instant Motion. Although this straightforward and otherwise simple case involving violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, was filed well over a year ago in July 2014, Plaintiff asks this Court to continue trial and even goes so far as to ask the Court to basically reset and start from the beginning. The Court is disinclined to do so.

The application of these two aforementioned factors greatly outweighs any prejudice incurred by Plaintiff as a consequence of his delay. *See Lans v. Stuckey*, 203 F. App'x 956, 960 (11th Cir. 2006) (finding no abuse of discretion where plaintiff lacked diligence and where trial had already commenced).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Continue, **ECF No. [84]**, is **DENIED**. In order to more expeditiously resolve the pending Motion to Dismiss, ECF No. [83], Plaintiff is directed to file a response thereto **on or before October 2, 2015**. Defendant shall then have until **October 6, 2015** to file its reply memorandum. On September 25, 2015, the parties filed individual pretrial statements notwithstanding the fact that the Court's Scheduling Order requires one, "joint" pretrial statement. The parties shall have until **October 6, 2015** to confer and submit the requested stipulation. If the parties are unable to confer, they shall explicitly, and in detail, indicate what efforts were made as required by S.D. Fla. L.R. 7.1(c)(3).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of September, 2015.

 _____
 **BETH BLOOM**
 **UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record