UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 14-61753-BLOOM/VALLE

KRISTIAN MIERZWICKI,

    Plaintiff,

vs.

CITIGROUP, INC.,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, through undersigned counsel, herby files his Response in Opposition to the Defendant's Motion to Dismiss his Second Amended Complaint (DE 83), and states as follows:

Factual Background

The Court is fully aware with the procedural and factual background of the instant action, and so the Plaintiff will spare the Court another recitation of the discouraging history of this case. The history relevant to the instant Motion is the Court's Order (the "Order") dated September 1, 2015 wherein the Court granted the Defendant's Motion to Dismiss Counts II, III, and IV of Plaintiff's First Amended Complaint, and denied the Plaintiff's Motion to Amend the First Amended Complaint to add additional parties as moot. The Order additionally permitted the Plaintiff to amend Plaintiff's FCCPA and FDUTPA claims. The Order was silent as to any other amendment, but for Count II, which the Court dismissed with prejudice.[1] The Plaintiff filed his Second Amended Complaint on September 9, 2015.[2]

---

[1] The Plaintiff indicated its intent to file a motion for reconsideration as to Count II as many other district courts, including this one, have found that debt collection

1

Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, this Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) [hereinafter *Twombly*]; *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) [hereinafter *Iqbal*]. That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore [only] permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)). When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to the plaintiff and take the factual allegations stated therein as true. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F. 3d 1364, 1369 (11th Cir. 1997).

A plaintiff is not required to detail all the facts upon which he bases his claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56.

The Motion:

In the Motion, the Defendant, apparently bolstered by this Court's numerous rulings against Plaintiff, asserts that:

1. Plaintiff's addition of newly alleged telephone calls attributable to Defendant's conduct are untimely;

---

calls to a person's cellular telephone, as opposed to a residential phone, fall within the ambit of the TCPA. *See, e.g.*

[2] For ease of understanding, the Plaintiff will refer to the Second Amended Complaint as the "Complaint" herein.

    2.    Counts II and IV of the Complaint "run afoul of the Court's Order . . . , which put conditions on Plaintiff's ability to file amended claims, and they are untimely;

    3.    Count II is "identical to Count II" of the dismissed complaint; and

    4.    Count IV fails because "Plaintiff is not a debtor under the FCCPA" simply because he alleges that he did not owe a debt to CITI.

Defendant additionally requests that the Court strike the entire complaint because the Plaintiff has tied calls made by other parties to the actions of CITI. Defendant asserts that "Plaintiff saw fit to amend Count I without leave of this Court." And lastly, the Defendant seeks "prevailing party attorneys' fees and costs" under the Plaintiff's FCCPA claim as it fails to raise a "justiciable issue of law or fact."

Each of the above requests are due to be denied.

First, as to the additional calls added in the Complaint, the Court granted leave to amend the case as to the issues remaining herein, and denied the Plaintiff's Motion to Amend Additional Parties as moot. Count I remains identical to the Plaintiff's previous Count I except that additional factual allegations are provided in order to provide the Court with sufficient factual allegations as requested. As the additional callers also are relevant to both Plaintiff's FCCPA claims, and his claim for vicarious liability under the TCPA. They additionally go to the knowledge of the Defendant for purposes of identifying whether the Defendant's TCPA violations were knowing and willful.

Additionally, at the time that Plaintiff filed the Amended Complaint, he was hopeful that the Court would grant a temporary extension of all deadlines, and believed that adding the additional information that Plaintiff has been able to find without any discovery from Defendant, that such factor would be considered in ruling on the Plaintiff's Motion to Continue.

Contrary to Defendant's assertion, Count II is not identical to Count II in the First Amended Complaint which this Court dismissed with prejudice. Count II states a claim for violation of the regulations enacted pursuant to the TCPA which provide for separate and additional claims when violated. 47 C.F.F. 64.1200 provides that it is an additional TCPA violation to use an automatic dialing system to call a party's cellular phone and

fail to either identify oneself, or leave appropriate contact information. Numerous Courts have held, contrary to this Court's ruing in its Order, that debt collection calls to a cellular telephone fall within the ambit of C.F.R. 64.1200. *See cases discussed below*.

Defendant's next assertion is that Plaintiff has again failed to establish that he is a "debtor" as contemplated by the FCCPA. The Court found in favor of the Defendant on this issue previously, and the Plaintiff has (1) provided additional factual allegations regarding the fact that CITI and the other callers refused to believe Plaintiff when he told them that he was not the person they were looking for, and that he did not have an account at CITI, and that they continued to call despite these assertions. Plaintiff respectfully provides the following cases in which numerous Courts have found that even in cases of mistaken identity, where the called party does not owe a debt to the caller, the FCCPA has been violated for attempts to collect a debt which the caller knows are not legitimtate.

FCCPA Debtor

The FCCPA defines a "Debtor" as "any natural person obligated or allegedly obligated to pay any debt." Fla. Stat. § 559.55(8). In its Order, the Court discounted the Plaintiff's argument pursuant to *Desmond v. Accounts Receivabe Mgmt., Inc.*, 72 So. 3d 179 (Fla. 2d DCA 2011) stating that because Plaintiff's claim is brought under Section 559.72(9) of the FCCPA, and *Desmond* involved Section 559.72(7) of the FCCPA, its holding that "unless the context otherwise indicates," a "debtor" [under the FCCPA] means not only an actual debtor, but also "any natural person ... allegedly obligated to pay any debt." § 559.55(2). *Desmond v. Accounts Receivable Mgmt., Inc.*, 72 So. 3d 179, 181 (Fla. 2d DCA 2011).

First, *Desmond* was decided at the summary judgment stage after Plaintiff had ample opportunity to obtain discovery. Second, "there is a presumption that a given term is used to mean the same thing throughout a statute." *Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702, 1708 (2012).

Plaintiff proposes that the term debtor, which has been interpreted that is defined within a statute carries the same definition in all sections wherein the defined term is

4

used. Additionally, the *Desmond* Court held that even in a case of mistaken identity, a debtor under the FCCPA includes someone called by mistake and who allegedly owes a debt *and* which is interpreted by an appellate court as applies to all sections wherein the defined term is used. Admittedly, the word "debtor" is absent from Section 559.72(9), rather this section prohibits a person from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

The judge in *Fini v. Dish Network L.L.C.*, 955 F. Supp. 2d 1288, 1298 (M.D. Fla. 2013) addressed the argument propounded by the Defendant, and citing to *Desmond,* stated that:

> Defendant essentially argues that Plaintiff could not have been "allegedly obligated" to pay the debt where neither Plaintiff nor Defendant actually thought Plaintiff was so obligated. However, the question is not whether Defendant thought Stefani Fini, the individual, was obligated to pay the debt; rather, it is whether Defendant communicated to the called party that she was obligated. At least one Florida court has held that the FCCPA applies to a similar case of mistaken identity, where the creditor calls the wrong number and the recipient has no knowledge of the actual debt. *See Desmond v. Accounts Receivable Management, Inc.,* 72 So.3d 179, 181 (Fla. 2d DCA 2011). . . . The Court finds the Second DCA's opinion on the definitions included in the FCCPA to be more persuasive, and concludes that Plaintiff was "allegedly obligated" to pay a debt, and thereby has standing under the FCCPA.

The *Fini* court held that the Second District Court of Appeals holding that a debtor is one who is allegedly obligated to pay a debt is equally applicable to claims under Section 559.72(9).

> Defendant may also be liable under section 559.72(9) because Defendant may have "know[n]" that the debt was illegitimate as to Plaintiff to the extent required to overcome the safe harbor built into the Act. Although Plaintiff notified Defendant of the mistaken phone number, the portion of the FCCPA that sets out civil remedies also provides that "[a] person may not be held liable in any action brought under this section if the person shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error." Fla.

>   Stat. § 559.77(3). Neither party disputes that any violation of section 559.72(9) was, at least initially, the result of a mistake; it is not Defendant's fault that JH provided an incorrect telephone number. Additionally, Plaintiff apparently encountered little trouble in reaching Defendant's representatives and obtaining an explanation for the calls. However, a jury could conclude that Defendant failed to maintain "procedures reasonably adapted to avoid such error," Fla. Stat. § 559.77(3), because four months elapsed before the calls finally ceased.

*Id.* at 1299.[3]

Additionally, in *Ashley v. Gen. Elec. Capital Corp.*, 2:13-CV-353-FTM-29, 2013 WL 6133562, at *3 (M.D. Fla. 2013), another district judge upheld this interpretations of debtor and specifically found that at the motion to dismiss stage, and "based on the allegations of the Complaint, including allegations that even after plaintiff informed defendant on multiple occasions that she did not owe defendant any money, she continued to receive calls from defendant" that the "plaintiff ha[d] alleged sufficient facts to have standing to bring a claim against defendant under the FCCPA," and the court accordingly denied the defendant's motion to dismiss the plaintiff in *Ashley's* FCCPA claim.

Other courts presented with the issue have similarly held that "in determining whether a plaintiff was allegedly obligated to pay a debt, the operative question is whether the defendant communicated to the plaintiff that [he or] she was obligated."

---

[3] The *Fini* court additionally stated, relevant to the Plaintiff's Motion for Reconsideration that:

>   It is not lost on the Court that in enacting the TCPA, Congress, according to findings contained in the statute's legislative history and administrative regulations, seemed focused on mitigating intentional, unsolicited telemarketing, not the misdirected account service messages at issue in this case. It is also apparent that Defendant would be shielded from TCPA liability by the FCC's exemption for commercial calls that do not constitute telephone solicitation, if only its customer had misrepresented that his phone number was a residential line instead of a cellular line. Cases such as this one are probably an endangered species, once Congress recognizes the growing equivalence with which consumers and businesses treat mobile and residential phone lines. Nevertheless, this Court is bound by the law that it finds, not the law that it seeks. Both parties' Motions for Summary Judgment are denied in all respects.  (*Id.*) (allowing the plaintiff's TCPA claim under 47 U.S.C. 227(c) to proceed.).

*See, Smith v. Markone Fin., LLC*, 3:13-CV-933-J-32MCR, 2015 WL 419005, at *4 (M.D. Fla. 2015) ("where a creditor calls the wrong number and alleges that the call recipient owes a debt, the recipient is a debtor under the FCCPA.") (citing to *Fini* and *Desmond*). In *Smith*, however, solely because the caller had never told her that she owed the debt, the court dismissed her FCCPA claim under Fla. Stat. 559.72(9), but discussed how in "mistaken identity cases" where a caller either insisted that the called party was lying or left messages stating that they were calling about the called party's account balance, such a claim should proceed under this section. *Id*. (citing to *Halsten v. Target Nat'l. Bank*, 2013 WL 3804844 (M.D. Fla., July 19, 2013); *Fini*, *supra*).

The court in *Halsten v. Target Nat'l. Bank*, 2013 WL 3804844 similarly found that the party in that case, also a victim of "mistaken identity" debt-collection calls to the plaintiff's cellular telephone, sufficiently stated a claim under the FCCPA. In making this finding the court discussed:

> Defendants also argue that Plaintiff does not have standing to pursue a cause of action under Fla. Stat. § 559.72(9) because Plaintiff does not owe Defendant any debt. Plaintiff asserts that the language of § 559.72(9) foresees that an individual that does not owe money may state a claim under that section, and therefore, even if Plaintiff is not an alleged debtor with respect to § 559.72(7), Plaintiff has standing to bring his claims under § 559.72(9) against both Defendants. The Court agrees. The starting point in statutory interpretation is the language of the statute itself. *Warshauer v. Solis,* 577 F.3d 1330, 1335 (11th Cir.2009). If the language at issue is plain, then the Court must enforce it as written, giving due regard to all its words and parts. *Id.* The Court is not free to ignore words or impart on the statute a meaning not there appearing. *See Albritton v. Cagle's, Inc.,* 508 F.3d 1012, 1017 (11th Cir.2007) ("We are not empowered to rewrite statutes.").
>
> The language of § 559.72(9) states that a debt collector shall not "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). The language of the statute foresees that the person against whom a debt is claimed is not the actual debtor. Thus, a person who is not the actual debtor has standing to pursue a claim under this section, provided that he or she has alleged that the debt collector had actual knowledge that the debt is not legitimate.
> In the instant case, Plaintiff alleges that Defendants continued to call him multiple times in connection with the collection of an outstanding balance

on a Target REDcard, despite Plaintiff repeatedly informing Defendants that he was not the party that Defendants were attempting to contact. Thus, Plaintiff alleges that Defendants had actual knowledge that the debt was not legitimate, but continued to call him anyway. As such, Plaintiff alleges sufficient facts to state a claim under Fla. Stat. § 559.72(9). Accordingly, Defendants' Motion to Dismiss with respect to claims brought under § 559.72(9) is denied.

*Halsten v. Target Nat. Bank*, 2:13-CV-287-FTM-38, 2013 WL 3804844, at *4-5 (M.D. Fla. 2013) (internal citations omitted).

Lastly, this Court in *Mierzwicki v. CAB Asset Mng't.,* Case No. 14- 61998, found that Plaintiff's claim under the FCCPA in a similar case of mistaken identity was valid, and entered judgment in favor of the Plaintiff on that claim. If for some reason, the Court is not persuaded that the Plaintiff has alleged sufficient facts to allege that he is a debtor under the FCCPA, the Plaintiff respectfully requests that it deny CITI's motion for sanctions as to this claim, as Plaintiff had a reasonable basis in both law and fact to bring such claim.

For all of the above reasons, the Plaintiff prays that this Court will deny Defendant's Motion to Dismiss and permit the Plaintiff's claims to proceed on his Second Amended Complaint.

Dated this 2nd day of October, 2015.

> WEISS, HANDLER & CORNWELL, P.A.
> One Boca Place – Suite 218-A
> 2255 Glades Road
> Boca Raton, Florida  33431
> Phone: 561-997-9995
> Fax: 561-997-5280
>
> By: _/s_____
>     SYLVIA L. WENGER, ESQ.
>     Florida Bar No.: 125148
>     slw@weissandhandlerpa.com
>     ma@weissandhandlerpa.com
>     filings@weissandhandlerpa.com

**CERTIFICATE OF SERVICE**

      WE HEREBY CERTIFY that a copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF on October 2, 2015.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

      **Weiss, Handler & Cornwell, P.A.**
      Attorney for Plaintiff
      2255 Glades Road, Suite 218-A
      Boca Raton, FL  33431
      Telephone: 561-997-9995
      Facsimile: 561-997-8052
      E-Mail: slw@weissandhandlerpa.com


      BY:   */s/ Sylvia L. Wenger, Esq.*
           Sylvia L. Wenger, Esquire
           Florida Bar No.: 125148