UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 14-61753-BLOOM/VALLE

KRISTIAN MIERZWICKI,

    Plaintiff,

vs.

CITIGROUP, INC.,

    Defendant.
_____/

PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR SANCTIONS

    COMES NOW Plaintiff, by and through the undersigned attorney and hereby files this Motion for Reconsideration of this Court's Order denying Plaintiff's Motion for a continuance entered on September 28, 2015, and states:

Factual Allegations:

    Pursuant to the Court's December 3, 2014 Scheduling Order, the Plaintiff had up till and including February 2, 2015 to amend his Complaint or add additional parties, and through June 23, 2015 to conclude discovery.

- The Plaintiff filed an Amended Complaint on January 29, 2015.

- On January 16, 2015, the Plaintiff propounded his first set of discovery requests to Defendant.

- With mediation pending for March, and settlement negotiations ongoing, the Parties agreed to an extension for the Defendant's to provide written responses to Plaintiff's discovery requests.

- Defendant's agreed to furnish Plaintiff with written discovery requests at or about the same time that Plaintiff's former attorney, Mr. Adam Baron, withdrew from representation, on April 24, 2015.

- Defendant filed its Motion to Dismiss on April 3, 2015.

- The Plaintiff ultimately filed a response to the Motion to Dismiss, and requested that the Court permit another amendment as he had discovered that many calls, not initially attributable to the Defendant in this action, were in all likelihood, related to the calls

1

- involved in the instant suit, and fearing that such calls would later be barred under *res judicata* principles as a basis for another claim against Defendant, Plaintiff, under the mistaken belief that such amendment had been authorized, filed an amended complaint on July 17, 2015.

- Upon appearing in this case, the undersigned observed that the discovery deadline had passed, however, noted that discovery requests had been propounded, inquired of Plaintiff where the responses to the discovery were.

- Plaintiff was under the belief, mistakenly so, that all discovery had been stayed during settlement negotiations and pending the Court's ruling on the outstanding Motion to Dismiss. Plaintiff had no legal counsel and is not an attorney.

- Undersigned was informed by opposing counsel that all discovery had been concluded.

- Undersigned contacted Plaintiff's prior attorney to request copies of all discovery and was informed that no discovery responses had been received, but that when the previously reached settlement agreement fell through, that opposing counsel had agreed to furnish written responses to the outstanding discovery requests.

- Over nine months later, and only upon being confronted for informing undersigned that all discovery had been produced, opposing counsel served the outstanding written responses to Plaintiff's outstanding discovery requests which contained broad assertions of privilege, objections as to overbreadth, general denials, and absolutely no documents responsive to Plaintiff's request for production.

- The undersigned inadvertently omitted the Rule 7.1 Certification required in the Plaintiff's previous filing, but hereby certifies that the Plaintiff spoke with opposing counsel, who informed the undersigned that he objected to the requested relief.

- Plaintiff was without counsel for almost three months, and operating under a mistaken belief that discovery had been stayed.

- Since the appearance of the undersigned, she has been diligently attempting to comply with all of the Court's orders.

- Undersigned was travelling when the Court entered its September 18, 2015 Order requiring the Joint Pretrial Stipluation to be filed by September 25, 2015.

- By that time, undersigned had learned of the missing discovery, and was drafting the motion for continuance, which this Court denied.

- The Jewish holiday of Yom Kippur was September 23, and undersigned is observant, and so was not working on that date.

- On September 25, 2015, while travelling, the undersigned attempted to send an email to opposing counsel with her proposed pretrial stipulation and jury instructions.

- Having not heard back from opposing counsel by late afternoon, undersigned contacted opposing counsel at 3:25 p.m., only to learn that for some inexplicable reason, her email had not gone through.

- Undersigned explained that she had sent the email at 8:36 a.m., was not with a computer, but would immediately resend the proposed pretrial statement and jury instructions.

- Undersigned immediately resent the pretrial stipulation at 3:46 p.m. on Friday, September 25, and was informed by opposing counsel at 5:17 p.m. that because it had not received "anything from [undersigned] until now," Defendant had unilaterally filed its pretrial stipulation.

- Undersigned is of the belief that the Hotel's internet service cut out, and that the email had not gone through, and that undersigned had not realized that until 3:25 p.m.

- Upon looking into the matter, the email was in the undersigned's "outbox."

The undersigned is fully cognizant of the Court's discretion to grant or deny a continuance, and is also acutely aware that it perceives the actions of the Plaintiff to have lacked diligence. Undersigned respectfully requests that the Court reconsider its position on this issue, and excuse the Plaintiff's action under excusable neglect. The Plaintiff is not an attorney. He had the right to rely on his previous legal counsel. He diligently attempted to get an attorney to prosecute this action, as he did not understand the requirements of the Court. He did not receive an order of instructions to *pro se* litigants until June 29, 2015, after discovery had already closed.

Legal Argument and Memorandum:

"A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed.R.Civ.P. 16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir.2009). The Plaintiff suggests to the Court that the above established good cause in his previous motion for a continuance, but at the very least established excusable neglect.

It is undisputed that the Court "is vested with broad discretion to preserve the integrity and purpose of [its] pretrial order . . . [, however,] in the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight. *United States v. Varner*, 13 F.3d 1503, 1507-08 (11th Cir. 1994) (citing to *Sherman v. United States,* 462 F.2d 577, 579 (5th Cir.1972);[1] *Atlas Truck Leasing, Inc. v. First NH Banks, Inc.*, 808 F.2d 902, 903 (1st Cir.1987)).

Further, "[t]here is a presumption that a pretrial order will be amended in the interest of justice and sound judicial administration provided there is no substantial injury or prejudice to the opposing party or inconvenience to the court. Upon a finding that an amendment to the pretrial order would result in either substantial injury to the opposing party or inconvenience to the court, the pretrial order should only be

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent those cases decided in the Fifth Circuit prior to October 1, 1981.

amended to avoid manifest injustice. Failure to amend a pretrial order to avoid manifest injustice, or where an amendment would be manifestly unjust, may constitute an abuse of discretion."

The Plaintiff respectfully asserts that a denial of this Motion for Reconsideration will effect a manifest injustice upon Plaintiff. Plaintiff, if the Court's Order is left to stand, will be foreclosed from fully putting forth his case, a case in which Defendant has admitted to directly making some calls, but which is also a case where undersigned is of the belief that discovery will reveal that the Defendant is responsible for many additional calls, the information which fully lies in its possession.

"[J]ustice cannot be "administered arbitrarily with a stopwatch." *Julia v. Julia*, 146 So. 3d 516, 520 (Fla. 4th DCA 2014). Additionally, many courts have held that "facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (citing to *See Mitchell v. Duval County Sch. Bd.*, 107 F.3d 837, 838 n. 1 (11th Cir.1997) (per curiam)). Although there is no set rule that discovery should be stayed pending a motion to dismiss, this case presents exactly the case where at least additional time should be provided.

A brief extension of time within which to conduct expedited discovery will not prejudice the Defendant, and while it will inconvenience the Court, the undersigned prays for the Court's lenience. Undersigned additionally hopes that the Court will recognize the purpose behind the TCPA and FCCPA is to prevent bullying on the part of debt collectors, and to hold corporations liable for their oppressive and harassing calling procedures, even in cases of "mistaken identity.

Alternatively, the Plaintiff requests that the Court strike the Defendant's untimely discovery responses, and deem all requests for admissions admitted.

> Federal Rule of Civil Procedure 36 specifically provides that:
> requests for admissions are automatically deemed admitted if not answered within 30 days, and that the matters therein are 'conclusively established' unless the court on motion permits withdrawal or amendment of the admissions. The rule is designed to expedite litigation, and it permits the party securing admissions to rely on their binding effect.

Fed. R. Civ. P. 36; *United States v. Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992). While the Plaintiff concedes that the 30 day rule was waived initially, as of April 24, 2015, at the latest, however, the Defendant was required to serve Plaintiff with responses. There is absolutely nothing that Plaintiff can do about the Defendant's lack of production if the current scheduling order remains in place.

Wherefore, the Plaintiff respectfully requests that the Court grant this motion for reconsideration, and enter a new pretrial scheduling order to permit for a brief period of expedited discovery, and a brief continuance of the trial of this matter.

Respectfully submitted this 2nd day of October, 2015.

WEISS, HANDLER & CORNWELL, P.A.
*Attorneys for Prime Plus Acquisition Corp. and John E. Dell*
One Boca Place – Suite 218-A
2255 Glades Road
Boca Raton, Florida  33431
Phone: 561-997-9995
Fax: 561-997-5280

By: _/s_____
    SYLVIA L. WENGER, ESQ.
    Florida Bar No.: 125148
    slw@weissandhandlerpa.com
    ma@weissandhandlerpa.com
    filings@weissandhandlerpa.com

<u>RULE 7.1 CERTIFICATION</u>

The undersigned hereby certifies that she has contacted opposing counsel to attempt to obtain agreement on the matters set forth herein, and that opposing counsel states that Defendant's object to the relief requested.

<u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF on September 9, 2015.  I also certify that the foregoing document is being served this day on all counsel of records identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

**Weiss, Handler & Cornwell, P.A.**
Attorney for Plaintiff
2255 Glades Road, Suite 218-A
Boca Raton, FL  33431
Telephone: 561-997-9995
Facsimile: 561-997-8052
E-Mail: slw@weissandhandlerpa.com


BY:   */s/ Sylvia L. Wenger, Esq.*
         Sylvia L. Wenger, Esquire
         Florida Bar No.: 125148

6