UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-61753-CIV-BLOOM/Valle

KRISTIAN E. MIERZWICKI,

    Plaintiff,

v.

CITIGROUP INC.,

    Defendant.
_____/

**DEFENDANT, CITIBANK, N.A.'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR SANCTIONS**

COMES NOW, Defendant, CITIBANK, N.A. ("Citibank") by and through the undersigned counsel files its Response to Plaintiff, KRISTIAN E. MIERZWICKI's Motion for Reconsideration and for Sanctions ("Motion "), and states as follows:

## I. INTRODUCTION

On October 2, 2015, Plaintiff filed the Motion [ECF No. 92] requesting that this Court reconsider its Order denying Plaintiff's Motion for Continuance ("Order") [ECF No. 90], enter a new pretrial scheduling order to permit extended discovery, and to provide a continuance of the trial scheduled on this Court's two-week trial docket commencing on October 19, 2015, a mere two weeks away. The Court should deny this Motion in its entirety.

There is no procedural rule that provides for the filing of motion for reconsideration on the grounds presented by Plaintiff, and legal authority provides very narrow circumstances not present here where such a motion can even be considered. By filing this case and submitting to the Court's jurisdiction, Plaintiff obligated himself to comply with the Federal Rules of Civil Procedure, Southern District Local Rules and the Orders and procedures of this Court. He has

ignored those obligations.  Having been in possession of the relevant documents evidencing Citibank's calls to Plaintiff's cell phone for five (5) months, Plaintiff saw fit to undertake no additional discovery, including requesting written discovery responses from Citibank after Plaintiff reneged on a settlement agreement.  Plaintiff wants to blame these failures on Citibank in hopes that the Court will wind back the clock nearly a year so Plaintiff can get a "do over."  The prejudice to Citibank of having to incur additional time and expense defending this case as a result of Plaintiff's errors warrants the Motion be denied in its entirety.

Nor should the Court entertain Plaintiff's request to award Plaintiff sanctions in the form of  technical admissions that would be contrary to the anticipated evidence at trial.  Simply put, Plaintiff's former counsel granted an indefinite extension of time to respond to the discovery, and Plaintiff's attempt to now secure technical admissions is pure gamesmanship.  The Responses were served two (2) days after Plaintiff's counsel requested them, *for the first time*, on September 28th.  There can be no technical admission as a sanction because the alleged failure to respond to the discovery was a direct result of Plaintiff's acts and/or omissions.

## II.  BACKGROUND FACTS

Plaintiff has had five attorneys represent him since this case was initiated.  Current counsel for Plaintiff was retained on July 15, 2015 [ECF No. 84 at 1].  Plaintiff notes in the Motion that, upon appearing in the case, counsel observed that the discovery deadline had passed and that discovery requests had been propounded.  Motion at 2.  At that time, however, counsel for Plaintiff did not seek to extend the discovery deadlines that had already expired before counsel's appearance or even request from Citibank written responses to the discovery she knew had been propounded.  In fact, counsel for Plaintiff did not address the issue of discovery with

Citibank's counsel **at any time** until the day Plaintiff filed the Motion for Continuance **more than two (2) months later**, on September 24, 2015.

On September 28th, the day after the Court issued the Order, Plaintiff's counsel requested Citibank's written responses to Plaintiff's discovery requests for the first time. Citibank served its written responses to Plaintiff's discovery requests two (2) days later on October 1st.

### III.   MEMORANDUM OF LAW

#### A.   Response to Motion for Reconsideration

As an initial matter, there is no procedural basis – indeed, Plaintiff cites none in support of the Motion – in the Federal Rules of Civil Procedure for the filing of a motion for reconsideration as presented by Plaintiff. To the extent the Motion is deemed to be brought under Rule 59, such motions are only granted in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence, none of which are present here. See Altadis USA, Inc. v. NPR, Inc., 344 F. Supp. 2d 1349, 1358 (M.D. Fla. 2004).

Plaintiff fails to present a strong reason why the Court should reconsider its prior decision. A motion for reconsideration cannot rely on legal authority available at the time of the underlying Motion for Continuance or simply reiterate arguments previously made. Id. Here, Plaintiff simply rehashes the same arguments set forth in the Motion for Continuance and presents no newly-available legal authority. Plaintiff is simply attempting to obtain another bite at the proverbial apple, warranting denial of the Motion.[1]

---

[1] See also In re Mathis, 312 B.R. 912, 913 (Bankr. S.D.Fla. 2004) (stating that "the Federal Rules of Civil Procedure do not specifically refer to motions for reconsideration in haec verba," so "a motion so denominated, ***provided that it challenges a prior judgment*** on its merits, will be treated either as a motion "to alter or amend" under Rule 59(e) or as a motion for "relief from judgment" under Rule 60(b); which rule applies depends on the timing of the service of the motion") (emphasis added). Here, Plaintiff's Motion challenges only this Court's ruling on Plaintiff's Motion for Continuance, not a prior judgment on the merits. Plaintiff's present Motion likely has no grounds based on the Federal Rules of Civil Procedure.

Even if Plaintiff could provide a valid reason for the Court to reconsider the Order, "a Court will not alter a prior decision absent a showing of clear and obvious error where the interest of justice demand correction." Jones v. Crosby, 2007 WL 2781059, at *1 (M.D. Fla. Sept. 21, 2007). The circumstances Plaintiff finds himself in are self-inflicted. Having initiated litigation, he was obligated to comply with the directives of this Court. Failure to do so does not give rise to prejudice warranting a continuance, as this Court has already ruled. No new grounds have been presented in the Motion that should disturb that ruling.

The true party at risk of being prejudiced with respect to Plaintiff's Motion is Citibank. Citibank has had to expend significant time and expense in defending this case for more than a year. If the Motion for Reconsideration is granted and the case continued, discovery re-opened and the trial is reset, then the time, expense and prejudice to Citibank will increase exponentially.

Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 684-685 (M.D. Fla. 1996). Plaintiff has alleged nothing to warrant such relief. The Motion for Reconsideration must be denied.

### B. Response to Motion for Sanctions Relative to Requests for Admission

Plaintiff's Motion for Reconsideration also requests sanctions against Citibank for its alleged failure to timely respond to Plaintiff's Requests for Admission, which were propounded in February 2015. Plaintiff seeks to have all of Plaintiff's Requests for Admissions "deemed admitted" pursuant to Rule 36. Plaintiff is attempting to utilize his counsel's failures in

---

Further, whether asserted under either Rule 59 or 60, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Ludwig v. Liberty Mut. Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *11 (M.D. Fla. Mar. 30, 2005) (internal citation omitted). As explained in Gonzalez v. Secretary for the Department of Corrections, 366 F.3d 1253, 1292 (11th Cir. 2004), motions for reconsideration are not "intended to permit parties to relitigate the merits of claims or defenses, or to raise new claims or defenses that could have been asserted during the litigation of the case. Rather, the aim of [a motion for reconsideration is] to allow a district court to grant relief when its judgment rests upon a defective foundation."

requesting written discovery responses, including the request for admissions, to gain an unfair advantage in hopes of securing admissions to facts for which Plaintiff has absolutely no evidence to present at trial.  This portion of Plaintiff's Motion fails for several reasons.

      **1.**      **Plaintiff *agreed* to extend the time to respond to discovery *indefinitely*.**

First, Plaintiff alleges that because Citibank did not respond to Plaintiff's Request for Admission within 30 days, the matter is deemed admitted.  Plaintiff's attempt to use Rule 36 to his advantage is pure gamesmanship, namely, because Plaintiff completely ignores the second part to Rule 36(a)(3), which states that "a shorter or longer time for responding may be stipulated to [by the parties] under Rule 29."  Rule 29 expressly permits the parties to agree to extend the time to answer discovery.

Plaintiff ignores the fact that prior counsel for Plaintiff *agreed* that no responses to the requests for admissions were required as the Parties were engaged in settlement discussions.  In fact, when the parties reached a tentative settlement, counsel for Citibank confirmed that no written responses would be served.  Plaintiff reneged on settlement, and his lawyer withdrew without requesting the written responses be served. [ECF No. 45].  New counsel appeared for approximately seven (7) days before withdrawing also, but without requesting the written responses.  [ECF No. 49].  Plaintiff then declared that he intended to proceed *pro se* [ECF No. 55], but never requested written responses to outstanding discovery.

Current Plaintiff's counsel appeared in this case July 15, 2015.  Plaintiff notes in the Motion that upon appearing in the case, she observed that the discovery deadline had passed and that discovery requests had been propounded.  Motion at 2.  Counsel for Plaintiff did not, however, seek to extend the discovery deadlines that had already expired before counsel's appear or even request written responses to the discovery she knew had been propounded.  In fact,

counsel for Plaintiff did not address the issue of discovery with Citibank's counsel at any time until the day Plaintiff filed the Motion for Continuance **more than two (2) months later** on September 24th.

On September 28th, the day after the Court issued the Order, Plaintiff's counsel requested Citibank's written responses to Plaintiff's discovery requests for the first time. Citibank served its written responses to Plaintiff's discovery requests two (2) days later on October 1st. Plaintiff's failure to pursue discovery and to flaunt this Court's deadlines is a waiver of its right to seek the relief requested in this portion of Plaintiff's Motion. This is especially true in light of the fact that the written responses were produced two (2) days after Plaintiff requested them for the first time.

In light of the foregoing, Plaintiff is estopped from arguing that Citibank's alleged failure to serve responses to the Request for Admissions within 30 days now constitutes a "technical" or "deemed admission" under Rule 36. Indeed, that is why Plaintiff seeks to obtain these "technical admissions" as a sanction, not using the normal procedural mechanism for obtaining said admissions under Rule 36.

> **2. Citibank is not required to move to "withdraw" or "amend" its alleged "admissions" because no admissions have been made as a result of the extension granted by Plaintiff.**

Rule 36(a)(3) states that a matter is "admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection…" Rule 36(b) states, in pertinent part, that:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice

the requesting party in maintaining or defending the action on the merits…

However, this is not a situation where Citibank must move to withdraw or amend under the Rule because, as discussed above, Plaintiff agreed to postpone discovery indefinitely. Because Plaintiff agreed to that extension, no admissions were ever made by Citibank under Rule 36(a)(3). Indeed, Citibank posits that its Responses to the Request for Admissions (and to all discovery propounded by Plaintiff) were timely served based on the indefinite extension granted by Plaintiff's former counsel. Thus, Citibank has nothing to "withdraw or amend," as would be required by the Rule if admissions were made.

> **3. Even if the Court finds that a Rule 36(b) motion to withdraw or amend is required, Citibank meets the requirements for permitting withdrawal or amendment.**

As set forth above, Citibank maintains that is had made no admissions. However, if the Court finds that admissions *have* been made (which Citibank expressly denies), Citibank meets the requirements for permitting withdrawal or amendment under Rule 36(b), should a motion be required. Consistent with Rule 36(b), the Eleventh Circuit has set forth a two-prong test governing the determination of whether a party should be permitted to withdraw or amend admissions. "First, the court should consider whether the withdrawal will subserve the presentations of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." Perez v. Miami-Dade Cnty., 297 F.3d 1255, 1264 (11th Cir. 2002) (internal citations omitted). "Rule 36(b)'s two-part test is much more than merely hortatory; it emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Id. at 1265 (internal citations and quotations omitted).

Here, Citibank meets the first prong because the "admissions" are contrary to Citibank's defenses in this case. The admissions sought by Plaintiff would prevent Citibank from pursuing those defenses at trial, which would "subserve Citibank's presentations on the merits." "Rule 36 is a time-saver, designed to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." Id. at 1268 (citations omitted). When a party propounds a request for admissions "with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources." Id. at 1268. That is exactly what Plaintiff has done here.

Citibank meets the second prong of the Perez test because Plaintiff has not relied on any of the admissions in preparing his case, thus, he will not be prejudiced if Citibank is given the chance to withdraw its alleged technical admissions and have its timely filed responses appear of record. Furthermore, Plaintiff has not sought discovery of any of the matters claimed in the Requests (besides for the Requests themselves). As set forth in FDIC v. B&A Title Servs. Corp., 2013 WL 5814506, at *4 (S.D. Fla. Oct. 29, 2013), "a party's decision to not take discovery based on admitted requests does not constitute the prejudice contemplated by Perez." The B&A Court found that there was no prejudice to the plaintiff under those circumstances, satisfying prong two, and held that defendant's admissions must be withdrawn.

Citibank admits to manually initiating "wrong number" calls to Plaintiff. Citibank will present evidence in support of the fact that the calls were manually initiated, requiring and utilizing human intervention, thereby establishing for a fact that the calls were not made using an automatic telephone dialing system ("ATDS"), an essential element to the alleged TCPA violation. Moreover, the parties agree that Plaintiff was never a Citibank customer, and that

Citibank was never his creditor – making it impossible for Plaintiff to be obligated or allegedly obligated to pay a debt to Citibank, defeating Plaintiff's FCCPA claim (Citibank's motion to dismiss or strike these claims remain pending).  Granting Plaintiff the relief sought and entering technical admissions that may be contrary to the aforementioned evidence that will be presented at trial is improper, manifestly unfair and contrary to the above-referenced legal authority.

## IV.  CONCLUSION

Plaintiff's Motion is legally and procedurally improper in all respects.  This Court should not revisit its prior Order denying Plaintiff's Motion for Continuance.  Relative to the purported sanction against Citibank, it is apparent that Plaintiff is attempting to benefit from his and his counsel's own failures to prejudice Citibank and obtain admissions contrary to the anticipated evidence.  Plaintiff's Motion must be denied in its entirety.

**WHEREFORE**, Defendant, Citibank prays that this Honorable Court enter an Order denying Plaintiff's Motion for Reconsideration and for Sanctions in its entirety.

Respectfully submitted,

*/s/ Jeffrey B. Pertnoy*
Kent B. Frazer, Esq. (FBN 685682)
Jeffrey B. Pertnoy, Esq. (FBN 91939)
**AKERMAN LLP**
777 South Flagler Drive, Suite 1100
West Palm Beach, FL  33401
Telephone:  (561)  653-5000
Facsimile:   (561) 659-6313
kent.frazer@akerman.com
jeffrey.pertnoy@akerman.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 8, 2015, I filed the foregoing document with the Clerk of the Court.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

*/s/ Jeffrey B. Pertnoy*
Jeffrey B. Pertnoy, Esq. (FBN 91939)

## SERVICE LIST

Sylvia L. Wenger, Esq. (FBN 125148)
**WEISS, HANDLER &
  CORNWELL, P.A.**
2255 Glades Road
Suite 218-A
Boca Raton, FL 33431
Telephone:  (561) 997-9995
Facsimile:  (561) 997-5280
slw@weissandhandlerpa.com
filings@weissandhandlerpa.com
tc@weissandhandlerpa.com
*Counsel for Plaintiff*
**Via Notice of Electronic Filing from CM/ECF**

Kent B. Frazer, Esq. (FBN 685682)
Jeffrey B. Pertnoy, Esq. (FBN 91939)
**AKERMAN LLP**
777 South Flagler Drive, Suite 1100
West Palm Beach, FL  33401
Telephone:  (561)  653-5000
Facsimile:   (561) 659-6313
kent.frazer@akerman.com
jeffrey.pertnoy@akerman.com
*Counsel for Defendant*
**Via Notice of Electronic Filing from CM/ECF**