UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-61753-BLOOM/Valle

KRISTIAN E. MIERZWICKI,

    Plaintiff,

v.

CITIGROUP, INC.,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant Citibank, N.A.'s Motion to Dismiss or, in the Alternative, Motion to Strike, Plaintiff's Second Amended Complaint with Prejudice and for Sanctions, ECF No. [83] ("Motion"). The Court has reviewed the Motion, all supporting and opposing filings, the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND AND FACTS

This Court has previously highlighted the incredibly slow pace of this litigation. *See* Order, ECF No. [76] at 9. In the hopes that Plaintiff Kristian A. Mierzwicki ("Plaintiff") would amend without issue and opposition from Defendant Citigroup, Inc. ("Citi"), the Court, in its generosity, granted him "one final opportunity" to amend. *See id.* Unfortunately, the Court is once again presented with a motion seeking dismissal, ten days before the trial period. Citi contends that Plaintiff's most recent amendment, the Second Amended Complaint, ECF No. [77], flouts not only this Court's Order dismissing Plaintiff's First Amended Complaint, ECF No. [76], but also the Court's Scheduling Order, ECF No. [21], entered on December 3, 2014, which imposed an amendment deadline of February 2, 2015. For the most part, the Court agrees.

1

On July 31, 2014, Plaintiff commenced this action, initially alleging one count for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) ("TCPA"). *See generally* Complaint, ECF No. [1]. On January 29, 2015, with the consent of Citi, Plaintiff filed an Amended Complaint, ECF No. [30] ("Amended Complaint"), which included three additional claims: (1) a secondary violation of the TCPA under 47 U.S.C. § 227(c)(5)(A) (Count II); (2) a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (Count III); and (3) a violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") (Count IV). Citi challenged the merits of these additional counts, filing its first Motion to Dismiss, ECF No. [39] ("Original Motion"). On August 31, 2015,[1] the Court granted the Original Motion, dismissing Counts II, III, and IV of the Amended Complaint, but permitting Plaintiff a final opportunity to amend his FDCPA and FCCPA claims in order to plead facts which would permit a finding that Citi was a "debt collector" under the FDCPA and facts to clarify that Plaintiff could be deemed a "debtor" under the FCCPA. *See* Order, ECF No. [76] at 5-8. Plaintiff's Second Amended Complaint, ECF No. [77], filed on September 9, 2015, was timely.

Like the Amended Complaint, the Second Amended Complaint (hereinafter, "SAC"), contains four counts: a violation of the TCPA 47 U.S.C. § 227(b)(1)(A)(iii) (Count I); a violation of TCPA Regulations, 47 C.F.R. § 64.1200(b)(2) (Count II); vicarious liability (Count III); and a violation of the FCCPA, Fla. Stat. § 559.55 *et seq.* (Count IV). *See* SAC at ¶¶ 123-152. The underlying facts remain substantially similar to prior pleadings. Namely, Plaintiff alleges that Citi either directly, or indirectly through third-party debt collection servicers, phoned Plaintiff

---

[1] The tremendous delay in the Court's resolution of the Motion to Dismiss, ECF No. [39], resulted not from the Court but from Plaintiff's inability to retain counsel and associated delays in briefing. *See, e.g.,* ECF Nos. [40], [49], [53], and [55].

using an automatic telephone dialing system in order to collect a purported debt. *See id.* at ¶¶ 15-16, 18-26, 59-65, 70-81. Upon answering each call, Plaintiff "was greeted by either (a) an automated machine-operated voice that immediately began reading a script before automatically disconnecting; (b) an automated, machine-operated voice; or (c) a period of 'dead air,' hold music, or an automated, machine-operated voice that asked him to 'please hold for the next available operator' before a live agent came on the line." *Id.* at ¶¶ 60, 70-81. According to the SAC, Plaintiff was never Citi's customer and, therefore, did not owe Citi a debt. *See id.* at ¶¶ 66, 78. Nevertheless, on at least one of the calls, the caller identified that it was an "attempt to collect a debt" on behalf of Citi. *Id.* at ¶ 72. At no point had Plaintiff consented to receiving calls from Citi. *Id.* at ¶ 78.

The SAC is, however, considerably more specific as to allegations regarding Citi's purported "agents." Whereas the Amended Complaint merely insinuated that certain calls were made by Citi's "agent," see Amend. Compl. at ¶¶ 27-54, the SAC sets forth, at a minimum, three distinct entities which are allegedly responsible for initiating calls on Citi's behalf (the "Third Party Calls"). *See* SAC at ¶¶ 30-54, 82-111. Specifically, the SAC alleges that three companies, United Collections Bureau, Inc. ("UCB"), United Recovery Systems, LP ("URS"), and Midland Recovery Management, Inc. ("Midland"), as well as other John Doe entities ("Doe Callers") (collectively, "Third Party Callers"), acted as Citi's agent by commencing calls to collect an alleged consumer debt from Plaintiff, notwithstanding the fact that Plaintiff was neither a customer of Citi nor owner of the debt attempting to be collected.[2] *See id.* at ¶¶ 66, 82-111, 120.

---

[2] To the extent Plaintiff notes specific calls, the inclusion of the Third Party Calls increases the amount of calls received by Plaintiff substantially. The Amended Complaint lists twenty-eight calls purportedly made by Citi and/or its agents. *See* Amend. Compl. at ¶¶ 2754. The SAC, on the other hand, identifies forty-eight (48) specific calls. *See* SAC at ¶¶ 78, 90, 99, 109.

3

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). When reviewing such a motion, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true.").

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III. DISCUSSION

Citi seeks dismissal of all Counts asserting that they run afoul of the Court's prior Order, ECF No. [76] (defined below), and Scheduling Order, ECF No. [21]. *See* Mot. at 7. Citi also contends that, notwithstanding Plaintiff's amendment, Counts II through IV fail as a matter of law and merit dismissal under Fed. R. Civ. P. 12(b)(6). *Id.* at 7-12.

#### A.     The Propriety of Plaintiff's Amendment

The Court's Order, ECF No. [76] (hereinafter, "Order Granting Dismissal"), was explicit, allowing amendment as to Plaintiff's FDCPA and FCCPA claims (Counts III and IV of the Amended Complaint), but nothing else. Indeed, Plaintiff appears to recognize this. *See* Response, ECF No. [91] at 1 (acknowledging that "[t]he Order additionally permitted the Plaintiff to amend Plaintiff's FCCPA and [FDCPA] claims" and further noting that Count II, Plaintiff's claim under 47 U.S.C. § 227(c)(5)(A), was "dismissed with prejudice"). Unfettered amendment was clearly not permitted under the Order. Accordingly, the Court agrees with Citi that certain amendments were improper given both this Court's Scheduling Order and Order Granting Dismissal. The Court addresses the appropriateness of Plaintiff's amendment as to each Count in turn, beginning, logically, with Count I.

For all intents and purposes, Plaintiff has amended Count I. Although the allegations remain nearly identical to those present in the Amended Complaint, the inclusion of the additional twenty (20) calls constitute new allegations, especially in light of the fact that the calls were not made by Citi but, rather, other parties which Plaintiff has only just named.[3] Plaintiff identifies the telephone number from which the calls were placed and specifically notes that, at some point, each Third Party Caller "identified that the caller was [the Third Party Caller] calling

---

[3] Plaintiff's amendment in this respect was evidently made with the hope that the Court would extend discovery and continue the trial. Such request has been denied.

5

on behalf of Citi in an 'attempt to collect a debt' owed to Citi." *See* SAC at ¶¶ 84, 93, 102. These facts should have been known to the Plaintiff at the initiation of this action and were not revealed throughout the course of what little discovery has occurred.[4] Accordingly, because the Federal Rules do not permit Plaintiff to amend as a matter of course at this juncture and because this amendment comes after the amendment deadline in the Court's Scheduling Order, it is subject to Rule 16(b).

A pretrial scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). The "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, "[a] plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R .Civ. P. 16(b)." S. *Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (per curiam); *see also Remington v. Newbridge Sec. Corp.*, 2014 WL 505153, at *12 (S.D. Fla. Feb. 7, 2014) ("Plaintiffs must establish good cause for their delay in seeking to amend the pleadings after the Court's deadline for amendment before the Court may consider whether to grant leave to amend under Rule 15.") (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam) ("[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."). "The good cause standard required to modify a scheduling order precludes modification unless the schedule 'cannot be met despite the diligence of the party seeking the extension.'" *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672 (S.D. Fla. 2012) (quoting

---

[4] The SAC indicates that Plaintiff has requested phone records for his cellular account to identify the calls received and that the facts contained in the SAC is merely a "sampling." *See* SAC at ¶¶ 78 n.3, 86 n.4, 91 n.7, 99 n.9, 100 n.10. These statements further indicate that Plaintiff has been anything but diligent in this action. This is not outstanding discovery but, rather, information available to Plaintiff prior to commencing this litigation.

*Sosa*, 133 F.3d at 1418). As indicated above, Plaintiff's lack of diligence as to the additional calls, knowledge which he presumably possessed prior to filing his original Complaint, hardly excuses the delay. As such, amendment as to Count I at this terribly late stage, after discovery has closed and days before the case is scheduled for trial, is undoubtedly improper. The new allegations contained in Count I must be stricken.

Counts II and III of the SAC are entirely new claims and, therefore, similarly subject to Rule 16 and dismissal for want of "good cause." Count II is brought under 47 C.F.R. § 64.1200(b)(1), which requires "[a]ll artificial or prerecorded voice telephone messages" to "[a]t the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call." Section 64.1200 belongs to Subpart L of the Code's Miscellaneous Rules Relating to Common Carrier's, which is entitled "Restrictions on Telemarketing, Telephone Solicitation, and Facsimile Advertising." *See* 47 C.F.R. Ch. I, Subch. B, Pt. 64, Subpt. L. Indeed, the cited regulation defines the term "telephone solicitation." 47 C.F.R. § 54.1200(f)(12). Nevertheless, it is uncertain whether these regulations apply exclusively to telephone solicitations or whether they are equally applicable to auto-dialed calls in general. *See generally* 47 U.S.C. § 227(b)(2) (allowing the Commission to prescribe regulations to implement the requirements on the TCPA's proscription against the use of automated telephone equipment). To the extent § 64.1200 is applicable to telephone solicitations alone, the Court has previously noted that debt collection calls, such as the calls at issue here, are not telephone solicitations. *See* Order Granting Dismissal at 3-5 (citing *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 235 (11th Cir. 2011)). To the extent § 64.1200 applies to automated dialing systems in general, this is not a new cause of action. Rather, it supports Count I, which alleges a violation of the 47 U.S.C. § 227(b)(1)(A)(iii), for the use of an

7

automatic telephone dialing system. In either scenario, Count II must be dismissed. As previously noted, Plaintiff was permitted to amend Counts III and IV of the Amended Complaint only; any additional amendments not related to those claims is improper.

Under Count III, Plaintiff seeks to impose liability on Citi vicariously through the Third Party Callers. As noted, these allegations are entirely novel to this action and, consequently, Count III is an entirely new claim subject to Rule 16. Again, no good cause has been demonstrated and dismissal is warranted.

### B. Plaintiff's FCCPA Claim

The Court's dismissal of Plaintiff's FCCPA (hereinafter, the "Act") claim was predicated upon whether Plaintiff was a "debtor" as that term is defined by the Act. *See* Order Granting Dismissal at 7-9. The Act provides a right of action only to "debtors." *See* Fla. Stat. § 559.77(1) ("A debtor may bring a civil action against a person violating the [FCCPA] . . . ."). A "debtor" is defined under the FCCPA as "any natural person obligated *or allegedly obligated to pay any debt*." Fla. Stat. § 559.55(8) (emphasis added). The Court, concerned about the lack of specificity as to the content of the calls, dismissed this claim as it remained unclear whether Plaintiff was told that he was obligated to pay the debt. *See* Order Granting Dismissal at 8. Where a plaintiff is not obligated to pay the debt at issue or, more critically, told that there is no obligation, a plaintiff will lack standing to bring an FCCPA claim. *See Smith v. Markone Fin., LLC*, No. 3:13-CV-933-J-32MCR, 2015 WL 419005, at *4-5 (M.D. Fla. Feb. 2, 2015) (determining that plaintiff lacked standing to bring FCCPA claim where the parties agreed that plaintiff was not obligated to pay the debt). Because Plaintiff admits that he was not a customer of Citi and that the alleged debt did not belong to Plaintiff, Citi contends that Plaintiff cannot meet the above definition. *See* Mot. at 10-11.

In resolving the issue as to whether a plaintiff "was allegedly obligated to pay a debt, the operative question is whether the defendant communicated to the plaintiff that she was obligated." *Smith*, 2015 WL 419005 at *4 (citing *Fini v. Dish Network L.L.C.*, 955 F. Supp. 2d 1288, 1298 (M.D. Fla. 2013)). "[W]here a creditor calls the wrong number and alleges that the call recipient owes a debt, the recipient is a debtor under the FCCPA." *Id.* (citing *Halsten v. Target Nat. Bank*, No. 2:13–CV–287–FTM–38, 2013 WL 3804844, at *4 (M.D. Fla. July 19, 2013); *Desmond v. Accounts Receivable Mgmt., Inc.*, 72 So. 3d 179, 181 (Fla. 2d DCA 2011)) (further citations omitted). Plaintiff properly alleges that, notwithstanding the fact that Plaintiff owed no debt, Citi "relayed the message that Plaintiff was obligated to pay the debt Citi was trying to collect." *See* SAC at ¶ 143. Contrary to Citi's contention, this allegation does not conflict with Plaintiff's other assertion that he was not obligated to pay the debt; the two are not mutually exclusive. *See Ashley v. Gen. Elec. Capital Corp.*, No. 2:13-CV-353-FTM-29, 2013 WL 6133562, at *3 (M.D. Fla. Nov. 21, 2013) (finding that plaintiff had standing to bring FCCPA notwithstanding the fact that she informed defendant that she did not owe any money). It is ultimately irrelevant that Plaintiff was not the proper debtor. All that the FCCPA requires is that a plaintiff be a party who is "*allegedly* obligated to pay any debt." *See* Fla. Stat. § 559.55(8) (emphasis added); *Fini*, 955 F. Supp. 2d at 1298 ("[T]he question is not whether Defendant thought [that Plaintiff], the individual, was obligated to pay the debt; rather, it is whether Defendant communicated to the called party that she was obligated."). Taking the aforementioned allegation as true, Plaintiff has satisfied the requirement that he is a "debtor" as the term is used in the FCCPA. *Cf. Smith*, at *4-5 (granting summary judgment where plaintiff admitted that defendant "never told her that she owed or was obligated to pay any money").

9

### C. Motion for Sanctions, Attorney's Fees

Defendant seeks prevailing party's fees and costs under Plaintiff's FCCPA claim. *See* Fla. Stat. § 559.77(2) (permitting court costs and reasonable attorney's fees incurred by the plaintiff). As the Court has declined to dismiss Plaintiff's FCCPA claim, sanctions of this sort are premature. Accordingly, the Motion is denied in this respect.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Defendant Citibank, N.A.'s Motion to Dismiss or, in the Alternative, Motion to Strike, Plaintiff's Second Amended Complaint with Prejudice and for Sanctions, **ECF No. [83]**, is **GRANTED IN PART** and **DENIED IN PART**. The Motion is granted as to Counts I, II, and III. Counts II and III are dismissed in their entirety, whereas Count I is dismissed as to the new allegations identified herein. The Motion is denied as to Count IV, brought under the FCCPA, as well as Defendant's request for attorney's fees and costs. Trial will proceed as to Counts I and IV of Plaintiff's Second Amended Complaint.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of October, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies of:
Counsel of Record